E-FILED
Monday, 10 August, 2026 03:34:24 PM
Clerk, U.S. District Court, ILCD

In the United States District Court for

The Central District of IL

Alfonzo Hill

V **Original Complaint** Case No. 4:26-cv-04184

NaphCare Inc

Naphcare Inc, Naphcare Inc Chairman of the Board Jim McLane, Naphcare Inc CEO Bradford T McLane, Amtrak, Sean Patrick Duffy U.S. Transportation Secretary, International Management Company LLC, City of Peoria, Peoria County, City of Jacksonville FL, Duval County FL, City of Tampa Bay FL, Jane Doe Naphcare Inc LPN, Jane Doe Naphcare Inc LPN, Jennifer Owens Naphcare Inc Health Service Compliance Manager, Adeline Taylor Naphcare Health Service Administrator, John Doe Amtrak Worker, Dewayne Ricketts Amtrak Worker, Brian Prangley International Management Company LLC, John Doe International Management Company LLC, Eric P. Echevarria City of Peoria Chief of Police Superintendent, City of Peoria Officer Megan Houghton # PP181, City of Peoria Officer Christina Chavez, City of Peoria Officer Ray Matthew #PP95, City of Peoria Officer Jacob Bradford #PP1052, City of Peoria Officer Evidence Technician John Peterson, City of Peoria Officer Sgt (Auto Division) Brett Lawrence, City of Peoria Officer (Auto Division) Brian Terry, City of Peoria Officer Robert McMillen, City Of Peoria Officer Michael Johnston, City of Peoria Officer Matthew Mocilan, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, City Peoria Assistant Attorney Chrissie Kapustka, City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, Peoria County State Attorney Jodi Hoos, Peoria Assistant State Attorney Terry Muench, Peoria Assistant State Attorney Kristin Alferink, Peoria County Adult Probation Officer Supervisor Doug Hayes, Peoria County Adult Probation Officer Adriana Prokesh, Peoria County Court Security Cristian Munoz, Peoria Court Security DHS HRDLICKA, Greg Riley, Grey Riley Owner of Economy Auto Body Inc, City of Jacksonville Fl/Duval County FL Sherriff T.K Waters, City of Jacksonville FL/Duval County FL Sherriff L.M Moses (#81185), City of Jacksonville

FL/Duval County Sherriff N.L Shobe (#73724), Sheriffs Z.T FL/Duval County Sherriff N.L Shobe (#73724), Sheriffs Z.T Nortum (#88997), City of Jacksonville L /Duval County Sherriff J.R Saldana (#84981), City of Jacksonville FL /Duval County Sherriff C.J. Dyal (#7783), City of Jacksonville FL/Duval County Sherriff D.D Boston (#65272), City of Jacksonville FL/Duval County Sherriff D. Torres (#84997), City of Jacksonville FL/Duval County Sherriff G. Ladd (#84693), Duval County Correctional Officer Sgt John Doe, Duval County Correctional Officer John Doe, City of Tampa Officer A. Valentine# 927, City of Jacksonville FL Mayor Donna Deegan, All are being Sued Individually In their Individual Capacity within the Scope of their Employment and under Color of Law at all times relevant to this Complaint.

**Defendants Parties**

**Jurisdiction and Venue Introduction**

**1.** This is a Civil Right Lawsuit Mr. Hill, Charges a Conspiracy to Violate, and the Violation of his Rights under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, this Action is Brought Pursuant to 42 U.S.C 1983, 42 U.S.C 1985, 42 U.S.C 1986 49 U.S.C 28103 49 U.S.C 24301 Redress the Deprivation under Color of Law, Plaintiff Seeks Monetary Damages, Universal Injunction Temporary, Permeant Relief, Declaratory Judgement.

**2.** This Court has Jurisdiction Pursuant to 28 U.S.C 2201, 28 U.S.C 2284, 28 U.S.C 1331, 28 U.S.C 1367, 28 U.S.C 1343, 28 U.S.C 1391 (b) the Parties reside in this Judicial District and the events given rise to the Claims Asserted herein Occurred here as well.

**Parties**

**3.** Alfonzo Hill Pro se, resided in Peoria IL, Canton IL, Chicago IL, Jacksonville FL, Tampa Bay FL.

**4.** At all times relevant hereto Naphcare Inc, Naphcare Inc Chairman of the Board Jim McLane, Naphcare Inc CEO Bradford T McLane, Jane Doe Naphcare Inc LPN, Jane Doe Naphcare Inc, Jennifer Owens Naphcare Inc Health Service Compliance Manager, Adeline Taylor Naphcare Health Service Administrator, all are Individually being sued in their Individual Capacity, and under Color of Law during the Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Due Process Violation, Contract, Equal protection Violation, Policy, Medical Malpractice, Torture/Pain and Suffering Custom

**5.** At all times relevant hereto Amtrak, John Doe Amtrak Worker, Sean Patrick Duffy U.S. Transportation Secretary, Dewayne Ricketts Amtrak Worker, all are Individually being sued in their Individual Capacity, and under Color of Law during the Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Due Process Violation, Equal protection Violation, Policy, Custom, Practice, Medical Malpractice, Torture/Pain and Suffering, Customs.

**6.** At all times relevant hereto International Management Company LLC, Brian Prangley International Management Company LLC, John Doe International Management Company LLC all are Individually being sued in their Individual Capacity, and under Color of Law during the Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Customs, Due Process Violation, Equal protection Violation, Policy, Medical Malpractice, Torture/Pain and Suffering Customs.

<u>**7.**</u> At all times relevant hereto City of Peoria, Eric P. Echevarria City of Peoria Chief of Police, City of Peoria Officer Megan Houghton # PP181, City of Peoria Officer Christina Chavez, City of Peoria Officer Ray Matthew #PP95, City of Peoria Officer Jacob Bradford #PP1052, City of Peoria Officer John Peterson, City of Peoria Officer Brett Lawrence, City of Peoria Officer Brian Terry, City of Peoria Officer Robert McMillen, City Of Peoria Officer Michael Johnston, City of Peoria Officer Matthew Mocilan, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Michael Toren, City of Peoria Attorney Patrick Hayes, City Peoria Attorney Chrissie Kapustka, City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, all are Individually being sued in their Individual Capacity, and under Color of Law during the Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Due Process Violation, Contract, Equal protection Violation, Policy, Medical Malpractice, Torture/Pain and Suffering, Customs.

<u>**8**</u>. At all times relevant hereto Peoria County, Peoria County State Attorney Jodi Hoos, Peoria Assistant State Attorney Terry Muench, Peoria Assistant State Attorney Kristin Alferink, Peoria County Adult Probation Officer Supervisor Doug Hayes, Peoria County Adult Probation Officer Adriana Prokesh Peoria County

<u>**9.**</u> Court Security Cristian Munoz, Peoria Court Security DHS HRDLICKA, all are individually being sued in their Individual Capacity, and under Color of Law during Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Due Process Violation, Equal protection Violation, Practice, Policy, Medical Malpractice, Torture/Pain and Suffering, Customs.

**10.**At all times relevant hereto International City of Jacksonville FL, Duval County FL, Sherriff T.K Waters, City of Jacksonville FL Mayor Donna Deegan , City of Jacksonville FL/Duval County FL Sherriff L.M Moses (#81185), City of Jacksonville FL/Duval County Sherriff N.L Shobe (#73724), Sheriffs Z.T Nortum (#88997), City of Jacksonville FL/Duval County Sherriff J.R Saldana (#84981), City of Jacksonville FL/Duval County Sherriff C.J. Dyal (#7783), City of Jacksonville FL/Duval County Sherriff D.D Boston (#65272), City of Jacksonville FL/Duval County Sherriff D. Torres (#84997), City of Jacksonville FL/Duval County Sherriff G. Ladd (#84693) Duval County Correctional Officer Sgt John Doe, Duval County Correctional Officer John Doe, Duval County, all are Individually being sued in their Individual Capacity, and under Color of Law during the Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Breach of Contract, Contract, Practice,Due Process Violation, Equal protection Violation, Policy, Medical Malpractice, Torture/Pain and Suffering, Customs.

**11** At all times relevant hereto Greg Riley, Grey Riley Owner of Economy Auto Body Inc, all are Individually being sued in their Individual Capacity, and under Color of Law during the Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Due Process Violation, Contract, Equal protection Violation, Policy, Medical Malpractice, Torture/Pain and Suffering Customs.

**12** At all times relevant hereto City of Tampa Bay FL, City of Tampa Bay FL Officer A. Valentine# 927, City of Tampa Officer John Doe, all are Individually being sued in their Individual Capacity, and under Color of Law during the Performance of their Illegal Arrest, Detention, Seizure, Conspiracy, Failure to Intervene, Due Process Violation, Equal protection Violation, Policy, Medical Malpractice, Torture/Pain and Suffering, Customs.

**13**. At all times relevant hereto Defendant Naphcare Inc, is a private, for-profit healthcare company. They partner with government agencies nationwide to provide medical, dental, and mental health services to correctional facilities, Naphcare Inc Employ, and otherwise Controls the Personnel

**14** Doctors, LPN, RPN,CEO, Chairman, Dentist, Health Service Compliance Manager, Health Service Administrator Policy makers, and is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendant Naphcare Inc has established Polices, and Procedures for its Policy Makers, and other relevant provisions, the Acts and or Omission's alleged in this Complaint were under Color of Authority, Color of Law, as well as under Color of Statues, Ordinances, Regulations, Polices, Practices, Customs, Contracts, and Usages of Naphcare Inc, Naphcare Inc is the Employer of each Defendants, and is Liable for the action of its Employees.

**15** At all times relevant hereto Defendant Amtrak, National Railroad Passenger Corporation, is a federally chartered, quasi-public corporation. It is managed as a for-profit company with the U.S. federal government, Sean Patrick Duffy U.S. Transportation Secretary, Amtrak Employ, and otherwise Controls the Personnel Conductor, Assistant Conductors, Policy Makers, and is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendant Amtrak has established Polices, and Procedures for its Policy Makers, and other relevant provisions, the Acts and or Omission's alleged in this Complaint were under Color of Authority, Color of Law, as well as under Color of Statues, Ordinances, Regulations, Polices, Practices, Customs, and Usages of Amtrak, is the Employer of Each Defendants, and is Liable for the action of its Employee.

**16** At all times relevant hereto Defendant International Management Company LLC, is a limited liability company organized and existing under the laws of the State of FL, its principal place of business is in Jacksonville FL, International Management Company LLC Employs, and otherwise Controls the Personnel Security Guards, Policy Makers, and is Responsible for its Lawful Operations, Administration, Maintenance, Training,

**17** Supervising Personnel Employed, Defendant International Management Company LLC, has established Polices, and Procedures for its Policy

**18** Makers, and other relevant provisions, the Acts and or Omission's alleged in this Complaint were under Color of Authority, Color of Law, as well as under Color of Statues, Ordinances, Regulations, Polices, Practices, Customs, and Usages of Defendant International Management Company LLC, is the Employer of Each Defendants, and is Liable for the action of its Employee.
At all times relevant hereto Defendant, City of Peoria, is a Local Government in IL created and existing by virtue of the Laws in IL, The City of Peoria Police Department, City of Peoria Attorneys, City of Peoria Staffer Legal Administrative Specialist, City of Peoria City Council is a Department of City of Peoria. Defendant City of Peoria Employs, and otherwise Controls the Personnel of its Police Officers, City of Peoria Chief of Police, City of Peoria Policy makers, City of Peoria Staffer Legal Administrative Specialist, and is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendant City of Peoria is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendant City of Peoria has established Polices, and Procedures for its Policy Makers, and other relevant provisions, the Acts and or Omission's alleged in this Complaint were under Color of Authority, Color of Law, as well as under Color of Statues, Ordinances, Contracts, Regulations, Polices, Practices, Customs, and Usages of City of Peoria, the City of Peoria is the Employer of each City Defendants, and is Liable for the action of its Employees

**19**. https://public.powerdms.com/PEORIAIL/tree/documents/953229
https://library.municode.com/il/peoria/codes/code_of_ordinances?node
.Id=CO_CH24PO
https://public.powerdms.com/PEORIAIL/tree/documents/953268
.https://public.powerdms.com/PEORIAIL/tree/documents/953289
https://library.municode.com/il/peoria/codes/code_of_ordinances?nodeId=
CO_CH15HESA_ARTIVNU
https://public.powerdms.com/PEORIAIL/tree/documents/954076

**20.** At all times relevant hereto Defendant Peoria County is a Local Government in IL created and existing by virtue of the Laws in IL, The State Attorney Office, Court Security Officers, Adult Probation Officers,

**21.** Policy Makers, is a Department of Peoria County. Defendant Peoria County Employs, and otherwise Controls the Personnel of its State Attorney Office, Adult Probation Officers, Policy makers, Court Security Officers, and is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendant Peoria County is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendant Peoria County has established Polices, and Procedures for its Policy Makers, and other relevant provisions, the Acts and or Omission's alleged in this Complaint were under Color of Authority, Color of Law, as well as under Color of Statues, Ordinances, Regulations, Polices, Practices, Customs, and Usages of Peoria County, Peoria County is the Employer of each County Defendants, and is Liable for the action of its Employees.

**22** At all times relevant hereto Defendant City of Jacksonville FL /Duval County FL, is a Local Government in FL, created and existing by virtue of the Laws in FL the Sherriff's Department, Duval County Correctional Department. Defendants City of Jacksonville FL / Duval County FL Employs, and otherwise Controls the Personnel of its Sherriff's Department, Duval County Correctional Department, Mayor Office, Policy Makers and is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendants City of Jacksonville FL, /Duval County FL has established Polices, and Procedures for its Policy Makers, and other relevant provisions, the Acts and or Omission's alleged in this Complaint were under Color of Authority, Color of Law, as well as under Color of Statues See PART A - CHARTER LAWS CHARTER OF THE CITY OF JACKSONVILLE, FLORIDA Chapter 92-341.

**23**. Polices, Practices, Customs, and Usages of City of Jacksonville FL, Duval County FL, the City of Jacksonville FL Duval County FL is the Employer of each Defendants, and is Liable for its Employee(Laws of Fla., Ch. 85-435, § 1; Laws of Fla., Ch. 92-341, § 1; Ord. 2014-723-E, § 1) (Laws of Fla., Ch. 85-435, § 1; Laws of Fla., Ch. 86-400, § 1; Laws of Fla., Ch. 92-341, § 1; Ord. 2014-723-E, § 1) Sec. 7.03. - Selection and term of general counsel Laws of Fla., Ch. 80-512, § 1; Laws of Fla., Ch. 92-341, § 1) Ord. 68-31-20, § 2; Ord. 70-650-526; Ord. 71-397-181; Ord. 83-591-400, § 1; Ord. 91-1093-582, § 1; Ord. 95-618-397, § 8; Ord. 2003-590-E, § 1; Ord. 2010-146-E, § 2; Ord. 2021-715-E, § 1; Ord. 2024-634-E, § 2) Laws of Fla., Ch. 80-512, § 1; Laws of Fla., Ch. 92-341, § 1) Ord. 68-31-20, § 2; Ord. 70-650-526; Ord. 71-397-181; Ord. 83-591-400, § 1; Ord. 91-1093-582, § 1; Ord. 95-618-397, § 8; Ord. 2003-590-E, § 1; Ord. 2010-146-E, § 2; Ord. 2021-715-E, § 1; Ord. 2024-634-E, § 2) 768.28 Waiver of sovereign immunity in tort actions; recovery limits; civil liability for damages caused during a riot; limitation on attorney fees; statute of limitations; exclusions; indemnification; risk management programs.

**24.** At all times relevant hereto, Defendant Greg Riley, and Defendant Economy Auto Body, Inc. operated as a locally owned, full-service towing company and auto body repair shop. Defendant Economy Auto Body, Inc. maintained written contracts with Defendant City of Peoria pursuant to Peoria City Code, https://library.municode.com/il/peoria/codes/code_of_ordinances?nodeId=CO_CH30VEHI_ARTVTOPRVE_DIV2ROTOLI CODE - CH 30 ART V - TOWING OF PRIVATE VEHICLES. Under these regulations, Economy Auto Body, Inc. was placed on the "rotation tow list," which is a list maintained by the police department containing the names of tow operators approved by the Superintendent of Police to respond to towing requests generated by the City of Peoria Police Department  Defendant Greg Riley is the owner of Economy Auto Body, Inc., exercises control over its tow trucks and garage, and is responsible for its lawful operations, administration, maintenance, and the training and supervision of employed personnel. Defendants Greg Riley and Economy Auto Body, Inc. established the policies and procedures governing its policymakers. The acts and/or omissions alleged in this Complaint were committed under color of authority and color of law, as well as under the color of statutes, ordinances, regulations, policies, practices, customs, and usages of Defendants Greg Riley and Economy Auto Body, Inc. Furthermore, Greg Riley, as the employer and owner of Economy Auto Body, Inc., is liable for the actions of his employees, the operation of the tow trucks, and the management of the Economy Auto Body, Inc. garage.

**25.** At all times relevant hereto Defendant City of Tampa Bay FL is a Local Government in FL, created and existing by virtue of the Laws in FL, The City of Tampa Bay FL Employs, and otherwise Controls the Personnel of its Police Department, Policy Makers, and is Responsible for its Lawful Operations, Administration, Maintenance, Training, Supervising Personnel Employed, Defendants City of Tampa Bay FL has established Polices, and Procedures for its Policy Makers, and other relevant provisions, the Acts and or Omission's alleged in this Complaint were under Color of Authority, Color of Law, as well as under Color of Statues, Ordinances, Regulations, Polices, Practices, Customs, and Usages of City of Tampa Bay FL, is the Employer of each Defendants, and is Liable for its Employee.

## Facts

**26.** At all times Relevant to this Complaint, the County Defendants (State Attorney Hoos, Peoria County) have an Illegal Organization that Operate outside the Judicial Form, and Judicial Process, this Illegal Organization has infiltrated every aspect of my everyday Life, as well as the everyday lives of citizens. For over 15 years, this organization's harassing, oppressive, and injurious conduct toward citizens has been left completely unchecked.

**27.** This Illegal Organization and its Illegal Conduct has Operated with Unlawful Authority outside the Geographic, and Legal Boundaries, of the Courts and Laws that issued it, the Citizens who are Forced to Join an Comply with this Illegal Organization Consist of Poor Minority Citizens, Police Officers, Doctors, Nurses, Postal Workers, Amtrak Workers, Lawyers, Security Guards, Pro se Litigants, Firefighters, Clerks of the Courts, Paramedics.

**28**. 11/20/23 Mckenna Hoyle, My Children Mother Applied for an Ex Parte Emergency Order Protection in Fulton County IL, I was not in Court when this Ex Parte Order was Granted, See Mckenna Hoyle Petitioner v Alfonzo Hill Respondent See Case No.23-OP-307, See 750 ILCS 60/217 (a-5),

**29.** On our Daughter Birthday 11/21/23, the Mother of my Children came to Peoria to intentionally get me in Trouble. because of a prior Dispute that I had with her Boyfriend who pulled a gun out and Pointed it in my Face in Canton IL on 11/9/23,

**30** after I Reported this incident to the Canton Police Department, the Canton Police Department failed to Investigate this Report Properly, the Reason for this Failure was Because the Canton Police Department, Conspired with the Peoria County Defendants, Mckenna Hoyle, City of Peoria Defendants, to Violate my 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution their actions Conduct has Caused me harm based of my Race, and social Status to which I belong to, the Plaintiff is Poor, a Black American and a Member of a Protected Class.

**31.** The Mother of my Children Also had a Grudge Because the State Attorney for Fulton County IL refused to press Criminal Charges against me for some False Allegation that Occurred on 11/9/23 in Fulton County IL, the State Attorney refused to press Criminal Charges Against me due to the Lack of Credible Evidence, no Reliable Unbiased Witness.

**32.** 11/21/23 Approximately at 1:30 PM the Mother of Children Called the Peoria Police Department, who Dispatched Officer Matthew Rogers, the Mother of my Children then made a Police Report Against me, in this Police Report the Mother of Children told lies to this Officer,

**33** Specifically she Lied and told this Officer that I was Officially Served with this Ex Parte Emergency Order Protection for Case No. 23-OP-307 on 11/20/23, which was False the Plaintiff was Served with this Ex Parte Emergency Order Protection on 11/30/23 Approximately at 12:06 PM in the Peoria County Jail, the Correctional Officer that Served me with the Emergency Order Protection and Summons was Sgt K.Nelson See Exhibit 2.

**34.** While Officer Rogers was still on call, he ran my Name through the LEADS database, and could not Locate me, or the Ex Parte Emergency Order Protection or the Date of Service See Officer Rogers Body Camera 11/21/23 Axon Body 3 X60A97215 at 13:37:06. Officer Rogers did not file Charges on this Matter he only Made a Report which Included me Being Officially served with this Ex Parte Emergency Order Protection on 11/21/23, which was False, See Exhibit 2 Officer Rogers Written Report 23-22489, at the end of this encounter and on Body

**35** Camera, the Mother of my Children gave Notice to Officer Roger that the Plaintiff had a Lawsuit against the City Defendants, and that the Plaintiff was Suing the City of Peoria for 3 Million Dollars, to which she Responded that the Lawsuit was Bs, she then asked Officer Rogers (is that the Violation of the Ex Parte Emergency Order Protection, to which he responded on Body Camera No,

**36** he then advised her to show up to the Court date and bring all her Evidence that she had to present her Claims at the Court Date that was Scheduled on 12/11/23 for case No. 23-OP-307 in Fulton County IL See Exhibit 2, See Officer Rogers Body Camera 11/21/23 Axon Body 3 X60A97215 at 13:49:31,13:49:39).

**37.** After this encounter with Officer Matthew Rogers, on 11/21/23 the Mother of my Children Watched a Live Video of me on my Social Media Account, she then went to the Main St. area in Peoria IL, where she last seen me at from my Social Media Account, she did this Intentionally to get me in Trouble because of the Prior Dispute and Grudge that she had with me,

**38.** she then Called the Peoria Police Department who Dispatched Defendants Houghton, Bradford, on 11/21/23 Approximately at 3:20 PM, the Mother of My Children made a False Report with Defendants City of Peoria, Houghton, Bradford,

**39** in this False Report the Mother of my Children falsely Alleged that the Plaintiff Violated this Ex Parte Emergency Order Protection 23-OP-307 by Intentionally coming within 300ft from her which was False, she then Told Defendants Houghton, Bradford, City of Peoria, that the Plaintiff had Guns, Drugs on his Person, which Nothing Illegal was found on my Person or in my Car at the time of this Encounter See Exhibit 3 Defendants Houghton, Bradford Official Written Reports 23-22497.

**40.** 11/21/23 Approximately at 3:40 PM Defendants City of Peoria, Bradford, Houghton, Illegally Pulled me over based off the False Report that the Mother of my Children made, which Violated my 4th 5th 8th 13th 14th Amendment to the U.S Constitution, Defendants Bradford, Houghton, then Approached my Car with their Weapons Drawn and Forcefully Ordered me out of My Vehicle which the Plaintiff Complied with these Illegal Orders See Exhibit 3 Defendants Bradford Body Camera 11/21/23 Axon Body 3 X60A98255, 15:40 :14 the Plaintiff was then Forced in Handcuffs against his will by Defendants City of Peoria, Bradford,

**41** Houghton, which Violated Plaintiff 4th 5th 8th 13th 14th Amendment to the U.S Constitution See Exhibit 3 Defendant Bradford Body Camera 11/21/23 Axon Body 3 X60A98255 15:40:45, Defendant Houghton Body Camera 11/21/23 Axon Body 3 X60A99236 at 15:40:34.

**42** Plaintiff then ask the Defendants for permission to call a Friend, or Family Members or if the Defendants could Move the Plaintiff Car a few ft up to a Legal Parking Spot so that the Plaintiff Car would not Towed the Defendants Refused this Request which Violated the Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**43** See Defendant Bradford Body Camera 11/21/23 Axon Body 3 X60A98255 15:40:45, Nothing the Defendants Could have Seen, or the Information that they had on 11/21/23 indicated the Plaintiff had Committed, or was about to Commit a Crime the Only Information the City of Peoria Defendants had on 11/21/23 was Unreasonable and Unreliable that came from the Mother of my Children, who had a Grudge against me from prior disputes that the she had with me.

**44** The City of Peoria Defendants did not have any other Independent Trustworthy Information that came from a Reliable Source. the City of Peoria Defendants, City of Peoria, Houghton, Bradford, then agreed and Illegally Ordered me to the Back of Defendant Houghton Squad Car against my will in handcuff which Violated my 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution,

**45** Specifically there was no Probable Cause to Arrest, No Exigent Circumstances, No Arrest Warrant was Issued their Conduct was in Bad Faith, intentional, Willful Wanton, and Malicious, there was 6 to 8 other Officers on scene I told all the City of Peoria Defendants and other Co-Conspirators that their Arrest was Illegal and that the Mother of my Children had a Grudge Against me, and that she was trying to get me in trouble because of Prior Disputes that she had with me in Canton IL.

**46.** After the City of Peoria Defendants Illegally put me in Defendant Houghton Squad Car, Defendant Bradford and the Other Co-Conspirators agreed to Illegally Search my Car, Defendant Bradford then Illegally Seized my two Cell Phones from car and Illegally gave it to Defendant Houghton, the Defendants did not Have a Search Warrant, Probable Cause to Search, Nor was their exigent circumstances this Search and Seizure was in Bad Faith, Willful Wanton, Malicious, intentional, and is Per Se Unreasonable and in Violation of my 1st 4th 5th 6th 8th 13th 14th Amendment to the U.S Constitution see Arizona v. Gant, 556 U.S. 332 (2009) See Exhibit 3 Defendant Bradford Body Camera 11/21/23 Axon,

**47** Body 3 X60A98255 at 15:41:35, 15:41:39, 15:41:50, 15:42:44, 15:42:48, 15:43:09, 15:43:32,15:45:05, Defendant Houghton Body Camera 11/21/23 Axon Body 3 X60A99236 at 15:45:09, 15:45:20, 15:45:29, See Co-Conspirator Unidentified Officer Body Camera 11/21/23 Axon Body 3 X60A97865, see 11/21/23 Axon Fleet Camera 3 X695 M226H, See Co-conspirator 11/21/23 Axon Body 3 X60A97865, See 11/21//23 Axon Fleet Camera 3 I X695M226H.

**48.** While in the back of Defendant Houghton Squad car, Defendant Houghton told me I was being Arrested for violating 23-OP-307 by intentionally coming within 300ft from the Mother of my Children.

**49** she Stated to me that the Probable Cause for my Arrest was Because Defendant Bradford seen me within 300ft from the Mother of my Children which was False, see 720 ILCS 5/12-3.4 (a) (1) (i) (2) (d), see 750 ILCS 60/217 (a-5) the Penalty for this Offense was a Class A Misdemeanor, this Section is not a Strict Lability Offense See 720 ILCS 5/4-3, 720 ILCS 5/4.4, Later on during this Interview Defendant Bradford stated that he did not see the Plaintiff Within 300ft from the Mother of my Children. See Exhibit 3 Defendant Houghton Body Camera 11/21/23 Axon Body 3 X60A99236 at 15:45:09, 15:45:29.

**50.** During this Interview Defendant Houghton made a False Report that Stated she ran my Name through the LEADS database, an that it came back that I was Officially served with this Ex Parte Emergency Order Protection on 11/20/23 which was False. See 750 ILCS 60/217

**51** (a-5) which reads When a petition for an emergency order of protection is granted, the order and file shall not be public and shall only be accessible to the court, the (petitioner, law enforcement, a domestic violence advocate or counselor, the counsel of record for either party, and the State's Attorney for the county until the order is served on the respondent). Accessibility to the order and file under this subsection prior to the order being served on the respondent shall be in accordance Section 5 of (705 ILCS 86/) Court Record and Document

**52** Accessibility Act, see Defendants Bradford, Houghton, written report 23-22497), also during this Interview and on Body Camera both Defendants Bradford, Houghton brought up the Service Date for Ex Parte Emergency Order Protection 23-OP-307, the Report that was made a few hours earlier by Officer Rogers, and the Mother of my Children, which Defendant Bradford stated (he cannot violate an Ex Parte Emergency Order Protection without him

**53** being served). he then asked City of Peoria Defendant Houghton when was I served she then responded earlier that day on 11/21/23, City of Peoria Defendant Bradford then responded if Officer Rogers served me earlier that day when he spoke to my Children Mother to which Defendant Houghton responded that she don't think so. See Defendant Houghton Body Camera 11/21/23 Axon Body 3 X60A99236 at 16:00:40.

**54.** Defendants City of Peoria, Houghton, Bradford, agreed then called for an Illegal Tow of my Car without Notice and Opportunity to be Heard which Violated my 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution, Specifically the Plaintiff was Not given any Parking Tickets, Traffic Tickets, or any Notice of a Hearing regarding the tow, Fee, impound, of my Car.

**55** Plaintiff then asked Defendants City of Peoria, Houghton, Bradford, to move my car a few up, so that it would be Legally Parked, or to let me make a phone call so that I could call a family member with valid License to Park My car in a Legal Parking Space, the City Defendants Denied this Request which was Unreasonable, in Bad Faith, Intentional, Malicious, Willful Wanton.

**56** see the City of Peoria Defendants Ordnances, Policy, Directive General Order General Orders/ 400 series Operation 400.60 Towing https://public.powerdms.com/PEORIAIL/tree/documents/954119 E 1, 2, F, H, I. which reads ( A Peoria Police Officer is Authorize to Drive and Park a Vehicle in a Legal Parking Space, with the Owner Permission to Avoid a Towing Bill, if the Owner will not Give Permission the Vehicle Shall be Towed unless the Owner will Permit a License Third Person to Properly Park the Vehicle 400.60 (E- 2).

**57.** Defendants Greg Riley, Economy Auto Body Inc, agreed and pulled up to the Scene and Illegally Towed my Car to his Garage without Probable Cause, Without Exigent Circumstances, without Notice and a Hearing, which Violated my 1st 4th, 5th, 6th 7th, 8th 13th 14th Amendment to the U.S Constitution, their Conduct was Unreasonable, in Bad Faith, Intentionally, Maliciously, willfully Wanton, the City Peoria Defendants, County of Peoria Defendants, Greg Riley Defendants Subjected Plaintiff to this Conduct because of my race, an social status to which I Belong to an Because of the

**58**. Conspiracy Between Mckenna Hoyle, Peoria Defendants, Peoria County Defendants, See Defendant Houghton Body Camera 11/21/23 Axon Body 3 X60A99236 at 15:58:58, the City of Peoria, County of Peoria Defendants Created a Joint Commission on Racial Justice and Equity Acknowledging their Racial Disparity in their System see

https://media.socastsrm.com/wordpress/wp-content/blogs.dir/2326/files/2023/03/joint-commission-on-racial-justice-and-equity-2022-annual-report.pdf https://www.pjstar.com/story/news/courts/2016/08/27/data-peoria-area-minorities-far/21833957007/.

**59.** Evaluating the Reports, the Reports reveals significant racial disparities in both traffic stops and arrests that impact Black Citizens and Drivers at a Disproportionate Rate. The City of Peoria, Illinois, has a population of approximately 116,000K citizens The Peoria Police Department has 220 Sworn Personnel. The demographic breakdown of the population is 53% White, 27% Black, 7% Latino, and 6% Asian. From 2019 through 2024, the Peoria Police Department conducted 53,046 total arrests.

**60.** Out of these arrests, 35,030 were Black citizens, 16,802 were White citizens, 435 were Latino citizens, and 66 were Asian citizens, According to the Illinois Department of Transportation, traffic stops conducted by the Peoria Police Department disproportionately affect Black citizens. Black drivers account for (61%) of all stops, whereas white drivers make up (33%) despite Peoria's Black population being roughly (27%) of the city's total.

https://www.aclu-il.org/press-releases/aclu-of-illinois-calls-for-action-as-traffic-stop-data-in-illinois-shows-consistent-and-unexplained-disparities-by-race/ https://www.wcbu.org/local-news/2023-07-14/black-drivers-are-6-times-more-likely-than-whites-to-be-pulled-over-by-police-in-peoria-its-part-of-a-larger-statewide-trend https://www.pjstar.com/story/news/crime/2018/02/22/peoria-police-officer-fired-for/14147488007/?gnt-cfr=1&gca-cat=p&gca-uir=true&gca-epti=z115020a115020c115020e008100v004848d--53--b--53--&gca-ft=170&gca-ds=sophi

**61.** Plaintiff was then taken to the Peoria County Jail against his will in Violation of my 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution see Neita v. City of Chicago, No. 15-1404 (7th Cir. 2016), Specifically Nothing Defendants City of Peoria, Houghton, Bradford, could have seen or the Information that they had on 11/21/23, indicated that the Plaintiff committed, or was about to commit a Crime. The only information that the City of Peoria Defendants had on 11/21/23 was Unreasonable, Unreliable, that came from the Mother of my Children, who had a Grudge Because of prior disputes that

**62.** the she had with me see Lewis v. Chicago, No. 17-1510 (7th Cir. 2019). City of Peoria Police Officer Defendant Ray Matthew Approved an Condone this Illegal Arrest, Seizure, Tow, Harm, Constitutional Violation by approving Defendants City of Peoria, Houghton, Bradford, written Police Report (23-22497).

**63.** 11/22/23 Defendants Peoria County State Attorney Jodi Hoos, Peoria County, conceded that they Lacked Probable Cause for the Charges of Violating Ex Parte Emergency Order Protection 23-OP-307 by coming within 300ft from my Children Mother. when they Dismissed that Specific Charge from the Information and Change the Charge to 1 count of Aggravated Stalking. see Exhibit 4 Certified Copies of the 1 Count Information for case No. 23-CF-939, Peoria County Defendants Peoria County State Attorney Hoos, Terry Muench, Peoria County,

**64.** on the Orders of Peoria County Defendant State Attorney Hoos, Peoria County, was told to call Defendants City of Peoria Officer Chavez, City of Peoria, an Advised These City Defendants about case No. 23-CF-939.

**65.**The Peoria County Defendants also Advised Defendants City of Peoria Officer Chavez, City of Peoria, to Apply for a Search Warrant that Lacked Probable Cause Which Defendants City of Peoria Officer Chavez, City of Peoria, Agreed an Intentionally included Knowingly False Statement in an Affidavit for Search Warrant, that where with Reckless Disregard of the Truth which Violated Plaintiff 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution see Burns. v. Reed, No., 500 U.S. 478 (1991), see Franks v. Delaware, 438 U.S. 154 (1978) see Malley v. Briggs, 475 U.S. 335 (1986).

**66**. see Exhibit 5, Defendant City of Peoria Officer Chavez Official Written Report (23-22497), Sworn False statement from her Affidavit for Search Warrant, that she applied for on 11/22/23 that Included False information that stated I was Officially served with Ex Parte Emergency Order Protection 23-OP-307 on 11/20/23.

**67.** 11/22/23 Defendants Peoria County, Peoria County State Attorney Hoos, Peoria County Assistant State Attorney Muench, agreed and lied to the Honorable Court at my Detention Hearing/ Probable Cause Hearing. Specifically, Defendants Peoria County, Muench, Hoos, lied to the Court an told the court I was Officially Served with Ex Parte Emergency Order Protection 23-OP-307 on 11/20/23. The Peoria County Defendants also omitted things that would have Defeated Probable Cause and the Illegal Detention for Case No. 23-CF-939 People of the State of IL v Alfonzo Hill, I was then Illegally Ordered to be detained in the Peoria County Jail on 1 count of Aggravated Stalking which Violated Plaintiff 1st 4th 5th 8th 13th 14th

**68.** Amendment to the U.S Constitution see Manuel V Joliet 580 U.S 2017. the County Defendants Subjected me to this Illegal Conduct because of the Conspiracy with the City of Peoria Defendants, Greg Riley, Economy Autobody Inc, an Because of my race and Social Status to which I Belong to.

**69**. the Population of Peoria IL is 116,000K, The demographic breakdown 53% White, 27% Black, 7% Latino, and 6% Asian. From 2019 through 2024, the Peoria Police Department conducted 53,046 total arrests. Out of these arrests, 35,030 were Black citizens, 16,802 were White citizens, 435 were Latino citizens, and 66 were Asian citizens.

**70**.An August 2016 Peoria Journal Star article reported that Black Americans were admitted to Prison through the Peoria County justice system at roughly three times the rate of white residents, with 313 Black residents compared to 134 white residents. This disparity persisted despite a county population that was 72% white and 19% Black.

**71.** see https://www.pjstar.com/story/news/courts/2016/08/27/data-peoria-area-minorities-far/21833957007/?gnt-cfr=1&gca-cat=p&gca-uir=true&gca-epti=z116148e004000v116148d--68--b--68--&gca-ft=195&gca-ds=sophi Data:

**72.** the Number of Blacks Residents Admitted to Prison through the Peoria County Justice System at roughly 3x times the rate of white resident has been consisted over the Years from 2016 through 2025 are signs of Racial Discrimination that Violate the Plaintiff and Similar situated Citizens rights to the 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**73.** 11/30/23 Plaintiff was Officially Served with The Summons, an Emergency Order Protection for case No. 23-OP-307, in the Peoria County Jail by Sgt K.Nelson See Exhibit 2.

**74.** 12/7/23 Plaintiff, his Mother Tracy Hill, called Defendants City of Peoria, City of Peoria Legal Department which Consist of Defendants City of Peoria Legal counsel also known as the Peoria (Corporation Counsel's office) which Defendants City of Peoria Assistant Lawyer Chrissie Kapustka, City of Peoria Assistant Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, and Legal Administrative Specialist Andrea Burt are part of, see https://library.municode.com/il/peoria/codes/code_of_ordinances?nodeId=CO_CH2AD_ARTIIIDE_DIV2RE

**75**. Plaintiff Requested a Hearing for the Illegal Towing, Fees, Impoundment, taking of my Car, that Occurred on 11/21/23 by Defendants City of Peoria, Grey Riley, Economy Auto Body Inc, Peoria County, Peoria County Defendants. we also gave Notice to these Defendants not to Sell, Scrap, Dispose, Destroy,

**76.** Plaintiff Car Without Notice and a Hearing. We were told by City of Peoria Defendants, that if we sign a forum requesting a hearing, an Pay the Administrative fee for requesting this hearing, which was 1000$ this Conduct is Illegal and in Violation of Plaintiff and similarly situated citizens right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. The City of Peoria Defendants would then Conduct a Hearing on the Illegal Taking, Towing/Impoundment, Fees, for My Car. Which is Illegal and it Violates my Rights and Similar Situated Citizens rights under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution

**77.** the Defendant City of Peoria Codes, Ordinances, Customs, Practices, Contracts, Conduct Policies and State of IL Statue on this Matter are Illegal and Discriminate against Plaintiff and Similar Situated Citizens with Gross Hardship as a Class. see Fuentes v. Shevin, 407 U.S. 67 (1972), See Krimstock v Kelly 306 f 3d 40 59 (2d Cir 2002), See Tedeschi v Blackwood 410 f supp 34. 45 (D conn 1976), See Stypmann et al. V. the City and County of San Francisco et al 557 F.2d 1338 (9th Cir. 1977), See Graff v. Nicholl, 370 F. Supp. 974 (N.D. Ill. 1974), see Propert v D.C 948, F2d 1327, 1332 (D.C Cir 1991), See *Clement v. City of Glendale*, 518 F.3d 1090 (9th Cir. 2008) See Craig v. Carson, 449 F. Supp. 385 (M.D. Fla. 1978), Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983) Ochoa v. Hernandez y Morales, 230 U.S. 139 (1969) JOHNSON v. BRADSHAW, (D.Nev. 1991)

**78.** 12/7/23 after we talk to the City of Peoria Defendants, we then Called Defendants Greg Riley, Economy Auto Body Inc, an gave the Greg Riley Defendants Notice that we were on a Recorded Call from the Peoria County Jail, Defendant Greg Riley, an Auto Body Inc, was Given Notice not to Sell, Destroy, Scrap, destroy my Car Without Notice and a Hearing. See Exhibit 5 plaintiff Certified Recording from the Peoria County Jail.

**79.** 12/7/23 at 3:00 PM Plaintiff sent Defendants City of Peoria, City of Peoria Lawyers Chrissie Kapustka, Michael Toren, Patrick Hayes, and Legal Administrative Specialist Andrea Burt, the Required Forum Requesting a Hearing we were told on a Recorded Call from Jail that we should call back on 12/8/23 to Inquire about the Upcoming Hearing.

**80.** 12/8/23 Plaintiff, and his Mother, Called Defendants City of Peoria, City of Peoria Assistant Lawyer Chrissie Kapustka, City of Peoria Assistant Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, City of Peoria Legal Administrative Specialist Andrea Burt,

**81.** back to Inquire about the Hearing we Were told by City of Peoria Defendants, City of Peoria, City of Peoria Legal Administrative Specialist Andrea Burt, City of Peoria, City of Peoria Assistant Lawyer Chrissie Kapustka, City of Peoria Assistant Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, that the City of Peoria Cannot give us Hearing which was False

**82.** the City of Peoria Defendants, stated that the City of Peoria only deals with Cars that are Impounded Not Towed. This False Information Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. City of Peoria, City of Peoria Legal Administrative Specialist Andrea Burt, City of Peoria Assistant Lawyer Chrissie Kapustka, City of Peoria Assistant Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes,

**83.** denied Plaintiff his Hearing Because of the Conspiracy with the County of Peoria Defendants Jodi Hoos, Peoria County, Peoria County Assistant State Attorney Terry Muench, Greg Riley, Economy Auto Body Inc, an Because of my Race and social Statues to which I belong to see HAMPTON v. HANRAHAN (1979) see Adickes v. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970) see Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 700-01, 82 S.Ct. 1404, 1411, 8 L.Ed.2d 777 (1962).

**84.** See Defendant City of Peoria Directive General Order 400.60 Towing https://public.powerdms.com/PEORIAIL/tree/documents/954119 which reads Department Personnel Shall Comply with the City of Peoria Municipal Code Requirements for Towing of Vehicle, Tow Shall be Documented in the records system to make the information available to (Both) the involved parties and other Department Personnel Chapter 30, Article V of the City Peoria Municipal Code regulates Tow Companies, and Towing Vehicles.

**85.** DIVISION 3. - INVOLUNTARY TOW APPEAL Sec. 30-347. - Appeal. Whenever an involuntary tow was directed by the police department and the owner of the vehicle shall believe that the tow was incorrectly ordered, such owner shall have the right to appear before a person designated by the department head of the department ordering the tow and present his reasons for believing such tow was incorrectly ordered. In no case shall such opportunity to contest the towing be held more than 72 hours after it is requested. The person designated to hear the owner's reasons shall in no case be the same person who ordered the tow. (Code 1957, *§ 28-51)*
https://library.municode.com/il/peoria/codes/code_of_ordinances/179607?nodeId=CO_CH30VEHI_ARTVTOPRVE

**86**. the Mother of my Children did not show up to the Court Date Scheduled on 12/11/23 in Fulton County IL for Case No. 23-OP-307. This Emergency Order Protection was Dismissed for Want of Prosecution because no one Showed.

**87.** 12/19/23 Defendants Peoria County, Peoria County Assistant State Attorney Muench, Peoria County State Attorney Hoos, Defendants City of Peoria Officer Chavez, City of Peoria, conducted a Grand Jury Hearing for the Charges of Aggravated Stalking, Stalking, for Case No. 23-CF-939

**88.** during this Hearing the Peoria County Defendants, City of Peoria Defendants, conspired to get me Illegally Indicted for both Felony Charges, Plaintiff was subjected to this conduct because of my Race, and Social Status, to which I belong. The County of Peoria Defendants, City of Peoria Defendants,

**89.** omitted things that would have defeated Probable Cause, specifically these Defendants told the Grand Jury false information that Came from Defendants City of Peoria, City of Peoria Officer Chavez, Bradford, Houghton which was that the Plaintiff was served with the Emergency Order Protection 23-OP-307 on 11/20/23, which was False the City of Peoria Defendants, Peoria County Defendants, had information in the System that showed them that I was Officially served on 11/30/23 at 12:06 PM in the Peoria County Jail.

**90.** See 750 ILCS 60/217 (a-5)which states which states when a Petition for an Emergency Order Protection is Granted, the Order and File (Shall only be accessible to the Court, the Petitioner, Law Enforcement State Attorney Until the Order is Served on the Respondent) these Defendants also told the Grand Jury that the Plaintiff had a Tracking Device on the Mother of His Children Car which was False, the Plaintiff was then Illegally Indicted based of this False Information that Violated my 4th 5th 6th 8th 13th 14th Amendment to the U.S Constitution See Exhibit 5 Case No 23-CF-939 12/19/23 Certified Sworn Grand Jury Transcripts.

**91.** 12/20/23 Defendants City of Peoria Officer Sgt Lawrence of the (Auto Division), City of Police Officer Chavez, City of Peoria Police (Evidence Technician) Officer Peterson, City of Peoria, went to Search my Car at Defendants Riley, Economy Auto Body Inc Garage, per Search Warrant while Searching my Car

**92.** Defendants City of Peoria Officer Lawrence, City of Peoria, Falsified Evidence in the Plaintiff Car more Specially Defendants City of Peoria Officer Lawrence, City of Peoria, took his Blue Rubber Gloves off his hand and threw them his Gloves in the front seat of my Car he did this to make it seem as if I used his Gloves in a Commission of a Crime see Defendant City of Peoria Officer Lawrence Body Camera 12/20/23 Axon Body Camera 3 X60A9810A at 13:58:26, 13:59:26, 14:01:31 14:10:27, 14:10:28, 14:10:38 14:10:42 this Conduct, Violated my 4th 5th 8th 13th 14th Amendment to the U.S Constitution.

**93.** Defendants City of Peoria Officer Chavez, City of Peoria Officer Peterson, Riley, Economy Body Inc, witnessed this Illegal Conduct Defendant City of Peoria Officer Lawrence then ask Defendant City of Peoria Officer Chavez do we Leave the Falsified Evidence in my Car to which Defendant City of Peoria Officer Chavez Agreed and Responded (Yes),

**94.** Defendants City of Peoria, City of Peoria Officer Lawrence, City of Peoria Police Officer Chavez, then told City of Peoria Officer Peterson to take Photos of the Falsified (Lawrence Rubber Gloves) Evidence so that it could be used at my Trial for 2 Felony Charges for Case No. 23-CF-939, which Defendant City of Peoria Police Officer Peterson Agreed then took pictures of the Falsified Evidence.

**95.** he then used this Falsified Evidence against me at my Trial for my two Felony Charges, which Plaintiff was found not guilty this Conduct is Illegal and it violated Plaintiff 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution. The City of Peoria Defendants Subjected Plaintiff to this Illegal Conduct because of my Race, and Social Status to which I belong to,

**96.** an because of the Conspiracy with Defendants Peoria County, Peoria County State Attorney Hoos, Peoria County Assistant State Attorney Muench, Riley, Economy Auto Body Inc. See Defendant Peoria Police Officer Chavez Body Camera 12/20/23 Axon Body Camera 3 X60A97914 14:13:40, 14:13:58, 14:14:22, 14:15:54, 14:18:42, 19:19:08, See Exhibit 6 Certify Exhibits an Transcripts from Case No.23-CF-939 , the City of Peoria Defendants Conduct on this Matter is Because of their Unwritten Custom, Practice, Policy, which has Subjected Plaintiff an Similar Situated Citizens to Multiple Violation of our 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution, this Conduct has Discriminated against Plaintiff an Similarly situated Citizens with Gross Hardship as Class.

**97.** 12/20/23 Defendants City of Peoria, City of Peoria Officer Johnston, City of Peoria Officer McMillen, City of Peoria Officer Mocilan, Condone an Approved the Reports, Body Cameras, that Shows the Harm, Constitutional Violation, Misconduct the City of Peoria Police Department, Legal Department, City Council, have a Known Systematic History Turning a Blind Eye on Misconduct from its Employees.

**98.** 1/10/24, Plaintiff was informed that he must withdraw multiple motions from the record to proceed with his trial on 1/23/24. One of these filings included a motion to return his vehicle and waive all storage fees.

**99.** 1/10/24 the Defendants City of Peoria, City of Peoria Police Chief (Superintendent) Echevarria, City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, City Peoria Assistant Attorney Chrissie Kapustka, gave Plaintiff Notice that the City Of Peoria Council, Legal Department, City of Peoria Chief of Police, Professional Standards Department, receive my Grievances/Letters that I sent them from the Peoria County Jail.

**100.**These letters gave notice and provided evidence to the City of Peoria defendants regarding the Harm and Constitutional Violations Plaintiff experienced from 11/21/23, through 1/9/24. Furthermore, they notified the City of Peoria defendants of the ongoing harm the Plaintiff was experiencing in jail at that exact moment.

**101.** Plaintiff requested the Peoria City Council, and the City of Peoria Legal Department, City of Peoria Chief of Police, City of Peoria Police Professional Standard Division, to intervene and stop the harm. The City of Peoria defendants agreed Intentionally, in Bad Faith, willful wanton, Maliciously, failed to act, thereby violating Plaintiff's 1st 4th 5th 6th 8th 13th 14th Amendment the U.S. Constitution see Hoffman-LaRoche, Inc. v. Greenberg, 447 F.2d 872, 875 (7th Cir. 1971). See United States v. Varelli, 407 F.2d 735, 741-42 (7th Cir. 1969). (see Exhibit 7: Certified Letters to the City of Peoria Policy makers sent from the Peoria County Jail).

**102.** 1/11/24 Defendants City of Peoria, City of Peoria Officer Terry, City of Peoria Officer Sgt Lawrence, City of Peoria Chief of Police (Superintendent) Echevarria,

**103.** City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Michael Toren, City Attorney Patrick Hayes, City Peoria Attorney Chrissie Kapustka.

**104.** Agreed and Willfully and Wanton, Maliciously, Intentionally and in Bad Faith, without Probable Cause, without exigent Circumstance, Illegally signed Plaintiff Car Title over to Defendants Riley, Economy Auto Boy Inc, on 1/11/24. Pursuant to 625 ILCS 5/4- 208, (625 ILCS 5/4-203), (Hobson Choice) Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 The City Defendants, Greg Riley Defendants, Subjected Plaintiff to this Illegal Conduct, Policies, Practices, Because of the Conspiracy with Defendants Peoria County, Peoria County State Attorney Hoos, Peoria County Assistant State Attorney Muench, Greg Riley Defendants an Because of my Race and Social Status to which I Belong too. This Conduct Violated my 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution see Allee v. Medrano, 416 U.S. 802 (1974), see Hague v. Committee for Industrial Organization, 307 U.S. 496 (1939).

**105.** This is only a synopsis of the history of racism in the City and County of Peoria. Like other regions across the country, central Illinois' racial history following the Civil War is not a proud one, as generational prejudice and bias continued to be manifested in many ways. A number of communities in Peoria County and adjacent areas became known as "Sundown Towns" that were hostile to black people being there after dark. The term started as a way to prevent freed Blacks from taking White jobs — by not allowing them to work late or walk around the neighborhood after dark — and extended to housing policies and policing practices. These unwritten rules were often enforced by police or vigilante neighbors without consequences. See https://media.socastsrm.com/wordpress/wp-content/blogs.dir/2326/files/2023/03/joint-commission-on-racial-justice-and-equity-2022-annual-report.pdf

**106.** The City of Peoria Defendants signed Plaintiff Car Over to Defendants Riley, Economy Auto Body Inc, Pursuant to IL State Statues, Defendant City of Peoria Illegal Ordinances, Contracts, Policy, Practices, Customs, Practices, See City of Peoria Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08). See 625 ILCS 5/4-208 (Source: P.A. 94-650, eff. 1-1-06.) (625 ILCS 5/4-203), (Hobson Choice) 1957, § 28-40; Ord. No. 14512, § 1, 6-1 Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 (codes 1957, 28-40; Ord. No. 14512 Ord. No. 18261 2 (Exh. A), 5-13-25

**107**. City of Peoria Municipals Codes Sec. 15-77. Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08), 625 ILCS 5/4-208, 625 ILCS 5/4-203), do Not Compart with the 1st 4th 5th 13th 14th Amendment to the U.S Constitution. These Ordinances, State Statues are Vague an Illegal scheme that Targets Black Citizens at Disproportionate Rate. These Policies, Ordinances, Customs, Conduct, Fees, Contracts, Practices, Statues, Allows the City of Peoria Defendants Policy Makers, City of Peoria Legal Department, Police Department, City Council, City of Peoria, to Illegally allow Forfeiture of Property without Notice and a Hearing, without Probable Cause, without Exigent circumstances, theses Statues, Ordinances, Policies, Custom, Practices, Contracts, Municipal Codes, Fees, authorizing the assessment of Towing/Impoundment and storage charges, the requirement that they be prepaid before return of Plaintiff and Similarly Situated Citizens Vehicle, the creation of a lien against the Vehicle's and Forfeiture of the car after 30 days, are Utterly devoid of any Procedure Due Process safe guards that Guaranteed by the 1ST 4TH 5th 13TH 14th Amendment to the U.S Constitution.

**108.**https://library.municode.com/il/peoria/codes/code_of_ordinances?nodeId=CO_CH15HESA_ARTIVNU Under the City of Peoria Municipal Code, Practices Customs, Citizens subject to a code violation or impoundment notice are responsible for requesting a hearing. This request must be made within 15 days of the notice being mailed.

**109.** If a citizen fails to respond or notice is Intentionally Mailed to an Address were the City of Peoria Defendants know the Citizens is Not at. Or if the Citizens does not request a hearing within this 15-day window, or fails to pay the required administrative fee, Towing, Impoundment, fees creation of a garage keeper's lien on a vehicle within 30 days, their property will be considered legally abandoned. At that point, the City of Peoria will intentionally, willful wanton, in bad faith, Maliciously, Without Exigent circumstances, Probable Cause, dispose of the property, Pursuant to 625 ILCS 5/4- 208, (625 ILCS 5/4-203), 625 ILCS 5/4-208), City of Peoria Municipals Codes Sec. 15-77. Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 (codes 1957, 28-40; Ord. No. 14512 Ord. No. 18261 2 (Exh. A), 5-13-25

**110.** (Hobson Choice) which is illegal. These Ordinance, IL State Statues, Codes, Conduct, Policies, Contracts, Customs, Practices, are Unconstitutional on its face and how it applied to Minority's, and Poor Citizens, an in Violation of the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. These Statues, Ordinances, Policies, Municipal Code, Custom, Contracts, Practices are Vague, Overbreadth, an Enforced in a Discriminatory Manner toward Black Citizens, Poor Citizens, See (Code 1957, § 28-40; Ord. No. 14512, § 1, 6-16-98; Ord. No. 15574, § 1, 1-20-04; Ord. No. 16672, § 1, 3-8-11, eff. 4-1-11; Ord. No. 17741, § 1, 1-14-20; Ord. No. 18261, § 2(Exh. A), 5-13-25).

**111.** City of Peoria Defendants, will agree Intentionally, Willfully Wanton, Maliciously in Bad Faith, without Probable Cause, Exigent Circumstances, send Notice of these Hearings to an Address where they know the Citizens is not at. Which the City of Peoria Defendants City of Peoria, City of Peoria Officers Sgt of the (Auto Division) Lawrence, City of Peoria Officer of the (Auto Division) Terry, Subjected the Plaintiff to this Conduct on 11/22/23 when they agreed an Intentionally, Willfully Wanton, in bad faith, Maliciously, without Probable Cause, Exigent Circumstances, Mailed Notice of the Forfeiture Hearing to My Home Address instead of the Peoria County Jail where they Knew I was at. Which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**112.** See Robinson v. Hanrahan, 409 U.S. 38 (1972) See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), see Fuentes v. Shevin, 407 U.S. 67 (1972), See Krimstock v Kelly 306 f 3d 40 59 (2d Cir 2002), See Tedeschi v Blackwood 410 f supp 34. 45 (D conn 1976), See Stypmann et al. V. the City and County of San Francisco et al 557 F.2d 1338 (9th Cir. 1977), See Graff v. Nicholl, 370 F. Supp. 974 (N.D. Ill. 1974), Craig v. Carson, 449 F. Supp. 385 (M.D. Fla. 1978) Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983) See Seals v. Nicholl, 378 F. Supp. 172 (N.D. Ill. 1973), Mathews v. Eldridge, 424 U.S at 333 ,96 S. Ct at 901, 47 L. 2d Ed. at 37 , Due Process is Absolute some forum of a hearing is Required before an individual is (finally deprived of a property interest). *Wolff v. McDonnell,* 418 U. S. 539, 418 U. S. 557-558 (1974), j*oint Anti-Fascist Comm. v. McGrath,* 341 U. S. 123, 341 U. S. 168 (1951), The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U. S. 545, 380 U. S. 552 (1965) See Holladay v Roberts 425 F. Supp 61 (N. D. Miss 1977), same See Remm v Landrieu, 418 F . Supp. 542 (E.D. L.a. 1976) See North Ga. Finishing, Inc v Di-Chem, Inc., 419 U.S at 607, 95 S. Ct at 722, 42 L. Ed. 2d at 757 (the Absence of some form of those basic protections or procedure due process is a fatal Deficiency)

**113.** The City of Peoria Defendants, Conduct, Polices, Customs, Contracts, Practices, Ordnances, Municipals Codes, that Petain to this Matter written, an unwritten, Subject the Plaintiff and Similarly Situated Citizens to Gross Hardship as a Class.

**114.** The City of Peoria, Illinois, has a population of approximately 116,000K citizens The Peoria Police Department has 220 Sworn Personnel. The demographic breakdown of the population is 53% White, 27% Black, 7% Latino, and 6% Asian. From 2019 through 2024, the Peoria Police Department conducted 53,046 total arrests. Out of these arrests, 35,030 were Black citizens, 16,802 were White citizens, 435 were Latino citizens, and 66 were Asian citizens, According to the Illinois Department of Transportation, traffic stops conducted by the Peoria Police Department disproportionately affect Black citizens. Black drivers account for (61%) of all stops, whereas white drivers make up (33%) despite Peoria's Black population being roughly (27%) of the city's total.

**115.** In Peoria, Black drivers are six times more likely to be stopped by police than white drivers' that's according to 2022 data recently released by the Illinois Department of Transportation. Law enforcement agencies are required to submit the information to IDOT annually per the Illinois Traffic and Pedestrian Stop Statistical Safety Act. **https://www.wcbu.org/local-news/2023-07-14/black-drivers-are-6-times-more-likely-than-whites-to-be-pulled-over-by-police-in-peoria-its-part-of-a-larger-statewide-trend.**

**116.** According to Defendants City of Peoria, County of Peoria, Joint Statement on Racial equality Not only are Black people much more likely to use a city bus to get to and from work, they are about six times more likely than Whites to rely on public transportation in general. More than three quarters of commuters who depend on public transportation to get to work are Black. 76.4% Black 23.6% White See **https://media.socastsrm.com/wordpress/wp-content/blogs.dir/2326/files/2023/03/joint-commission-on-racial-justice-and-equity-2022-annual-report.pdf.**

**117.** the City of Peoria Defendants Acting in Concert will use Peoria Police Directive General Orders 400.44 Wanted as a Convert Action to illegally Arrest Black Citizens at a Disproportion rate, then Use Defendant City of Peoria Police Directive General Order 400.60 Towing City of Peoria Municipals Codes Sec. 15-77, (625 ILCS 5/4-203) (625 ILCS 5/4-208), Defendant City of Peoria Municipal Vehicle seizure and impoundment (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08) Code 1957, § 28-40; Ord. No. 14512, § 1, 6-16-98; Ord. No. 15574, § 1, 1-20-04; Ord. No. 16672, § 1, 3-8-11, eff. 4-1-11; Ord. No. 17741, § 1, 1-14-20; Ord. No. 18261, § 2(Exh. A), 5-13-25).

**118.** as an Illegal Scheme to Forfeiture Poor Minority's Citizens Property without Probable Cause, Exigent Circumstances, Notice and an Opportunity to be Heard the Actions, Conduct, Customs, Policies, Municipals Codes, Statues, Practices, of Defendants City of Peoria Violates Plaintiff and Similarly situated Citizens Rights to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. And Discriminate Against Plaintiff and Similarly situated Citizens as a Class, and Subject us to a Gross Hardship as a Class.

**119.** Peoria Police Directive General Orders 400.44 Wanted allows the City Defendants to Illegally Force Citizens to the Police Station for Investigate Purpose/Involuntary Detention without Probable Cause, without exigent Circumstances, by bypassing the Probable Cause/Warrant Requirement that is Demanded by the 4th 5th 14th Amendment to the U.S Constitution regardless of where citizens are located within Peoria, IL. The City of Peoria Defendants would then Agree and Tow/Impound Citizens Vehicles in Pursuant to these Illegal Orders, Municipals Codes, Practices, Customs, Statues, Policies. The City of Peoria Defendants would then Give the Citizen Vehicles to one of their Operator on their tow rotation list, and a Lien would then incur on the Vehicles for the Taking, Impoundment, Towing. After the Fees, or the Citizens does not receive meaningful, Proper Notice that reasonably calculated" to apprise them of the Pendency of the Forfeiture Proceedings. The Citizens Vehicles, Property Interest will then be Deposed, Destroyed, Sold, Scrap, Pursuant to 625 ILCS 5/4/208, 625 ILCS 5/4-203 (Hobson Choice), which is Illegal in Violation of the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**120.** See https://public.powerdms.com/PEORIAIL/tree/documents/954076 Peoria Police Directive General Orders 400.44, Wanted, the City Defendants have been using this Illegal Order on Plaintiff, similarly situated Citizens, Since August 10, 2000. This Illegal Order is Unconstitutional on its Face, an has been Enforced at a Disproportion rate against Poor Black Citizens. The City of Peoria Defendants Policy Makers, Police Department, have Knowledge that these Ordnances, Customs, Practices, Municipals Codes, are Illegal an in Violation of the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**121.** See Dunaway v. New York, 442 U.S. 200 (1979) Davis v. Mississippi, 394 U.S. 721 (1969) Brown v. Illinois, 422 U.S. 590 (1975), Florida v. Royer, 460 U.S. 491 (1983) Payton v. New York, 445 U.S. 573 (1980**)** Hayes v. Florida, 470 U.S. 811 (1985).

**122.** Robinson v. Hanrahan, 409 U.S. 38 (1972) Fuentes v. Shevin, 407 U.S. 67 (1972) Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) Bell v. Burson, 402 U.S. 535 (1971) Mathews v. Eldridge, 424 U.S. 319 (1976 Stanley v. Illinois, 405 U.S. 645 (1972), Bell V Hood, 327 U.S 678 (1946).

**123.** The City of Peoria Defendants do not Keep Statics or the Demographics on how many Citizens were arrested by Peoria Police Directive General Order 400.Wanted, The City of Peoria Defendants do no Keep Statics or the Demographics on how many Citizens Vehicles are Towed/Impounded, by Defendants City of Peoria Police Directive General Order 400.60 Towing, City of Peoria Municipals Codes Sec. 15-77, Defendant City of Peoria Municipal Vehicle seizure and impoundment (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08).

**124.** The reason for this Lack of Transparency is Because the City of Peoria Defendants Convert Action an Illegal Scheme that Targets Black Poor Citizens and Forfeit Black Poor Citizens Property without Probable Cause, Exigent Circumstances, Notice an Opportunity to be Heard at a Disproportionate Rate. The Actions, Conduct, Customs, Practices, Ordinances, Municipals Codes, by Defendants City of Peoria Violates Plaintiff and Similarly situated Citizens rights to the 1st 4th 5th 6th 7th 8th 13th 14th

**125.** 11/22/23 through 1/23/24 the City of Peoria Defendants Officer Chavez, City of Peoria, City of Peoria Officer Sgt Lawrence, County of Peoria Defendants State Attorney Hoos, Peoria County, Peoria County Peoria County Assistant State Attorney Alferink, were Monitoring Plaintiff Jail Calls. They had Knowledge of the Harm, Constitutional Violations, an agreed and Intentionally, Willfully and Wanted, Maliciously, in Bad Faith Failed to act which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. See Exhibit 8 Certified Verbatim Transcripts from Plaintiff Jail Calls that occurred from 11/21/23 through 3/6/24.

**126.** 1/25/24 the Plaintiff was found Not Guilty for the Charges of Aggravated Stalking, Stalking, for case No. 23-CF-939. Plaintiff was then Released from the Peoria County Jail on 3/6/24 for an unrelated and distinct matter and placed on Adult Probation until 3/6/26.

**127.** 3/14/23 Defendants City of Peoria, City of Peoria Legal Department which Consist of Defendants City of Peoria Legal counsel also known as the Peoria (Corporation Counsel's office) which Defendants City of Peoria Assistant Lawyer Chrissie Kapustka, City of Peoria Assistant Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, and Legal Administrative Specialist Andrea Burt.

**128.** City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, Eric P. Echevarria City of Peoria Chief of Police Superintendent, Greg Riley, Economy Auto Body Inc gave Plaintiff Notice that upon further review of the incident that occurred on 11/21/23, an upon further review of my Jail Calls, City of Peoria Officers Body Cameras, Letters, and Binding U.S Supreme Court Case Law Robinson v. Hanrahan, 409 U.S. 38 (1972) and applicable Laws, that they Deny any Request to Compensate me, Conduct a Hearing, or Release my Vehicle, the City of Peoria Defendants Stated that their Decision was (Final) see Jones v. Alfred H. Mayer Co., 392 U.S. 409 (1968) .

**129.** which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, the City of Peoria Defendants Subjected Plaintiff to this Illegal Conduct Because of my Race, and social Status to which I belong to an Because of the Conspiracy with the City of Peoria Defendants, County of Peoria Defendants, Greg Riley Defendants.

**130.** 3/21/24 Mckenna Hoyle, Plaintiff, gave our relationship another shot for the Sake of our Children, Plaintiff, Ms. Hoyle, and our Kids, were Living in Canton IL. we have 3 Children Together 3/21/24/ through 6/9/24 was the happiest moments in the plaintiff's 37 years of life. The plaintiff finally understood the meaning of being a Father.

**131.** Plaintiff took his son to his very first Haircut, Plaintiff, an Ms. Hoyle, would take our 3 Children, Ms. Hoyle son, Plaintiff other 2 Kids, from prior relationships. To the Beach, Parks, Boat Rides, Waterpark, Zoo, Skating Rink, Aquarium, County Fair, to see their Family in Chicago.

**132.** Plaintiff Potty Trained his Son, Plaintiff seen his Daughter Lose her Very First tooth, Ms. Hoyle Was Teaching Plaintiff Sign Languages because one of Our Daughters is Deaf. Plaintiff would walk his Kids to and From School, show up to their School Recitals, help them with Their Homework, get them Ready for School, get them on an off their School Bus, See Exhibit 9 Plaintiff Videos of his (Pursuit of Happiness).

**133.** Plaintiff Father (Clarence Woodridge) Died on 6/14/24 at Advocate Christ Medical Center (often referred to as Christ Hospital) which is located at 4440 W. 95th Street, Oak Lawn, IL 60453, Plaintiff Believes his Father died Because of the Actions, Conduct, Customs, Practice, of Defendants (Peoria County, Hoos) and Co-Conspirator (Doctors, Nurses at this Hospital) an Because of Plaintiff Prior Federal Lawsuit in the Central District of Il Peoria Division.

**134.** 8/6/24 Ms. Hoyle, Plaintiff, and our Children, took a Family Trip to Nashville Tennessee for the Plaintiff Birthday. we rented an Airbnb Ms. Hoyle and the Father of her Son (Houston Head) were having Problems and a Custody Battle.

**135.** 8/16/24 Plaintiff was Subjected to an Illegal Arrest without Probable Cause without Exigent Circumstances in Canton IL because of my Race and Social Status to which I belong to, an Because of the Conspiracy with the Canton IL Police Department, City of Peoria Defendants, County of Peoria Defendants, Greg Riley Defendants, Houston Head. This Illegal Arrest Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**136.** 8/20/24 through 2/2/25 Plaintiff was Truly Happy other than the Grieving. Plaintiff was with his Family, things Couldn't get any better for the Plaintiff. Plaintiff an Ms. Hoyle Just Celebrated 3 of our Children Birthday by throwing our Kids surprise Parties by taking them to the Great Wolf Lodge in Gurnee Il.

**137.** 2/3/25 County Defendants Hoos, Peoria County, Peoria County Adult Probation Officer Supervisor Doug Hayes, Peoria County Adult Probation Officer Adriana Prokesh, agreed and Knowingly, Intentionally, Willful Wanton, Maliciously, in Bad Faith, without Probable Cause, Exigent Circumstances, made false statements of fact in an affidavit supporting an application for an arrest warrant.

**138.** The County Defendants violated Plaintiff' 1st 4th, 5th, 8th 13th 14th Amendment to the U.S Constitution, by including knowingly false statements, with reckless disregard for the truth, in the arrest warrant affidavit (see Exhibit 10 for the certified Statement that contained the false Statement that stated that I was convicted of Aggravated stalking "Stalking) see Kalina v. Fletcher, 522 U.S. 118 (1997)

**139.** 2/4/25 Plaintiff had to Abandon his Kids, Pursuit of Happiness, the reason for this was to Protect Plaintiff Family, Children's, from the Actions, Conduct, Customs, Practices, of Peoria County Defendants, City of Peoria Defendants, Greg Riley Defendants, which Violated Plaintiff unalienable rights (Pursuit of Happiness), as well as his 1st 4th 5th 8th 6th 7th 13th 14th Amendment to the U.S Constitution.

**140** 2/14/25 Plaintiff filed a Federal Lawsuit Against the City of Peoria Defendants, Peoria County Defendants, Greg Riley Defendants, Pursuant to 42 U.S.C 1983, 1985, 1986, 1st 4th 5th 13th 14th Amendment to the U.S Constitution

**141.** 6/24/25 The Honorable District Court Acknowledge service of Process.

**142**. 6/27/25 Plaintiff surrender himself to the Peoria County Jail based of the warrant that was Issued by County of Peoria Defendants on 2/3/25. Plaintiff was sitting in front of Courtroom 221, when Defendants Peoria County Court Security Munoz, Peoria County, Peoria County Security DHS HRDLICKA, illegally arrested the Plaintiff the County Defendants ordered plaintiff to the ground area of the Courthouse.

**143**. Plaintiff was Placed in Handcuff against his will which the Plaintiff did not understand this Illegal order, Because Plaintiff was surrendering himself to the mercy of the Court that issued the Warrant, Plaintiff then protested this Illegal order an told the County Defendants.

**144**. that the Warrant stated to bring Plaintiff to the Court issuing the Warrant, of if the issuing court is absent or unable to act before the nearest or most accessible Court in Peoria County, which Plaintiff was already before the issuing Court or most accessible Court which is the Peoria County Courthouse.

**145**. Plaintiff then told the County of Peoria Defendants that he wanted to go before the Judge in 221, so that he could be Heard and for the Warrant to be Quashed Defendants County of Peoria Court Security Munoz, stated that the Judge Wasn't Available.

**146**. Plaintiff then stated he wanted to see a Different Judge since the one in 221 Wasn't Available, County of Peoria Defendant denied this request which was Unreasonable, in Bad Faith, Intentional, Without Exigent Circumstances, without Probable cause, Maliciously, Willfully Wanton, Which Violated Plaintiff 1st 4th 5th 6th 8th 13th 14th Amendment to the U.S Constitution an no Legal reason exist but to Block my access to the Federal Courts See Gerstein v. Pugh, 420 U.S. 103 (1975) Chambers v. Florida, 309 U.S. 227 (1940).

**147.** Defendants Peoria County Court Security Cristian Munoz, Peoria Court Security DHS HRDLICKA, Peoria County, escorted me to the basement of the Courthouse against my will when we got to the basement Plaintiff started to feel ill, Like I was going to faint, Plaintiff then asked the County Defendants to call the Ambulance so that he could be Escorted to the Hospital.

**148.** Plaintiff wanted his Blood to be checked for being Involuntary drugged, Plaintiff told the County Defendants, County Court Security Cristian Munoz, Peoria County, that it felt as if someone has drugged Plaintiff. County Defendants County Court Security Cristian Munoz, Peoria County, then Called Peoria County Security DHS HRDLICKA, Peoria County, to get Approval to Escort me to the Hospital.

**149.** When the EMT arrived they Check my Vitals, and Stated that everything checkout Normal, but everything was not Normal Plaintiff body felt as if he had been drugged.

**150.**During the encounter Defendants Peoria County State Attorney Hoos, Peoria County, agreed an illegally revoked Plaintiff Access to the Hospital.

**151.** Defendants Peoria County State Attorney Hoos, Peoria County, told Peoria County Court Security Cristian Munoz, Peoria County Peoria County Security DHS HRDLICKA, Peoria County, that the Plaintiff would get checked out at the Jail a refusal forum was illegally signed against my wishes. Plaintiff was taken to the Peoria County Jail without seeing a Medical Provider, this Conduct was Deliberate Indifference, Intentional, Maliciously, in bad faith. the County Defendants Subjected Plaintiff to this Illegal Conduct and harm which Violated Plaintiff rights to the 1ST 4TH 5TH 6th 7th 8TH 13TH 14TH Amendment to the U.S Constitution see Gerstein v. Pugh, 420 U.S. 103 (1975), Chambers v. Florida, 309 U.S. 227, Erickson v. Pardus, 551 U.S. 89 (2007) see Estelle v. Gamble, 429 U.S. 97 (1976).

**152.** Because of the Conspiracy with the City of Peoria Defendants, City of Peoria Defendants Greg Riley Defendants, an because of my race, Social Status to which I belong to. An no Legal reason exist but to Block my Access to the Federal Courts and to cause me harm. Also Defendants Peoria County, Peoria County State Attorney Hoos, Illegally Put a Eavesdropping Device on my I-Phone 14 without a warrant, without probable cause, exigent circumstances, in violation of my 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution See https://www.pjstar.com/story/news/local/2026/01/13/peoria-county-jail-death-remains-under-investigation-by-state-police/87765590007/?gnt-cfr=1&gca-cat=p&gca-uir=false&gca-epti=z11xx54p119750c119750e002700v11xx54&gca-ft=248&gca-ds=sophi See https://www.25newsnow.com/2025/12/09/investigation-underway-after-39yearold-inmate-found-dead-peoria-jail-cell/ See https://www.25newsnow.com/video/2023/09/10/illinois-state-police-investigating-death-peoria-county-jail/ See https://www.centralillinoisproud.com/news/local-news/inmate-dies-inside-peoria-county-jail/ https://www.pjstar.com/story/news/crime/2010/11/12/charges-dropped-against-police-officers/42307963007/ https://www.25newsnow.com/2023/09/11/autopsy-inconclusive-peoria-county-jail-inmate/.

**153.** 7/3/25 Plaintiff was finally released from State Custody after Spending a week in Jail without seeing a Judge. This Conduct Violated Plaintiff 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution. an no Legal reason Against but to Block my access to the Federal Court, the Peoria County Defendants Subjected me to this Illegal Conduct Because of my race and Social status to which I belong to.

**154.** The City of Peoria, Illinois, has a population of approximately 116,000K citizens The Peoria Police Department has 220 Sworn Personnel. The demographic breakdown of the population is 53% White, 27% Black, 7% Latino, and 6% Asian. From 2019 through 2024, the Peoria Police Department conducted 53,046 total arrests. Out of these arrests, 35,030 were Black citizens, 16,802 were White citizens, 435 were Latino citizens, and 66 were Asian citizens, According to the Illinois Department of Transportation, traffic stops conducted by the Peoria Police Department disproportionately affect Black citizens. Black drivers account for (61%) of all stops, whereas white drivers make up (33%) despite Peoria's Black population being roughly (27%) of the city's total.

**155**. An August 2016 Peoria Journal Star article reported that Black Americans were admitted to Prison through the Peoria County justice system at roughly three times the rate of white residents, with 313 Black residents compared to 134 white residents. This disparity persisted despite a county population that was 72% white and 19% Black see https://www.pjstar.com/story/news/courts/2016/08/27/data-peoria-area-minorities-far/21833957007/ https://www.wcbu.org/peoria-public-radio-news/2017-11-08/peoria-ranks-2nd-worst-for-black-americans https://www.centralillinoisproud.com/news/local-news/peoria-conflictingly-ranked-on-list-for-worst-cities-for-black-americans-to-live-in/

**156**. 9/15/25 Approximately at 11.20 AM Plaintiff went to the Peoria County Courthouse to make a Formal Complaint with Peoria County Defendants State Attorney Hoos, Peoria County, against Defendants Peoria County, Peoria County Assistant State Attorney Kristin Alferink.

**157.** Plaintiff was told that the County of Peoria Defendants was not available, Plaintiff then was made aware that the Plaintiff could leave a Note. Plaintiff then left a Formal Complaint in a form of a Note. This Note Gave Notice to Defendants Peoria County, Peoria County State Attorney Hoos, that Defendants Peoria County Assistant Alferink, used Defendants City of Peoria, City of Peoria Sgt Lawrence of the (Auto Division), City of Peoria, Blue rubber Gloves as an Exhibit at my Trial for my Two Felony Charges for Case No. 23-CF-939.

**158**. Plaintiff then Left the Peoria Courthouse an went to Peoria City Hall to see if he could Talk to the City Peoria Policy Makers regarding a Matter that was making Plaintiff feel Uncomfortable. Plaintiff Spoke to Defendant City of Peoria Lead Attorney Patrick Hayes. Plaintiff gave Notice to the City of Peoria Defendants that he refused any offers to (WORK) for Defendants State Attorney Hoos, Peoria County, and the City of Peoria Defendants Greg Riley Defendants see Slaughterhouse Cases, 83 U.S. 36 (1872).

**159**. Plaintiff then went to were he was residing which was an Apartment in Peoria IL, 9/15/25 Plaintiff prior Associate Pulled up to where Plaintiff was staying this Associate had a (stick) in his Possession, (st term handgun that carry 30 shots) a conversation occurred.

**160**. Plaintiff Associate gave Notice to Plaintiff that the Defendants City of Peoria, City of Peoria Police Department, Just Caught him with a handgun an that he was trying to get a good deal from Defendants Peoria County, (Peoria County State Attorney Hoos).

**161.** Plaintiff Associate was sending him threats, but in a Subliminal Message way, the reason for this was Because of the Conspiracy with the County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, an Because of my Race and Social Status to which I Belong to these actions are Illegal an Violated my 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution an no Legal Reason Exist but to Block my Access to the Federal Court.

**162.** 9/16/25 the Honorable District Judge Hawley, Granted the Defendants Greg Riley, Peoria County, City of Peoria, motion to Dismiss. See Text Order ECF 44 the Honorable Court Gave Plaintiff until 10/7/25 to Amend his Complaint, Plaintiff had every Intention on Amending his Complaint, following Text Order 44 see https://law.justia.com/cases/federal/district-courts/illinois/ilcdce/1:2025cv01063/95424/44/

**163.** 9/21/25 Plaintiff concluded that he would not be safe in IL, and he would not be able to Litigate his Prior Lawsuit Properly because of the Conduct, Customs, Policies, Practices, of Defendants (Peoria County State attorney Hoos,) Peoria County, City of Peoria Defendants, Greg Riley Defendants.

**164.** Plaintiff then fled to a State to were he once Live, which is FL more Specifically Plaintiff bought a one-way Ticket to Tampa Bay Fl, Plaintiff Purchase this Ticket with Defendants Amtrak.

**165.**Plaintiff Boarded the Train at 9/21/225 at 7:00 PM the Address is 225 South Canal Street, Chicago, IL 60606. Defendants Peoria County (Hoos), Peoria County, City of Peoria, Greg Riley, had Co-Conspirators (Citizens), Amtrak Defendants, who agreed and went under Disguise on the Amtrak Train. The reason for this was to Subject Plaintiff to Harassment, Oppression, Injury, Stalking, this Conduct, Custom, Practices, are Illegal and it Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution see Griffin v. Breckenridge, 403 U.S. 88 (1971).

**166**. Defendants Amtrak Train 41 Floridian is the direct route to Tampa Bay Fl this Train stops at the Following States IN, OH, PA, MA, WV, D.C, VI, NC, SC, GE, Jacksonville Beach, then Tampa Bay FL. During this 40 hour Trip the Defendants County of Peoria, City of Peoria, Greg Riley, Amtrak Co-Conspirators, (Citizens), agreed and Subjected Plaintiff to harassment, Oppression, Injuries, Stalking, more Specifically these Defendants would have these Co-Conspirators do things that annoyed an Injure me. See Exhibit 10 Videos of Plaintiff Train Ride an Injury, Plaintiff went to go get some drinks when he returned to his chair one of the Co-Conspirators had cut the Plaintiff I-Phone Charger so that Plaintiff could not Charge his Phone an Communicate with anyone and to Block my Access to the Federal Courts.

**167**. during the Duration of this Trip these Co-Conspirators would try to coerced me into getting off the Train in States like MA, **D.C,** N.C, **PA** which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution the reason for this Coercion is Because of the Conspiracy with Defendants City of Peoria, County of Peoria, Greg Riley, Amtrak, an because of my Race and Social Status to which I belong to an no Legal reason exist but to block my access to the Federal Court, an so that I didn't Amend my Complaint this Conduct, Customs, Practices, was in Direct Violation of text Order ECF 44.

**168**. 9/23/25 Approximately at 5:00 am, before we got into Jacksonville FL one of the Co-Conspirators who were under Disguise Stated to me that there was no place in FL, that I could go without Defendants (Peoria County State Attorney Hoos,), City of Peoria, Greg Riley, Amtrak, not Knowing were the Plaintiff was at. This Conduct is Illegal and It Violated my 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. Plaintiff was Subjected to this Conduct, Custom, Practices, because of his Race, and Social Status, to which he Belong to an because of the Conspiracy with Defendants, Peoria County, Amtrak, City of Peoria, Greg Riley, and to Block my Access to the Federal Court an to stop me from Amending my Complaint. See ECF Text Order 44.

**169.** 9/23/25 Approximately at 5:52 AM Defendants, Amtrak worker Conductor John Doe, Amtrak Illegally Switched Plaintiff Destination Tag from Tampa Bay FL, to Jacksonville FL which he not allowed to do.

**170**.Plaintiff went to Protest this Illegal Switching of his Destination with Defendants Amtrak Worker Conductor John Doe, Amtrak, Specifically Plaintiff told these Defendants that his Designation was to Tampa FL, not Jacksonville Beach FL. Plaintiff then gave These Amtrak Defendants Notice that he was going to Call the Police in Jasonville Fl, and Report this Illegal Conduct See Exhibit 10 Videos of this encounter.

**171**. Plaintiff then went to talk to Defendants Amtrak Conductor Dewayne Ricketts, Amtrak, an Gave Notice that he did not want to get Kick off the Train in Jacksonville Beach FL for Exercising his 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution. The Amtrak Defendants Gave Plaintiff Notice that he did not have to get off in Jacksonville Beach Fl for excising his right to the U.S Constitution.

**172**. 9/23/25 Approximately at 6:00 AM the Amtrak Defendants, Ricketts, Amtrak Worker John Doe, Amtrak, Called the Jacksonville FL Sherriff Department an gave them False Information in regard of me exercising my 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution, the Amtrak Defendants Subjected me to this Illegal Conduct, Custom, Practices, Because of the Conspiracy with Defendants (Peoria County State Attorney Hoos) Peoria County, Greg Riley, City of Peoria).

**173**. 9/23/25 6:30 Defendants City of Jacksonville FL, Duval County FL, Deputy Sherriff L.M. Moses (#81185), Duval County FL, City of Jackson FL, agreed an Came on to the Amtrak Train an against my will Illegally told Plaintiff that he Had to get off in Jacksonville FL this Conduct was Illegal, this Illegal Seizure was with Probable Cause, exigent Circumstances, an in Bad Faith, Willful wanton, Intentionally, Maliciously, Specifically The detention was unreasonable because the officer lacked specific, articulable facts that a crime was afoot., the Only Information that the City of Jacksonville FL, Duval County FL, Defendants had at that time did not amount to a crime or Disturbance, or breach of peace. Plaintiff followed this Illegal Order when we got off the Train Plaintiff told these Defendants that he did Nothing wrong and Jax Beach was not his stop the Defendants City of Jacksonville FL, Duval County FL, Deputy Sherriff. L.M Moses gave Plaintiff Notice that he was Trespassed from this Specific Location and if he returned he would be subject to an illegal Arrest.

**174.** This Conduct Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution see United States v. Price, 383 U.S. 787 (1966) Specifically the Duval County FL, City of Jacksonville Fl, Subjected Plaintiff to this Illegal Conduct Because of Plaintiff Race and Social Status to which I belong and to Block my Access to the Federal Court and to stop me from Amending my Complaint this Conduct is Illegal.

**175.** the Defendants also Subjected me to this Illegal Conduct Because of the Conspiracy with Amtrak, City of Jacksonville FL, Duval County FL, Peoria County, City of Peoria, Amtrak Worker John Doe, Amtrak Worker Ricketts, (Peoria County State Attorney Hoos), Eric P. Echevarria City of Peoria Chief of Police Superintendent, City of Peoria Officer Megan Houghton # PP181, City of Peoria Officer Christina Chavez, City of Peoria Officer Ray Matthew #PP95, City of Peoria Officer Jacob Bradford #PP1052, City of Peoria Officer Evidence Technician John Peterson, City of Peoria Officer Sgt (Auto Division) Brett Lawrence,

**176**. City of Peoria Officer (Auto Division) Brian Terry, City of Peoria Officer Robert McMillen, City Of Peoria Officer Michael Johnston, City of Peoria Officer Matthew Mocilan, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, City Peoria Assistant Attorney Chrissie Kapustka, City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, Peoria County State Attorney Jodi Hoos, Peoria Assistant State Attorney Terry Muench, Peoria Assistant State Attorney Kristin Alferink, Peoria County Adult Probation Officer Supervisor Doug Hayes, Peoria County Adult Probation Officer Adriana Prokesh, Peoria County Court Security Cristian Munoz, Peoria Court Security DHS HRDLICKA, Greg Riley, Grey Riley Owner of Economy Auto Body Inc, City of Jacksonville FL, Duval County FL, Deputy Sherriff L.M. Moses (#81185), Duval County FL, City of Jackson FL,. Deputy Sherriff N.L Shobe.

**177**. 9/23/25 Approximately at 7:46 AM Defendants City of Jacksonville FL, Duval County FL, Deputy Sherriff N.L Shobe (#73724) agreed, Approved an Condone the Police Report, Body Camera, that shows the Harm, Constitutional Violation, which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution see Owen v. City of Independence, 445 U.S. 622 (1980).

**178.** Defendants Amtrak Sean Patrick Duffy U.S. Transportation Secretary have an Unwritten Policy, Custom, Practice, Kicking Citizens of the Train Without any Due Process an Equal Protections, which Violated Plaintiff and Similarly Citizens Rights under the 1st 4th 5th 8th 13th 14th Amendment to the U.S Constitution

**179. See https://abc7news.com/post/pastor-says-woman-kicked-off-train-is-victim-of-discrimination/5280362/** in this Article PITTSBURG, Calif. (KGO) -- A pastor in a small Texas town is coming to the defense of an elderly Bay Area woman kicked off an Amtrak train by a conductor. The widow boarded the train in Killeen, Texas, to make the move to the Bay Area to be reunited with her daughter. Mom almost didn't make it. Burson-Smith rode the train from her former home town of Killeen in Texas. She said everything was fine until a new attendant came on duty. The attendant ordered Burson-Smith off the train in Alpine.

**180. https://www.latintimes.com/amtrak-under-investigation-after-disabled-woman-allegedly-kicked-off-train-charged-extra-562032** in this Article Amtrak Under Investigation After Disabled Woman Allegedly Kicked Off Train, Charged Extra for Wheelchair and Service Dog.

**181.**Tiffany Allen seeks justice after she alleges being unfairly treated by Amtrak despite having a disability. Iowa woman Tiffany Allen, who is diagnosed with multiple sclerosis, alleges she was unfairly treated by Amtrak when they tried taxing on additional charges for her wheelchair and missed train. Allen claims the staff made her miss a train two days in a row, according to KETV NewsWatch 7. In May, Allen was on her way to New York from Omaha for a funeral, which she claims to have missed due to the ordeal. Despite arriving 30 minutes early, Allen was hit with several obstacles.

**182. https://www.kvrr.com/news/mahnomen-man-speaks-out-about-claims-of-discrimination-against-amtrak/article_6c2438f4-5b4d-5cd6-aef7-441fcf2542c1.html** in this Article MAHNOMEN, Minn. – "I use to enjoy the train but now I don't see myself ever riding the train because of this. You never know. You could be in the middle of Montana and they feel as though they going to kick you off and then they kick you off. How are you going to get home," Xavier Edison said? New video released from May 2019 shows Xavier Edison on his way from Detroit Lakes to the Twin Cities

**183.** He claims he was removed from an Amtrak train by police after he says he wanted to move to another seat to get away from a passenger who smelled of alcohol. Xavier says when he first sat down in an open seat, the conductor placed another man who smelled of alcohol next to him. He says after trying to move, the conductor told him to go back to his seat and threatened to kick him off the train. "I said 'Sir, I don't see the problem. There are 10 empty seats. I'm just going to sit back here,'"

**184.** Edison said in the video Bryan claims the conductor who told him to get off the train was involved in several prior race discrimination complaints, but no disciplinary action was taken. She says she's taken up other race-related cases involving Amtrak and believes fundamental changes are needed and hopes this lawsuit will do that. "This is one of those things where a conductor can ask a black man to get off the train or just forcefully remove a black man from the train and Rosa Parks refused to sit at the back of the bus so this would not happen today and it's happening on Amtrak," Bryan said.

**185.** 9/25/24 through 10/7/25 Plaintiff was in the Process of Amending his Complaint under Duress, Oppression, Stalking, Injury, Harassment, from the Duval County FL, City of Jacksonville FL, County of Peoria, City of Peoria, Amtrak, Greg Riley, Defendants. Plaintiff was Subjected to this Conduct because of his Race, and Social Status to which he Belong to an because of the Conspiracy with the Defendants in this Matter, an no Legal reason exist but to block Plaintiff access to the Federal Court an to stop me from Amending My Complaint. See Text Order ECF 44, see Chambers v. Nasco, Inc., 501 U.S. 32 (1991). https://law.justia.com/cases/federal/district-courts/illinois/ilcdce/1:2025cv01063/95424/44/.

**186.** 10/7/25 approximately at 7:20 AM Plaintiff was in the Process of Finishing up on Amending his Complaint Per District Court Text Order ECF 44. When Defendants Duval County FL, City of Jacksonville FL, City of Jacksonville FL/Duval County Deputy Sherriff Z. Nortum #88997 Illegally Seized Plaintiff. The Location of this Illegal Seizure,

**187.** was at RiverPlace Station which is Owned by Defendants City of Jacksonville FL (JTA), Jacksonville Transportation Authority the Address is 801 Flagler, Avenue Jacksonville FL.

801 Flagler Avenue
Jacksonville, Florida

| | |
|---|---|
| **Coordinates** | 30°19′03.5″N 81°39′24″W |
| **Owned by** | Jacksonville Transportation Authority |
| **Platforms** | 1 island platform |
| **Tracks** | 2 |
| **Connections** | Jacksonville Water Taxi |

https://www.google.com/local/place/fid/0x88e5b705173c09d3:0x4b3a553c7189330/photosphere?iu=https://streetviewpixels-pa.googleapis.com/v1/thumbnail?panoid%3Dsgzcc_LSwzBq1c9fHVsTzQ%26cb_client%3Dsearch.gws-prod.gps%26yaw%3D177.80794
https://en.wikipedia.org/wiki/Riverplace_station
https://en.wikipedia.org/wiki/Jacksonville_Transportation_Authority
https://www.google.com/maps/place/Riverplace+Station/@30.3176932,-81.656622,17z/data=!3m1!4b1!4m6!3m5!1s0x88e5b7053e0361e7:0x485033a4a40033f6!8m2!3d30.3176932!4d-81.656622!16s%2Fg%2F11bxj8j172!5m1!1e1?authuser=0&hl=en&entry=ttu&g_ep=EgoyMDI2MDcxNS4wIKXMDSoASAFQAw%3D%3D

**188.** Defendants Duval County FL, City of Jacksonville FL, City of Jacksonville FL/Duval County Deputy Sherriff Z. Nortum #88997 Brian Prangley International Management Company LLC, John Doe International Management Company LLC, International Management Company LLC, agreed an Illegally Willfully and Wanton, Intentionally, Maliciously, in Bad Faith, Without Probable Cause, or Exigent Circumstances Gave Notice to Plaintiff, that he was Trespassed from this Property which is Illegal, and Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendments to the U.S Constitution, specifically these Defendants had No Legal Authority to Trespass me off Public Property that they did not Own, Lease, Manage,

**189.** Rent, Guard. Plaintiff follow these Illegal Orders an Left the (Public Transportation Station River Place Station) that Open to any Member of the Public.

**190.** 10/7/25 Approximately at 8:10 AM. Defendants Duval County FL, City of Jacksonville FL, City of Jacksonville FL/Duval County Deputy Sherriff Z. Nortum #88997 ), City of Jacksonville FL/Duval County Sherriff D. Torres (#84997), City of Jacksonville FL/Duval County Sherriff G. Ladd (#84693) Brian Prangley International Management Company LLC, John Doe International Management Company LLC, International Management Company LLC, agreed an Illegally Willfully and Wanton, Intentionally, Maliciously, in Bad Faith, Without Probable Cause, Exigent circumstances, Subjected me to an Illegal Arrest which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14TH Amendment to the U.S Constitution see Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)

**191**. Defendants City of Jacksonville FL, Duval County FL, International Management Company LLC, Subjected Plaintiff to This Illegal Conduct an Arrest Because of his Social Status to which I belong to an Because of the Conspiracy with the City of Peoria Defendants, County of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, an to block my Access to the Federal Court, an to stop me from Amending my Complaint, which this Conduct is in direct violation of District Court Text Order ECF 44.

**192.** Defendants City of Jacksonville Florida, has an estimated population of over 1.01 million. With a Demographic makeup of approximately 49% White,

30% Black, 13% Hispanic, and 5% Asian.
https://en.wikipedia.org/wiki/Jacksonville,_Florida

**193.** the Jacksonville Sheriff's Office (JSO) employs approximately 3,500 total personnel, which includes roughly 2,000 sworn police officers and 950 sworn corrections officers. The department serves a community of nearly one million residents. https://www.jaxsheriff.org/Sheriffs-Office.aspx.

**194.** In Jacksonville/Duval County, demographic data reveals notable racial disparities in law enforcement stops and arrests. Black residents, who make up roughly 30% of the population, are disproportionately impacted, frequently accounting for the majority of traffic stops, pedestrian citations, and vehicle searches relative to white residents.

**195. see https://features.propublica.org/walking-while-black/jacksonville-pedestrian-violations-racial-profiling/ https://news.wjct.org/first-coast/2021-03-15/study-finds-disproportionate-number-of-duval-county-black-girls-arrested https://www.jaxcf.org/wp-content/uploads/2022/11/DUVAL-COUNTY-RACIAL-DISPARITIES-v6TCF.pdf**
Statewide demographic data from the Florida Department of Law Enforcement indicates that Black individuals account for the majority of arrests in Duval County, despite comprising roughly 29% of the county's population. Recent statewide arrest figures for the county show approximately 14,700 arrests of Black individuals, compared to 11,200 White individuals, Duval County's population is split roughly evenly (52% White, 29% Black),

**196.** yet the Florida Department of Law Enforcement Arrest logs typically report the Following Arrest: 14,700K Black Citizens Arrest (55%), White Citizens 11,200K Arrest (43%), Asian/Other Citizens 400 Arrest (2%).

**197.** was at RiverPlace Station which is Owned by Defendants City of Jacksonville FL (JTA), Jacksonville Transportation Authority the Address is 801 Flagler, Avenue Jacksonville FL.

| | |
|---|---|
| 801 Flagler Avenue Jacksonville, Florida | |
| **Coordinates** | 30°19′03.5″N 81°39′24″W |
| **Owned by** | Jacksonville Transportation Authority |
| **Platforms** | 1 island platform |
| **Tracks** | 2 |
| **Connections** | Jacksonville Water Taxi |

https://www.google.com/local/place/fid/0x88e5b705173c09d3:0x4b3a553c7189330/photosphere?iu=https://streetviewpixels-pa.goog

**198. Specifically 10/7/25 was Charged with Violation of FL State Statue 810. 09 (2), (a) Criminal Trespassing Failure to Leave, the Address for this alleged Offense was 1300 RiverPlace Blvd Jacksonville FL 32207 https://www.loopnet.com/Listing/1300-Riverplace-Blvd-Jacksonville-FL/4613320/ https://www.google.com/local/place/fid/0x88e5b705173c09d3:0x4b3a553c7189330/photosphere?iu=https://streetviewpixels-pa.googleapis.com/v1/thumbnail?panoid%3Dsgzcc_LSwzBq1c9fHVsTzQ%26cb_client%3Dsearch.gws-prod.gps%26yaw%3D177.80794**

4

**198.** Florida Legislators has Defined this as 810.09 (2)(a) Trespass on property other than structure or conveyance.

**199**. (1)(a) A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance: (2) Except as provided in this subsection, trespass on property other than a structure or conveyance is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. (a) If the offender defies an order to leave, personally communicated to the offender by the owner of the premises or by an authorized person, or if the offender willfully opens any door, fence, or gate or does any act that exposes animals, crops, or other property to waste, destruction, or freedom; unlawfully dumps litter on property; or trespasses on property other than a structure or conveyance, the offender commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083 (3) As used in this section, the term “authorized person” or “person authorized” means any owner, his or her agent, or a community association authorized as an agent for the owner, or any law enforcement officer whose department has received written authorization from the owner, his or her agent, or a community association authorized as an agent for the owner, to communicate an order to leave the property..

**200**. The City of Jacksonville FL Defendants, Duval County had No Probable Cause to Arrest me, nor was their Exigent Circumstances, this Illegal Arrest was Unreasonable and based of Noting but Falsified Evidence, that Came from International Management Company LLC Defendants, City of Jacksonville FL, Duval County FL, Defendants. Specifically, these Defendants Falsified the actual Location of this Illegal Arrest. Defendants International Management Company LLC had no Authority to have me Trespassed, Arrested, on Property that this Company did not Own, Manage, Rent, Lease, Guard.

**201** the Location were Plaintiff was Arrested at was a Public Parking Lot with No roof, No Walls, Trespassing Signs, Markers, not one Citizens that had Authority to Trespass me, told Plaintiff that he could not be on that Property and to not come back to where the Illegal Arrest occurred on 10/7/25. This Illegal Arrest was Intentional, Maliciously, Willfully and Wanton, in Bad Faith without Probable Cause, Exigent Circumstances, and it Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution see Chambers v. Florida, 309 U.S. 227 (1940)

202 Title XLVI Chapter 810 View Entire Chapter
CRIMES BURGLARY AND TRESPASS

**810.011 Definitions.** —As used in this chapter:

(1) "Structure" means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof (2) "Dwelling" means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof (3) Conveyance" means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car; and "to enter a conveyance" includes taking apart any portion of the conveyance.

**203.** Plaintiff was Subjected to this Illegal Conduct to Stop Plaintiff from Amending his Complaint and Complying with Text Order ECF 44, an because of Plaintiff Race and Social Status to which he Belong to, an because of the Conspiracy with the County of Peoria Defendants, City of Peoria Defendants, Amtrak Defendants, International Management Company LLC Defendants, City of Jacksonville FL Defendants, Duval County FL Defendants. https://www.news4jax.com/news/local/2025/10/14/woman-charged-in-violent-encounter-with-jso-officer-set-to-speak-publicly-with-attorneys-1-week-after-incident/ https://www.cbsnews.com/news/black-student-video-florida-officers-hitting-dragging-him-federal-lawsuit/ https://www.wusf.org/courts-law/2025-10-15/attorney-ben-crump-decries-jacksonville-sheriffs-office-for-unjustifiable-use-of-force https://www.nbcnews.com/news/nbcblk/lekeian-woods-files-federal-lawsuit-jacksonville-police-brutal-beating-rcna178225 https://cbs12.com/news/local/video-of-unarmed-florida-mans-arrest-sparks-outcry-over-police-brutality-accountability-travis-lamar-brinkley-william-mcneil-unarmed-tasing-beating-law-enforcement-misconduct-pattern-of-brutality-accountabilit

https://floridatrib.org/2024/04/22/jacksonville-man-beaten-by-jso-officers-avoids-jail-time-with-plea-deal/

**204.** 10/7/25 approximately at 9:50 AM Plaintiff was Taken to the Duval County Jail against his will in Violation of his 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution which is Located at 500 E. Adams Street, Jacksonville, FL 32202. Specifically, Plaintiff Arrest was based off Falsified Evidence by City of Jacksonville FL, Duval County FL Defendants, International Management Company LLC Defendants, who had not Lawfully Authority to Trespassed me, from Defendants City of Jacksonville FL Public Transit Authority RiverPlace Station.

**205.** City of Jacksonville L /Duval County Sherriff J.R Saldana (#84981), City of Jacksonville FL /Duval County Sherriff C.J. Dyal (#7783), City of Jacksonville FL/Duval County Sherriff D.D Boston (#65272), Approved Condone these illegal Conduct by Approving the report that contains the Written report, Body Cameras, that Contain the harm, Constitutional Violation, on 10/7/25 which Violated my 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**206.** 10/7/25 10:30 AM Plaintiff was being Processed in Jail we arrive to the Medical Intake, Plaintiff was given Notice by Defendants City Jacksonville FL, Duval County FL, City of Jacksonville FL/ Duval County FL Correctional Officer Sgt John Doe, Duval County FL Sherriff T.K Waters, NaphCare, Naphcare LPN Jane Doe, Chairman of the Board Jim McLane, Naphcare Inc CEO Bradford T McLane, City of Jacksonville FL Mayor Donna Deegan, that Plaintiff had to take an Involuntary take (TB) shot Pursuant to Defendants City of Jacksonville FL, Duval County FL, Duval Correctional Department, NaphCare Inc, Written an Unwritten Contract, Policies, Customs, Practices, which are in Violation of Plaintiff an Similarly Situated Citizens Rights to the 1st 4th 5th 8th 6th 13th 14th

**207.** These Contracts written, unwritten, Customs, Practices, Policies Subject Plaintiff and Similarly Situated Citizen to harm an Gross Hardship as a Class See https://www.scribd.com/document/662720849/GC-1580121-V1-Naphcare-70624-23-Inmate-Health-Care-Services-Agreement-1 this Inmate health Care Service Agreement was made and entered on 10/24/23 between the Defendants City of Jacksonville FL, Duval County, City of Jacksonville FL/Duval County FL Sherriff T.K. Waters, City of Jacksonville FL Mayor Donna Deegan, (NaphCare) Inc, Naphcare Chairman of the Board Jim McLane , Naphcare Inc CEO Bradford T McLane.

**208.** These Defendants entered a Contract Agreement Pursuant to 126.107 of the Jacksonville Ordinance Code Administrative Award Bid No.POA-70624-23, 7/19/23 to Provide Comprehensive Medical, Mental Health, Dental, Pharmacy, and Related Health Care and (Administrative) Services to (INMATES), at the Facilities in accordance with (Applicable Laws).

**209.** 10/7/25 Approximately at 10:35 AM Plaintiff was told by Defendants City Jacksonville FL, Duval County FL, City of Jacksonville FL/ Duval County FL Correctional Officer Sgt John Doe, Duval County FL Sherriff T.K Waters, City of Jacksonville FL Mayor Donna Deegan, NaphCare Inc, Naphcare Inc LPN Jane Doe, Naphcare Chairman of the Board Jim McLane , Naphcare Inc CEO Bradford T McLane, that if he didn't take a (TB) Shot he would then be Placed in Solitarily Confinement for the Duration of his stay which is Illegal and it Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution

**210.** Plaintiff then Relucted against his will took their (TB) Shot, this (TB) was not a Normal (TB) shot there was Something else in that Needle that has been causing Plaintiff Leg, Foot, Excruciating Pain. Plaintiff was Subjected to this Illegal Conduct, Policies, Practices, Customs, Ordinances, Contract, Because of the Conspiracy with Defendants City Jacksonville FL, Duval County FL, City of Jacksonville FL/ Duval County FL Correctional Officer Sgt John Doe, Duval County FL Sherriff T.K Waters, City of Jacksonville FL Mayor Donna Deegan, NaphCare Inc, Naphcare Inc LPN Jane Doe, City of Peoria Defendants, County of Peoria Defendants, Amtrak Defendants, International Management Company LLC Defendants, Greg Riley Defendants, an because of my Race an Social Status to which I belong to.

**211.** This Conduct was Deliberate Indifference, Willfully Wanton, Maliciously, Intentionally, in bad faith which has Caused Plaintiff Irrefutable Injury, Harm, and is in Violation of my 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. Specifically, there was No Probable Cause, No Exigent Circumstances, no Disease Outbreak, in the Jail, natural disasters, act of God, that would have Legally had the Defendants Force me to take this Involuntary (TB) Shot. See *Katz v. United States,* 389 U. S. 347 (1967) –

**212.**the individual's legitimate expectations that, in certain places and at certain times, he or she has "the right to be let alone -- the most comprehensive of rights and the right most valued by civilized Citizens .See *Olmstead v. United States*, 277 U. S. 438, Page 470 U. S. 759 See Erickson v. Pardus, 551 U.S. 89 (2007) See Estelle v. Gamble, 429 U.S. 97 (1976)

**213.** Plaintiff told these Defendant's that he Took a (TB) Shot on 7/4/20 while visiting Jax Beach. This TB Shot was administered at Baptist Medical Center Beaches Address is 1350 13th Ave S Jacksonville Beach FL 32250 an that the (fake TB Shot, was Unwarranted, unnecessary, Uncaused, for**)** because the (real TB shot Plaintiff took on 7/4/20 last for 10 to 20 Years).

**214.** Defendants Jacksonville Sheriff's Office signed a no-bid contract worth up to $110 million with the Alabama-based private firm NaphCare to take over health care services at the Duval County jail, following public scrutiny of the jail's former provider, Armor, which in at least one case was accused of failing to provide a man with a heart transplant critical medication**.**

**215.** Defendants Jacksonville Sheriff's Office ended its contract with a controversial inmate healthcare company and has signed on with another company that also has a (history of scandals). Both deals went through without public input or a competitive bidding process because healthcare contracts are exempt under Jacksonville city law. See https://www.news4jax.com/i-team/2023/07/27/new-jail-healthcare-contractor-didnt-go-through-competitive-bidding-process-thanks-to-little-known-city-law/ Jacksonville Procurement Code (Chapter 126 of the Jacksonville, Florida Ordinance Code) (Ord. 2023-20-E, § 3).

**216.** The change in contractors comes after the death of Dexter Barry, a 54-year-old heart transplant patient brought to the jail on a misdemeanor in November. The jail **failed for days to provide medication to prevent his body from rejecting his heart.** He died soon after.

**217.** Defendants City of Jacksonville FL, Duval County FL, City of Jacksonville FL/Duval County Sherrif T.K Waters, NaphaCare Inc, City of Jacksonville FL Mayor Donna Deegan, Naphcare Inc Chairman of the Board Jim McLane, Naphcare Inc CEO Bradford T McLane, have an Intentionally Systematic System of Providing inadequate Care, Service for its inmates that is well below Normal Constitutional Standards. This Conduct, Policies, Customs, Contract, Practices, are Deliberate Indifference, Intentionally, Knowingly, Willfully and Wanton, and Discriminate against Plaintiff and Similarly Situated with a Gross Hardship as Class, and are in Violation of Plaintiff and Similarly Situated right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution see Owen v. City of Independence, 445 U.S. 622 (1980)

**218.** See https://www.wusf.org/courts-law/2023-07-27/jacksonville-sheriff-explains-change-in-jails-health-care-provider-after-inmates-death Jacksonville Sheriff T.K. Waters says a new health care provider at the Duval County jail — selected after a former inmate's death — will better protect the community and inmates.

**219.** The sheriff and Mayor Donna Deegan held a news conference Tuesday to announce that the Jacksonville Sheriff's Office is canceling a $98 million contract with Armor Correctional Health Services. The change was first reported by *The Tributary*, a WJCT News partner Waters said the jail will switch to a $110 million contract with NaphCare, another private medical provider with a troubled record of inmate safety

**220.** This is a decision that we left up to the (sheriff)," Deegan said. "He took a look at everything that was happening, all the issues that you know very well, and I think he made a decision that he felt was in the very best interests of the citizens of Jacksonville**."**

**221.** Defendants City of Jacksonville FL, Duval County FL, City of Jacksonville FL/Duval County FL Sherrif T.K Waters City of Jacksonville FL Mayor Donna Deegan, Had Knowledge of Naphcare Inc History, Lawsuits, Complaints, Injuries, Service, Care, to its inmates. Defendants Sherriff T.K Waters, City of Jacksonville FL, Duval County FL, knew from the History, Lawsuit, Complaints, Injuries, service, Care, that Naphcare Inc provided. that future Injuries to its Inmates was foreseeable and they Intentionally, Knowingly, failed to act.

**222.**Instead of finding a company that Provides Inmates Adequate Quality Medical Care Services, these Defendants Deliberately Indifference, was Intentionally, Maliciously, Willfully and Wanton in bad faith. The Defendants went for the Cheaper Contract Per Ordinance. Instead of better a contract with a company that provide Inmates Adequate Quality Medical (care) service. The Defendants City of Jacksonville FL, Duval County FL, Naphcare Inc CEO, Chairman, Mayor of the City of Jacksonville FL, Sherriff of Duval County FL, had a Duty of Care, and they Breach that Duty by Providing Inmates inadequate (care) service. this Conduct Custom Practices, Contract, Polices, Ordinances, Violated Plaintiff and Similarly situated Citizens to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution an caused us harm.

**223.** See https://ag.ny.gov/press-release/2026/attorney-general-james-bars-correctional-health-care-provider-new-york-following in this article NEW YORK – New York Attorney General Letitia James today announced a settlement with correctional health care provider NaphCare, LLC (NaphCare) and its affiliate Proactive Health Care Medicine, PLLC (Proactive), following an investigation into three deaths at the Onondaga County Justice Center (OCJC) in Syracuse.

**224.** The Office of the Attorney General (OAG) found that NaphCare illegally practiced medicine in New York and broadly controlled medical decisions at OCJC despite not being licensed to provide medical services in the state. As a result of the investigation, NaphCare must pay $875,000 to the state and is barred from contracting to provide health services in any New York state or local correctional facility for five years.

**225.** https://www.prisonlegalnews.org/news/2026/jun/1/naphcare-pulls-out-of-washington-jails-after-lawsuit-payouts/ in this Article Prison healthcare profiteer NaphCare is a private company based in Alabama with over $300 million in revenue that is expected to exceed $1 billion within ten years. The company recently announced it is withdrawing operations from more Washington jails. In a statement, NaphCare said, “Unreasonably large civil verdicts have significantly increased liability exposure throughout the industry, making it more difficult for providers to sustainably operate in certain jurisdictions.”

**226.** The company operates in 23 states across the country, including Alabama, Nevada, Texas, and Virginia. By 2022, it had seen more than 150 lawsuits for "constitutionally inadequate and established practices," according to a lawsuit in which a federal jury awarded $25 million to a former Pierce County prisoner whose leg needed to be partially amputated due to NaphCare's medical neglect. Another, more recent lawsuit placed the lawsuit count at over 250.

**227.** NaphCare, like many other prison healthcare profiteers, contracts a flat fee for its services. This encourages them to lower their (standard of care). Jim McLane is the founder, owner and board chair of NaphCare. He told the Birmingham Business Journal that the key to his company's (profitability) is that it puts up "barriers so that [prisoners] do not avail themselves to unnecessary treatment." Those barriers are intrinsic to its business model such that staff are rewarded for denying healthcare. For the Regional Medical Director, their income is tied to profitability, incentivizing them to cut costs and even falsify records. The latter led to NaphCare agreeing to return $694,593 to the Federal Bureau of Prisons for submitting false claims.

**228.** See https://azcapitoltimes.com/news/2026/02/20/federal-judge-orders-takeover-of-arizona-prison-health-care-system/ in this Article After nearly a decade and a half of litigation, a federal judge has cleared the way for a court-ordered takeover of medical and mental health care at the Arizona Department of Corrections, Rehabilitation and Reentry, citing chronic, persistent constitutional violations. The order will effectively take the health care system out of the state's hands and place it under the care of a third party to address and alleviate insufficient staffing and health care delivery.

**229. "**Plainly, only the imposition of the extraordinary can bring an end to this litigation and the reasons it was brought," Judge Roslyn Silver wrote. "An end to unconstitutional preventable suicides. An end to unconstitutional preventable deaths. An end to unconstitutional failures to treat those in severe pain. The Motion for a Receiver will be granted." The class-action lawsuit came to the court in 2012, claiming inadequate medical, dental and mental health care, excessive isolation and insufficient conditions. Two years later, the parties reached a settlement agreement detailing 103 required health care and maximum custody improvements, approved by the court in 2015.

**230.** over the next six years, the court would field twelve motions to enforce the agreement. The department would be held in contempt twice and ordered to pay millions in fines for failure to comply with the stipulation. The court then rescinded the settlement agreement and initiated a fifteen-day bench trial in 2022 as well as a preliminary, then permanent, injunction identifying "persistent, unconstitutional"

**231.** conduct within Arizona's corrections facilities. he Court identified the overarching failures in the delivery of healthcare as seriously insufficient staffing, inappropriate use of nurses beyond the scope of their licensure, failure to manage complex patients or employ a differential diagnosis approach, substantially inadequate mental health treatment, and a deficient electronic health care record system," Silver wrote. "All these critical deficiencies were found to exist at every one of Defendants' complexes, rendering the healthcare delivery systemically unconstitutional."

**232.** 10/14/25 through 10/17/25 Plaintiff put Multiple Sick Call request in to Co-Conspirators Naphcare Inc, to see a Doctor with Defendants Napcare Inc, Naphcare Inc Jane Doe LPN, to inquire about the substance that the Defendants illegally injected me with that started to caused me Pain.

**233.** 10/18/25 through 10/20/25 Defendants Naphcare Inc LPN Jane Doe, Naphcare Inc, would Destroy my Sick call slips. Plaintiff would then give Notice to Naphcare Inc LPN Jane Doe, Naphcare Inc, that the Plaintiff Foot and Leg was hurting, and that Plaintiff needed to see a Doctor, or Specialist, the LPN would then State to me what (Sick Call Slips). This Conduct was Deliberate Indifference, Knowingly, Intentionally, Maliciously, Willfully and Wanton, in bad faith an no Legal reason for this Discrimination exist but to cause me harm, and to Block my access to the Federal Court see ECF Text Order 44.

**234.** Naphcare Inc, Naphcare Inc LPN Jane Doe, violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, the Defendants Subjected Plaintiff to this Conduct because of the Conspiracy with County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, City of Jacksonville Defendants, Duval County Defendants, International Management Company LLC Defendants, an because of my Race and Social Status to which I belong too.

**235.** Defendants City of Jacksonville Florida, has an estimated population of over 1.01 million. With a Demographic makeup of approximately 49% White, 30% Black, 13% Hispanic, and 5% Asian. Statewide demographic data from the Florida Department of Law Enforcement indicates that Black individuals account for the majority of arrests in Duval County, despite comprising roughly 29% of the county's population. Recent statewide arrest figures for the county show approximately 14,700 arrests of Black individuals, compared to 11,200 White individuals, Duval County's population is split roughly evenly (52% White, 29% Black).

**236.** In 2025, the average daily population (ADP) of the Duval County jail system ranged between 3,000 and 3,500 inmates. The Jacksonville Sheriff's Office operates multiple detention facilities in Florida, and the county experiences one of the highest incarceration rates among the largest counties in the state. See https://www.fdc.myflorida.com/content/download/41969/file/2025_09%20September%20FCDF.pdf

**237.** Gender: The incarcerated population is overwhelmingly male (approximately 85%–90%), with adult and juvenile females making up the remaining 10%–15%. fluctuating between 3,000 and 3,500 inmates. The demographic breakdown generally reflects that about 70% of the population is male and African Americans make up approximately 50% to 57% of those incarcerated, a disparity often linked to policing practices and mandatory sentencing laws.

**238.** 10/23/25 Plaintiff could not take the Pain and Suffering any Longer and the refusal (Torture) of the Defendants not allowing me to see a Doctor. when Defendants City of Jacksonville FL, Duval County FL, City of Jacksonville FL/ Duval County FL Correctional Guard John Doe, opened the Front Door to the Pod, Plaintiff stormed out the Door and Requested to be Seen by a Doctor or Specialist so that I may get treated for the Pain.

**239.** Plaintiff was met with a Taser and a Beam to his Face these Defendants Demanded Plaintiff to go back in the Pod. Plaintiff Protested this Order, Plaintiff Proceeded to Lay on the Ground in a Non-threaten Posture with my hands to the side Surrendering to the Defendants. Plaintiff Specifically told these Defendants that he needed to see a Doctor or Specialist because the Pain was getting Worse.

**240.** these Defendants told Plaintiff to get up and go stand in the corner Like a Child. Plaintiff Complied with this Illegal Order, these Defendants gave Plaintiff Notice that he could not go see the Doctor that day. Pursuant to Duval County Jail Policies, but a Doctor would see me the next day on 10/24/25. Plaintiff told These Defendants that this was unacceptable. The Defendants then stated that this was the best that they could do, Plaintiff then asked to be taken to another pod Because Plaintiff was not going back in that Pod without seeing A Doctor, Plaintiff then was moved to a different pod.

**241**. 10/24/25 Plaintiff did not get Called out to See a Doctor, Nurse, Specialist, Plaintiff was not Provided with any Medical Care, Services.

**242.** this Conduct was Deliberately Indifference, Knowingly Intentionally, Willfully Wanton, Maliciously, in bad Faith an No Legal Reason Exist but to Cause me Harm and Block my access to the Federal Court See ECF Text Order 44. this Conduct Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendments to the U.S Constitution. Plaintiff was also Subjected to this harm/ Conduct because of the Conspiracy with NapCare Inc Defendants, County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, City of Jacksonville FL/Duval County FL Defendants.

**243.** 10/28/25 Plaintiff was Released from the Duval County Jail without seeing a Medical Provider, this Conduct was Deliberate Indifference, Willfully and Wanton, Maliciously, in Bad Faith, an No Legal Reason exist but to Cause me harm, and block my access to the Federal Courts which Violated plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution Plaintiff was subjected to this Conduct Because of his Race and social status to which he belong to, an also because of the Conspiracy between County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, City of Jacksonville Defendants, Duval County Defendants, International Management Company LLC, Naphcare Defendants .

**244** 10/31/25 approximately at 12.00 PM, Plaintiff was Eating at the Southern Grill which is Located at 800 Flagler Ave, Jacksonville, FL 32207, when Multiple Deputy Sheriffs from the Duval County Fl Sherriff Office, came to this Same Location to Harass, Intimidate, Stalk, Oppress, the Plaintiff. Plaintiff stated to these Co- Conspirators that Defendants City of Jacksonville FL, Duval County FL, Tortured Plaintiff in the Duval County Jail. one of the Co-Conspirators Specifically told Plaintiff you (shouldn't have Resisted). which mean Plaintiff should have complied to the Illegal Conduct, Practices, Customs, from the Defendants Oppression, Injuries, Stalking, Harm Torture that Plaintiff endured in Duval County Jail and in FL.

**245.** this Conduct is Illegal and it Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution an no Legal Reason Exist but to block my Access to the Federal Court and to cause me harm. See https://www.google.com/maps/dir/Riverplace+Station,+Jacksonville,+FL+32207/The+Southern+Grill,+800+Flagler+Ave,+Jacksonville,+FL+32207/@30.3173784,-81.659623,17z/data=!3m1!4b1!4m22!1m8!3m7!1s0x88e5b70569c3e4a7:0x96ac4341d6aed6f2!2sT.

**246.** 11/1/25 Plaintiff left Jacksonville FL where he was residing, and Proceeded to Reside in Tampa Bay FL so that Plaintiff could Amend his Complaint without the Oppression, Harassing, Conduct, of the Defendants.

**247.** 11/16/25 the Peoria County Defendants, gave Orders to Citizens of Tampa Bay FL, who agreed and set a Huge Fire right by my Hotel Room which was at the Quality Inn Tampa Bay FL, Address is 4955 E 18th Ave Tampa, FL 33605.

**248**. This Conduct is Illegal and it Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, and no Legal reason for this Discrimination Exist but to Oppress, Injury, Bully, Intimidate, Plaintiff and block my Access to the Federal Court. Plaintiff was also Subjected to this Conduct Because of the Conspiracy with the County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, City of Jacksonville FL Defendants, Duval County Defendants, International Management Company LLC.

**249**. 12/1/25 County of Peoria Defendants, Put Illegal Passcodes on Plaintiff Pacer account, in order for Plaintiff to be able to Log in an Access my Pacer Account. This Conduct was Unreasonable without Probable Cause, Exigent Circumstances an it was Maliciously, Intentionally, Willfully and Wanted and in Bad Faith an No Legal reason for this Conduct to Exist but to Block my Access to the Federal Court an to Stop me from Amending my Complaint the Actions, Conduct, Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**250**. Plaintiff was also Subjected to this Conduct Because of the Conspiracy with the County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, City of Jacksonville FL Defendants, Duval County Defendants, International Management Company LLC.

**251**. 12/24/25 Plaintiff went to the Federal Courthouse Located at 801 N. Florida Ave, Tampa Bay FL, 33602 https://www.google.com/maps/place/TAMPA+FEDERAL+COURT+HOUSE/@27.9513665,- to report a few things, the Federal Courthouse was Closed due to it being Christmas Eve, Plaintiff felt overwhelm because of the Actions an Conduct, Customs, Practices, that the Defendants were Subjecting Plaintiff to, an because Plaintiff have never been away from his Children that Long.

**252.** 12/24/25 approximately at 7:44 AM one of the Defendants Co-Conspirator, came up to the Plaintiff an told him that the Building was Close. Plaintiff told the Guard that he Just needed a minute Because the things that he was facing was becoming overwhelming. This Co Conspirators then started to say things that was Rude, Oppressive, Racist, an uncaused for he Specifically called me a Nigger, an told me that the Federal Government do not want me, an that my own Mom Didn't want me. See Exhibit 11 of the Videos of this Encounter between Plaintiff and Co-Conspirators on 12/24/25.

**253.** this Conduct that the Co-Conspirators Subjected me to on Christmas Eve Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution an no Legal Reason Exist for this Discrimination but to Block my Access to the Federal Court.

**254.** Plaintiff was also Subjected to this Conduct because of the Conspiracy with Unknown Co-Conspirators, County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, City of Jacksonville FL Defendants, Duval County Defendants, International Management Company LLC.

**255.** 12/29/25 approximately at 8:20 AM, Plaintiff went back to the Federal Courthouse in Tampa Bay FL to report and give Video Evidence of the Encounter to a Supervisor, and to Make a Formal Compliant against the Security Guard at the Courthouse.

**256.** Plaintiff was Denied entry to the Federal Courthouse, the Same Security Guard an His Supervisor came to the Front entrance and told Plaintiff that he had to Leave, Plaintiff then Gave Notice to the Supervisor about the Illegal events that Occurred on Christmas Eve between Plaintiff, the Guard.

**257.** the Co-Conspirators then told Plaintiff to get off Federal Property or they were going to Call the Police and I would be Subjected to another Illegal Arrest, Plaintiff followed this Illegal Request an sat down on the Corner Curb to reevaluate the Situation.

**258.** 12/29/25 Approximately at 8:30 AM Defendants City of Tampa Bay FL, City of Tampa Bay FL Officer A. Valentine# 927, agreed an Pulled up in her Squad Car and told Plaintiff that he had to get off City of Tampa Bay FL, public property which was a Public Sidewalk.

**259.** Plaintiff Protested this Illegal Order and Stated that he was on City Property, and that he was trying to go in the Federal Court to Exercise his 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, and to Make a Formal Complaint Against the Sectary Guard, Defendants City of Tampa Bay FL, City of Tampa Bay FL Officer A. Valentine# 927, then Threaten Plaintiff that if he didn't Move an take his Property with him, that she would Impound my Property which Included my driving License, Legal Federals Lawsuit Papers, Clothes, everything that I Owned at that time without Notice and a Hearing this Conduct that Plaintiff was Subjected too from the Tampa Bay FL Defendants, Unknown Co-Conspirators, Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution this Illegal Seizure was without Probable Cause, Exigent Circumstances, Reasonable Suspicion, their actions was Intentionally, Willfully an Wanton, Maliciously an in Bad Faith.

**260.** No Legal reason Exist for this Discrimination, but to Block my access to the Federal Court, and cause me harm, the Defendants also Subjected me to this Conduct Because of my Race, Social Status to which I belong to, an Because of the Conspiracy with County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, City of Jacksonville FL Defendants, Duval County Defendants, International Management Company LLC City of Tampa Bay FL, City of Tampa Bay FL Officer A. Valentine# 927.

**261.** the Tampa Bay FL Metropolitan area is home to nearly 3.3 million residents. Law enforcement data reveals significant racial disparities in traffic stops and arrests; while Black residents make up about 20% of the city population, they account for roughly one-third of all traffic tickets and historically over half of all police arrests.

**262**. White: 57%Hispanic or Latino: 23% Black American: 11%Asian: 4% Other Two or More Races: 5%, while African Americans make up roughly 20-26% of Tampa's general population, historical police and traffic data has shown they account for over 50% of municipal arrests and a third of traffic citations

**263.** the Tampa Bay FL Defendants told me that they were going to Illegally Impound my Property in Pursuant to Tampa Bay FL, Illegal Municipals Codes FL State Statue, Ordinance, that Violates the 1st 4th 5th 6th 8th 13th 14th Amendment to the U.S Constitution. See 715.07. 1, Ch. 76-83; s. 221, Ch. 77-104; s. 2, Ch. 79-206; s. 2, Ch. 79-271; s. 2, Ch. 79-410; s. 1, Ch. 83-330; s. 51, Ch. 87-198; s. 3, Ch. 88-240; s. 9, Ch. 90-283; s. 839, Ch. 97-102; s. 18, Ch. 2001-64; s. 5, Ch. 2005-137; s. 11, Ch. 2006-172; s. 10, Ch. 2014-70; s. 7, Ch. 2020-174; s. 6, Ch. 2024-27.

**264.**https://library.municode.com/fl/tampa/codes/code_of_ordinances?nodeId=COOR_CH18PO (Ord. No. 89-268, § 2(29-25), 10-12-89),Ord. No. 89-268, § 2(29-1), 10-12-89) Ord. No. 89-268, § 2(29-26), 10-12-89; Ord. No. 90-256, § 2, 10-18-90; Ord. No. 91-133, § 3, 8-1-91)

**265.** Plaintiff Followed this Illegal Orders and Left the Public Side Walk.

**266**. 9/23/25 through 3/19/26 Plaintiff was Subjected to Illegal Conduct, Customs Practices Harassment, Stalking, Oppression, in FL by Local Police Officers, Citizens.

**267.** 1/29/26 Plaintiff submitted a Formal Complaint with Defendants, City of Jacksonville FL, Duval County FL, City of Jacksonville FL/Duval County FL Sherriff T.K. Waters, Naphcare Inc.

**268**. 2/4/26 Defendants City of Jacksonville FL, Duval County FL, City of Jacksonville FL/Duval County FL Sherriff T.K. Waters, Naphcare Inc Jennifer Owen Naphcare Inc Health Service Compliance Manager, Adeline Taylor Naphcare Health Service Administrator, sent Plaintiff a Letter to Plaintiff Homes address Acknowledging the Harm that Plaintiff experience in Jail.

**269.** the Letter Specifically stated an initial review of your Complaint with the Jacksonville Sherriff Office, Health Care Provider (Naphcare Inc) has been Completed.

**270.** After reviewing the Information that u had Provided, in addition to other available Documentation, this Complaint has been Logged into the Health Service Complaint Tracking System. (Naphcare Inc) is required to (review and Respond) to your Complaint the Response will be Directed to the Health Services Compliance Manager. The Health Services Compliance Manager Will Monitor the response of Naphcare Inc to ensure Compliance with the Required Standard of Medical Care.

**271**. 2/4/26 through 8/6/26 the Defendants in this matter have not Contacted me in Regard of my Complaint which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**272.** Plaintiff was Subjected to this Deliberate Indifference, willfully wanton, Maliciously, Intentionally, in Bad Faith Conduct, Customs, Contract, Practices, because of Plaintiff Race and Social Status to which I Belong to. an Because of the Conspiracy with the County of Peoria Defendants, City of Peoria Defendants, Greg Riley Defendants, Amtrak Defendants, International Management LLC Defendants, City of Jacksonville Defendants, Duval County Defendants, Naphcare Inc, Defendants City of Tampa Bay FL Defendants.

**273.** 11/21/23 through 11/21/26, Plaintiff have been Denied the use, and Possession of His Vehicle, in Pursuant to Defendants City of Peoria Municipals Codes, IL State Statues, Ordinances, Customs, Practices, Fees, Lien, Administrative Fees, in Violation of Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution these Municipals Codes, IL State Statues, Ordinances, Customs, Practices, Fees, Lien, Administrative Fees are Unconstitutional an should declared Void on its face an how its applied to minority's citizens, an in Violation of the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**274.** 6/27/25/ through 11/21/26, Plaintiff will not be able to Properly Communicate in Writing, Mail, Emails, Cellphone, Social Media, with his Family (Children), Friends, the Honorable Courts (Across this Nation), without Interference from the Defendants which is Illegal an Violates Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. This Conduct, Customs, Practices, is Unreasonable without Probable Cause, Exigent Circumstances, and it is Intentionally, Maliciously, Willfully and Wanton, Deliberate Indifference, an in Bad Faith, an no Legal reason exist but to block my access to the Federal Court an to Cause me Harm.

**275.** 2/4/25 through 11/21/26 Plaintiff will be deprived of the best thing that ever happen to him which is his (Children), Plaintiff (unalienable rights, Pursuit of Happiness), have been infringed upon, which Violates Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution. An no Legal reason exist for this Discrimination but to block my Access to the Federal Courts and to Cause me Irrefutable Harm, injury.

**276.** 10/7/25 through 11/21/26 Plaintiff have been, an will be Subjected to an Experience, Excruciating Pain, because of the Defendants Conduct, Policies, Ordinances, Practices, Customs, Contracts, which are Deliberate Indifference, Willfully Wanton, Intentionally, Maliciously, in bad faith Without Probable Cause, or Exigent Circumstances which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**277.** "If the Honorable Court refuses to issue a Universal Temporary and Permanent Injunction Relief, Declaratory Judgement, Plaintiff, along with his family, and friends, (Children), will continue to be subjected to the illegal Conduct, Customs, Practices, Ordinances, State Statues, Contracts, that Occurred in paragraphs 1 through 279 of this Complaint. This (evil) Illegal Conduct has been ongoing since 2012 an it must be Stopped."

**278.** Plaintiff suffered, (experienced) including but not Limited to, Emotional Injuries, PTSD, Paranoia, Discomfort, including Pain and Suffering, Mental, and Physical, Emotional Distress, Loss of Appetite, Anxiety, Loss of consortium, loss of society and companionship as a direct result of the Defendants Conduct, Policies, Customs, Practices, Ordinances, Municipals Codes, IL, FL, State Statues, Illegal Arrest, Seizure, Illegal Eavesdropping Violation, Detention, Contracts, Due Process Violations, Equal Protection Violation, First Amendment Violation, Cruel and Unusual Punishment Violations, Conspiracy, Failure to Act /Intervene.

**279.** 9/15/25 through 8/6/26 the Defendants Conduct that occurred has earned them equitable estoppel. See Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231 (1959), were the Honorable U.S Supreme Court has (held we need look no further than the maxim that no Man or Woman may take advantage of their own wrong. Deeply rooted in our Jurisprudence, this principle has been applied in many Diverse classes of Cases by both Law and Equity courts) See *Schroeder v. Young*, 161 U.S. 334 (1896).

Page 359 U. S. 233

Nemo tantam potentiam habere debet" (No one should have so much power.'')

Veritas et Justitia, (Truth and Justice)

*Nemo debet bis puniri pro uno delicto,* (*No one can be punished twice for the same offense or Misdemeanor)*

Vox Heroum (The Voice of the Heroes)

**Count 1. False Arrest under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, as well as 42 U.S.C 1983, 1985, 1986,**

Against Defendants, City of Peoria, Peoria County, City of Peoria Officer Houghton, City of Peoria Officer Bradford, City of Peoria Officer Chavez, City of Peoria Officer Matthew, County of Peoria Assistant State Attorney Muench, County of Peoria State Attorney Hoos, Peoria Assistant State Attorney Kristin Alferink,

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). the Actions of Defendants Police Officers, City of Peoria, Peoria County, State Attorney Office, in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion, or probable cause, exigent circumstances, violated Plaintiff's rights under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and pursuant to 42 U.S.C. § 1983 1985, 1986.

(c). the Misconduct of Defendants Police Officers, City of Peoria, County of Peoria, State Attorney Office, was objectively, subjectively, unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith and with a knowing disregard for Plaintiff's clearly established constitutional rights.

(d). Absent Defendants aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence, and the fabrication of evidence, the prosecution of Plaintiff would not have been pursued.

(e). The aforesaid misconduct of Police Officers, City of Peoria, Peoria County, State Attorney Office, directly and proximately resulted in the unjust and wrongful arrest of Plaintiff and his wrongful imprisonment.

(f). As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above,(experienced) including but not Limited to, Emotional Injuries, PTSD, Paranoia, Discomfort, including Pain and Suffering, Mental, and Physical, Emotional Distress, Loss of Appetite, Anxiety, Loss of consortium, loss of society and companionship irrefutable injury to his Constitution rights, as a direct result of the Defendants Conduct, Policies, Customs, Practices, Ordinances, Municipals Codes, IL, FL, State Statues, Illegal Arrest, Seizure, Illegal Eavesdropping Violation, Detention, Due Process Violations, Equal Protection Violation, First Amendment Violation, Cruel and Unusual Punishment Violations Conspiracy, Failure to Act /Intervene.

wherefore, Plaintiff Alfonzo Hill Pro se, pray that the Judgement be entered against Defendants for:

**1.** Compensatory damage in an amount of 3 Million Dollars.

**2.** Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 4 Million Dollars a Piece.

**3.** Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals.

**4.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law;

**5.** Pre- and post-judgment interest as permitted by law; and

**6.** Such other relief, including Universal injunctive relief, specifically issue a temporary, permanent, Universal injunction enjoining and restraining the City of Peoria, Peoria County its agents, employees, representatives, third party, or any other person acting in concert, directly or indirectly with or on behalf of the City of Peoria, County of Peoria from Committing the Conduct that occurred in paragraph 1 through 279.

**7**. Permanent, Temporary, Universal injunctive relief prohibiting an enjoining the City of Peoria, County of Peoria, its agents, employees, representatives, third party, or any other person acting in concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, from engaging in future efforts, conduct that occurred in paragraphs 1 through 279, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, an caused Plaintiff Physically an Emotional harm.

**Count 2. Unconstitutional Taking without Just Compensation under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, as well as 42 U.S.C 1983, 1985, 1986**

Against Defendants, City of Peoria, County of Peoria, Riley, Economy Inc, City of Peoria Officer Houghton, City of Peoria Officer Bradford, City of Peoria Officer Matthew, City of Peoria Officer (Auto Division) Terry, City of Peoria Officer (Auto Division) Sgt Lawrence, City of Peoria Officer Chavez, City of Peoria Chief of Police Echevarria (Superintendent), City of Peoria Mayor Ali, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Toren, City of Peoria Lead Attorney Hayes, City Peoria Assistant Attorney Kapustka, City of Peoria Councilmen. Allen, City of Peoria Councilmen M Oyler, City of Peoria Manager Urich, Peoria County State Attorney Hoos, Peoria Assistant State Attorney Muench, Peoria Assistant State Attorney Alferink.

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). the 5th Amendment to the U.S Constitution as applied to the states through the 14th Amendment provides that private property should not be taken without just compensation.

(c). Plaintiff had a vested Property rights in his car, Plaintiff possessed the Legal Title and my car was registered in my name.

(d). Defendants took Plaintiff car like a thief in the night, by transferring Plaintiff Title and car out my name, an otherwise disposing of Plaintiff car.

(e). Defendants choice to sign over my car does not extinguish Plaintiff vested property rights to my car, the Transfer of my Title to my car does not eliminate defendants' constitutional duties to compensate Plaintiff for the Taking, the value of my Property, and the Emotional, Physical Harm.

(f). Defendants acted under color of State Law, IL State Statues, City of Peoria Contracts, Ordinances, Customs, Practices when they Illegally took Plaintiff car.

(g). the Misconduct of the Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, Grey Riley, Economy Auto Body Inc, Peoria County, Peoria County State Attorney Office, was Subjectively, Objectively, unreasonable and was undertaken without Probable Cause, Exigent Circumstance, Intentionally, with Malice, in bad faith with a knowingly disregard of Plaintiff Clearly established Constitutional Rights.

(h). Defendants took Plaintiff car Pursuant to City of Peoria County of Peoria Greg Riley Economy Auto Body Inc, IL State Statues, Peoria City Ordinances, Contracts, Customs, Practices, Policies, namely it's tow, impound, fees, Ordinances, that were approved knowingly by its official Policy Makers.

(i). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(j). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

**1..** Compensatory damage in an amount of 3 Million Dollars.

**2.** Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 4 Million Dollars a Piece.

**3.** Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals**.**

**4.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.

**5.** Pre- and post-judgment interest as permitted by law; and

**6.** Such other relief, including Universal injunctive relief, specifically issue a temporary, permanent, Universal injunction restraining and enjoining the conduct, Future Conduct, an enforcement of the State of IL Statues, City of Peoria Ordinance, Municipals Codes, City of Peoria Directive General Order, 400.44 wanted, 625 ILCS 5/4- 208, (625 ILCS 5/4-203), (Hobson Choice) Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 County of Peoria, State of IL, its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, State of IL, from Committing the Conduct and from Implementing the Statues, Ordinances, Municipal Codes, General Order, that occurred in paragraph 1 through 279.

**7.** Permanent, Temporary, Universal injunctive relief prohibiting an enjoining the City of Peoria, County of Peoria, State of IL, its agents, employees, representatives, third party, or any other person acting in concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, State of IL Greg Riley, from engaging in future efforts conduct that occurred in paragraphs 1 through 279, and a declaratory judgments that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, and a declaratory Judgement Declaring City of Peoria Directive General Order 400.44 wanted, 625 ILCS 5/4- 208, (625 ILCS 5/4-203), (Hobson Choice) Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 are Unconstitutional on its face and how it Applied to Poor Minority Citizens an in Violation of

The 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**Count 3 Unconstitutional Initial Seizure under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment, as well as under 42 U.S.C 1983, 1985, 1986**

Against Defendants City of Peoria, City of Peoria Officer Bradford, City of Peoria Officer Houghton, City of Peoria Officer Matthew, Greg Riley, Economy Auto Body Inc, City of Peoria Chief of Police Echevarria (Superintendent), City of Peoria Mayor Ali, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Toren, City of Peoria Lead Attorney Hayes, City Peoria Assistant Attorney Kapustka, City of Peoria Councilmen. Allen, City of Peoria Councilmen M Oyler, City of Peoria Manager Urich, Peoria County State Attorney Hoos

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). The 4th Amendment to the U.S Constitution, as applied to the States through the 14th Amendment secures the right to be free from Unreasonable Searches and Seizures of their Property.

(c). Towing a Car is a Seizure under the 4th Amendment and must be supported by either a Warrant or an exception to the warrant requirement.

(d). all named Defendants in this Count did not have Warrant, Probable Cause, when they Illegally Seized Plaintiff Car nor was the Seizure justified by state law, or any exception to the Warrant Requirement.

(e). the Misconduct of the Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, Grey Riley, Economy Auto Body Inc, Peoria County, Peoria County State Attorney Office was Objectively, Subjectively, unreasonable and was undertaken without Probable Cause, Exigent Circumstance, their Conduct was Deliberate Indifference, Intentionally, with Malice, in bad faith with a knowingly disregard of Plaintiff Clearly established Constitutional Rights.

(f). Defendants took Plaintiff car Pursuant to City of Peoria County of Peoria Greg Riley Economy Auto Body Inc, IL State Statues, Peoria City Ordinances, Customs, Practices, Policies, Written Contracts, namely it's tow, impound, fees, Ordinances, that were approved knowingly by its official Policy Makers.

(g). Plaintiff Car was Illegally Seized without a warrant, Probable Cause, Exigent Circumstances, to secure a future payment of an illegal debt based of an illegal scheme for the illegal taking, Towing, Impoundment, Fees, Storage, of my Car which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

(h). all named Defendants were acting in concert and under Color of State Law when they Illegally towed, Impounded, Storage Plaintiff car without Notice and an Opportunity to be heard, without any Due process Equal Protections.

(i). As a result, Defendants' misconduct Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, Contracts, directly and proximately caused Plaintiff to suffer and Continue to suffer Irrefutable violations of my Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(j). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

**1**. Compensatory damage in an amount of 4 Million Dollars.

**2.** Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 5 Million Dollars a Piece.

**3.** Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals.

**4.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.

**5.** Pre- and post-judgment interest as permitted by law; and

**6.** Such other relief, including Universal injunctive relief, specifically issue a temporary, permanent, Universal injunction restraining and enjoining the conduct, Future Conduct, an enforcement of the State of IL Statues, City of Peoria Ordinance, Municipals Codes, City of Peoria Directive General Order 400.44 wanted, 625 ILCS 5/4- 208, (625 ILCS 5/4-203), (Hobson Choice) Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 County of Peoria, State of IL, its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, State of IL, from Committing the Conduct and from Implementing the Statues, Ordinances, Municipal Codes, General Order, that occurred in paragraph 1 through 279.

**7.** Permanent, Temporary, Universal injunctive relief prohibiting an enjoining the City of Peoria, County of Peoria, State of IL, its agents, employees, representatives, third party, or any other person acting in concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, State of IL Greg Riley, from engaging in future efforts conduct that occurred in paragraphs 1 through 279, and a declaratory judgments that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, and a declaratory Judgement, Declaring City of Peoria Directive General Order 400.44 wanted, 625 ILCS 5/4- 208, (625 ILCS 5/4-203), (Hobson Choice) Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 are Unconstitutional on its face and how it Applied to Poor Minorities an in Violation of the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**Count 4 Procedure Due Process-Pre-Deprivation under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution as well as under 42 U.S.C 1983, 1985, 1986**

Against Defendants Against Defendants City of Peoria, City of Peoria Officer Bradford, City of Peoria Officer Houghton, City of Peoria Officer Matthew, Greg Riley, City of Police Officer (Auto Division) Sgt Lawrence, City of Peoria Officer (Auto Division) Terry, Economy Auto Body Inc, City of Peoria Chief of Police Echevarria (Superintendent), City of Peoria Mayor Ali, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Toren, City of Peoria Lead Attorney Hayes, City Peoria Assistant Attorney Kapustka, City of Peoria Councilmen. Allen, City of Peoria Councilmen M Oyler, City of Peoria Manager Urich, Peoria County State Attorney Hoos, Peoria County Assistant State Attorney Alferink

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). the 14th Amendment provides that no person shall be deprived of Property without due process of law.

(c). the fundamental requirement of due process is the opportunity to be heard in a Meaningful Time, and in a Meaningful Manner, notice of a Hearing must be ("reasonably calculated" under all circumstances to apprise Citizens of the pendency of the forfeiture proceedings), the Government must provide notice reasonable calculated, and an Opportunity to be heard before it seizes, Forfeit, Sell, Scrap Dispose, of property.

(d). the Defendants in this Count did not Provide Plaintiff with any Notice before they Seized, Forfeit, Sold, Scrap Disposed, Plaintiff Car Illegally.

(e). the Defendants in this Count did not Provide Plaintiff an Opportunity to be heard before they Seized, Forfeited, Sold, Plaintiff Car.

(f). the Defendants in this Count did not provide notice of a hearing reasonably calculated to apprise Plaintiff of the forfeiture hearing, the Defendants also did not provide me with any swift Post- Deprivation Notice and a Hearing.

(g). Individuals have a Significant interest in and need for their cars a person ability to make a Living, many Individuals depends on their car to see their Children, Family, to get to Work, Medical Appointments, Court Dates.

(h). Defendants failure to provide Pre-Deprivation Notice and a hearing combine with the fact that they do not Provide swift Post-Deprivation Hearing combine with the facts that they sell, destroy, scrap, dispose, of Vehicle's when Notice of these Hearing are Intentionally Mailed to an Address where they Know the Citizen is not at creates a high Arbitrary risk of severe (final) Deprivation.

(i). Plaintiff Car was Illegally Seized without a warrant, Probable Cause, exigent circumstances, to secure a future payment of an illegal debt based of an illegal scheme for the illegal taking, Towing, Impoundment, Fees, Storage, of my Car which Violated Plaintiff 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution this Conduct was Maliciously, Intentionally, Willfully and Wanton an in bad faith with a knowingly disregard of Plaintiff Clearly established Constitutional Rights.

(j). Defendants took Plaintiff car Pursuant to City of Peoria, County of Peoria, Greg Riley Economy Auto Body Inc, IL State Statues, Peoria City Ordinances, Customs, Practices, Policies, Written Contracts, namely it's tow, impound, fees, Ordinances, that were approved knowingly by its official Policy Makers

(k). As a result, Defendants' misconduct Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, Contracts, directly and proximately caused Plaintiff to suffer and Continue to suffer Irrefutable violations of my Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(l). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

**1**. Compensatory damage in an amount of 5 Million Dollars**.**

**2.** Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 5 Million Dollars a Piece.

**3.** Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals**.**

**4.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.

**5.** Pre- and post-judgment interest as permitted by law; and

**6.** Such other relief, including Universal injunctive relief, specifically issue a temporary, permanent, Universal injunction restraining and enjoining the conduct, future Conduct an enforcement of the State of IL Statues, City of Peoria Ordinance, Municipals Codes, City of Peoria Directive General Order 400.44 wanted, 625 ILCS 5/4- 208, (625 ILCS 5/4-203), (Hobson Choice) Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 County of Peoria, State of IL, its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, State of IL, from Committing the Conduct and from Implementing the Statues, Ordinances, Municipal Codes, General Order, that occurred in paragraph 1 through 279.

**7.** Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, and a declaratory Judgement, Declaring City of Peoria Directive General Order 400.44 wanted, 625 ILCS 5/4- 208, (625 ILCS 5/4-203), (Hobson Choice) Municipals Codes Sec. 15-77. - Vehicle seizure and impoundment, Fees, (Ord. No. 15922, § 2, 4-25-06; Ord. No. 16295, § 1, 6-24-08 are Unconstitutional on its face and how it Applied to Poor Minorites an in Violation of the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**Count 5 Unreasonable Seizure under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment as well as under 42 U.S.C 1983, 1985,1986**

Against Defendants City of Peoria, County of Peoria, Greg Riley, Economy Auto Body Inc, City of Peoria Chief of Police Echevarria (Superintendent), City of Peoria Mayor Ali, City of Peoria Councilmen. Allen, City of Peoria Councilmen M Oyler, City of Peoria Manager Urich, Peoria County State Attorney Hoos, Peoria County Assistant State Attorney Alferink, Peoria Assistant State Attorney Terry Muench, Peoria Assistant State Attorney Kristin Alferink, Peoria County Adult Probation Officer Supervisor Doug Hayes, Peoria County Adult Probation Officer Adriana Prokesh, Peoria County Court Security Cristian Munoz, Peoria Court Security DHS HRDLICKA

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). The 4th Amendment to the U.S Constitution, as applied to the States through the 14th Amendment secures the right to be free from Unreasonable Searches and Seizures of their Property.

(c) the Actions of Defendants Police Officers, City of Peoria, Court Security County of Peoria, State Attorney Office, in falsely detaining, arresting, Seizing, and imprisoning Plaintiff without reasonable suspicion, or probable cause, exigent circumstances, or bringing Plaintiff before the nearest Judge violated Plaintiff's Amendment rights under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and pursuant to 42 U.S.C. § 1983 1985, 1986.

(d). the Misconduct of Defendants Police Officers, City of Peoria, County of Peoria, County of Peoria Court Security, State Attorney Office, was objectively unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith and with a knowing disregard for Plaintiff's clearly established constitutional rights.

(e). The aforesaid misconduct of Police Officers, City of Peoria, County of Peoria, County of Peoria Court Security, State Attorney Office, directly and proximately resulted in the unjust and wrongful arrest Seizure of Plaintiff and his wrongful imprisonment.

(f). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(g). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

1. Compensatory damage in an amount of 5 Million Dollars.
2. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 5 Million Dollars a Piece.
3. Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals.
4. . Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.
5. Pre- and post-judgment interest as permitted by law; and
6. Such other relief, including Universal injunctive relief injunction restraining and enjoining the conduct, future Conduct that Occurred in paragraphs 1 through 279 its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, from Committing the Conduct that Occurred in Paragraphs 1 through 279.
7. Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and caused Plaintiff Physical an Emotional harm.

**Count 6 Cruel and Unusual Punishment under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution as well as under 42 U.S.C 1983, 1985, 1986**

Against Eric P. Echevarria City of Peoria Chief of Police Superintendent, City of Peoria Officer Megan Houghton # PP181, City of Peoria Officer Christina Chavez, City of Peoria Officer Ray Matthew #PP95, City of Peoria Officer Jacob Bradford #PP1052, City of Peoria Officer Evidence Technician John Peterson, City of Peoria Officer Sgt (Auto Division) Brett Lawrence, City of Peoria Officer (Auto Division) Brian Terry, City of Peoria Officer Robert McMillen, City Of Peoria Officer Michael Johnston, City of Peoria Officer Matthew Mocilan, City of Peoria Staffer Legal Administrative Specialist Andrea Burt, City of Peoria Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, City Peoria Assistant Attorney Chrissie Kapustka, City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, Peoria County State Attorney Jodi Hoos, Peoria Assistant State Attorney Terry Muench, Peoria Assistant State Attorney Kristin Alferink, Peoria County Adult Probation Officer Supervisor Doug Hayes, Peoria County Adult Probation Officer Adriana Prokesh, Peoria County Court Security Cristian Munoz, Peoria Court Security DHS HRDLICKA, Greg Riley, Grey Riley Owner of Economy Auto Body Inc

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). The 8th Amendment to the U.S Constitution made applicable to the States by the 14th Amendment to the U.S Constitutions Secured the right to be Free from Cruel and Unusual Punishment.

(c). the Actions of Defendants Police Officers, City of Peoria, County of Peoria, State Attorney Office, Peoria County Court Security, City of Peoria Policy Makers,

Greg Riley, Economy Auto Body Inc, denied (Tortured) Plaintiff Adequate Quality Medical Care Services, by not allowing Plaintiff to go to the Hospital when Plaintiff told these Defendants that he felt as if he been Involuntary Drugged, Plaintiff needed the service and care of a Doctor to test his Blood to see what was making Plaintiff feel the way he did. These Defendants Conduct was Deliberately Indifference, Intentionally, Maliciously, Willfully and Wanton in bad faith and no Legal Reason exist but to Cause Plaintiff harm and block Plaintiff access to the Federal Court.

(d). The Elementary principles established the Governments' obligation to provide Adequate Medical Care, for those who it is Punishing by Incarceration an Inmate must rely on Prison Guards, Court Security, County Authorities, Doctors, LPN, RPN, Dentist, to treat their medical needs when Authorities fail to do so, those needs will not be met such Intentionally failure actually produce physical torture. This is true Whether the indifference is manifested by prison doctors, in their Response to Prisoner needs, or by Correctional Guards, LPN, intentionally denying or delaying access to medical care.

(e). the 8th Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency, Deliberate indifference to serious medical needs by prisoners constitutes the unnecessary and wanton infliction of pain.

(f). all named, unnamed, Defendants were acting in concert and under Color of State Law when they denied (Tortured) Plaintiff request for Adequate Quality Medical Care Services, by not allowing Plaintiff to go to the Hospital when Plaintiff told these Defendants that he felt as if he been Involuntary Drugged, and Plaintiff needed the service and care of a Doctor to test his Blood.

(g). the Misconduct of Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL, Sheriff, Deputy Sheriffs, Tampa Bay FL, Naphcare Inc, International Management Company LLC, was objectively, subjectively, unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith Maliciously and with a knowing disregard for Plaintiff's clearly established constitutional rights

(h). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, Deliberately Indifference, directly and proximately caused Plaintiff to suffer and Continue to suffer unnecessary and wanton infliction of pain, Irrefutable violations of my Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(i). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

1. Compensatory damage in an amount of 6 Million Dollars.
2. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 7 Million Dollars a Piece.
3. Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals.
4. . Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.
5. Pre- and post-judgment interest as permitted by law; and
6. Such other relief, including Universal injunctive relief injunction restraining and enjoining the conduct, future Conduct, that Occurred in paragraphs 1 through 279 its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, from Committing the Conduct that Occurred in Paragraphs 1 through 279.

**7.** Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and caused Plaintiff Physical an Emotional harm.

**<u>County 7 Unreasonable Seizure under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution as well as under 42 U.S.C 1983 1985 1986</u>**

Against Amtrak, Sean Patrick Duffy U.S. Transportation Secretary, John Doe Amtrak Worker, Dewayne Ricketts Amtrak Worker, City of Peoria, County of Peoria, County of Peoria State Attorney Hoos, Greg Riley, City of Jacksonville FL, Duval County FL, City of Jacksonville Fl/Duval County FL Sherriff T.K Waters, City of Jacksonville FL/Duval County FL Sherriff L.M Moses (#81185), City of Jacksonville City of Jacksonville FL, Duval County FL, Deputy Sherriff N.L Shobe (#73724).

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). The 4th Amendment to the U.S Constitution, as applied to the States through the 14th Amendment secures the right to be free from Unreasonable Searches and Seizures of their Property.

(c). the Actions of Defendants Police Officers, City of Peoria, County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL, Sheriff Deputy, Sheriffs, in falsely detaining, Seizing, Plaintiff without reasonable suspicion, or probable cause, exigent circumstances, violated Plaintiff's rights under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and pursuant to 42 U.S.C. § 1983 1985, 1986.

(d). the Misconduct of Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL, Sheriff, Deputy Sheriffs, was objectively unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith and with a knowing disregard for Plaintiff's clearly established constitutional rights.

(e). The aforesaid misconduct of Defendants Police Officers, City of Peoria, City of Peoria Policy Makers County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL, Sheriff, Deputy Sheriffs, directly and proximately resulted in the unjust and wrongful detention, Seizure, of Plaintiff and his wrongful Imprisonment.

(f). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(g). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

1. Compensatory damage in an amount of 6 Million Dollars**.**
2. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 7 Million Dollars a Piece.
3. Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals**.**
4. **.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.
5. Pre- and post-judgment interest as permitted by law; and

**6.** Such other relief, including Universal injunctive relief injunction restraining and enjoining the conduct, future Conduct, that Occurred in paragraphs 1 through 279 its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, Greg Riley, Duval County FL, City of Jacksonville FL, Amtrak National Railroad Passenger Corporation, from Committing the Conduct that Occurred in Paragraphs 1 through 279.

**7.** Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and caused Plaintiff Physical an Emotional harm.

**Count 8 False Arrest under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution as well as under 42 U.S.C 1983 1985 1986**

Against Amtrak, Sean Patrick Duffy U.S. Transportation Secretary, John Doe Amtrak Worker, Dewayne Ricketts Amtrak Worker, City of Peoria, County of Peoria, County of Peoria State Attorney Hoos, Greg Riley, City of Jacksonville, City of Peoria Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, City Peoria Assistant Attorney Chrissie Kapustka, City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, John Doe Amtrak Worker, Dewayne Ricketts Amtrak Worker, Brian Prangley International Management Company LLC, John Doe International Management, International Management Company LLC, Defendants Duval County FL, City of Jacksonville FL, City of Jacksonville FL/Duval County Deputy Sherriff Z. Nortum #88997), City of Jacksonville FL/Duval County Sherriff D. Torres (#84997), City of Jacksonville FL/Duval County Sherriff G. Ladd (#84693 City of Jacksonville L /Duval County Sherriff J.R Saldan (#84981), City of Jacksonville FL /Duval County Sherriff C.J. Dyal (#7783), City of Jacksonville FL/Duval County Sherriff D.D Boston (#65272).

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c).

(b). the Actions of Defendants Police Officers, City of Peoria, County of Peoria, State Attorney Office, in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion, or probable cause, exigent circumstances, violated Plaintiff's Amendment rights under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and pursuant to 42 U.S.C. § 1983 1985, 1986.

(c). the Misconduct of Defendants Police Officers, City of Peoria, County of Peoria, Peoria State Attorney Office, Amtrak, Greg Riley, City of Jacksonville FL, Duval County FL, International Management Company LLC, Sheriff Deputy Sheriffs, was objectively, subjectively, unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith and with a knowing disregard for Plaintiff's clearly established constitutional rights.

(d). Absent Defendants aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence, and the fabrication of evidence, the prosecution of Plaintiff would not have been pursued.

(e). The aforesaid misconduct of Police Officers, City of Peoria, County of Peoria, State Attorney Office, Amtrak, International Management Company LLC, City of Jacksonville FL, Duval County FL, directly and proximately resulted in the unjust and wrongful arrest of Plaintiff and his wrongful imprisonment.

(f). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above:

(g). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

**1.** Compensatory damage in an amount of 7 Million Dollars.

**2.** Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 6 Million Dollars a Piece.

**3.** Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals.

**4.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law;

**5.** Pre- and post-judgment interest as permitted by law; and

**6.** Such other relief, including Universal injunctive relief, specifically issue a temporary, permanent, Universal injunction enjoining and restraining the City of Peoria, County of Peoria, Greg Riley, Amtrak, International Management Company LLC, City of Jacksonville FL, State of FL, Duval County FL, City of Jacksonville FL/Duval County FL Sheriff's, Deputy Sheriff's. its agents, employees, representatives, third party, or any other person acting in concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, Greg Riley, Amtrak, International Management Company LLC, City of Jacksonville FL, State of FL, Duval County FL, City of Jacksonville FL/Duval County FL Sheriff's, Deputy Sheriff's from Committing the Conduct, future Conduct, that occurred in paragraph 1 through 279.

**7.** Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and caused Plaintiff Physical an Emotional harm

**Count 9 Cruel and Unusual Punishment under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution as well as under 42 U.S.C 1983, 1985, 1986**

Against Naphcare Inc, Naphcare Inc Chairman of the Board Jim McLane, Naphcare Inc CEO Bradford T McLane, Amtrak, International Management Company LLC, City of Peoria, Peoria County, City of Jacksonville FL, Duval County FL, Jane Doe Naphcare Inc LPN, Jane Doe Naphcare Inc LPN, Jennifer Owens Naphcare Inc Health Service Compliance Manager, Adeline Taylor Naphcare Health Service Administrator, John Doe Amtrak Worker, Dewayne Ricketts Amtrak Worker, Brian Prangley International Management Company LLC, John Doe International Management Company LLC, City of Jacksonville Fl/Duval County FL Sherriff T.K Waters, City of Jacksonville FL Mayor Donna Deegan City of Peoria Attorney Michael Toren, City of Peoria Lead Attorney Patrick Hayes, City Peoria Assistant Attorney Chrissie Kapustka, City of Peoria Councilmen Andre W. Allen, City of Peoria Councilmen Zachary M Oyler, City of Peoria Manager Patrick Urich, City of Peoria Mayor Rite Ali, Peoria County State Attorney Jodi Hoos , Duval County Correctional Officer Sgt John Doe, Duval County Correctional Officer John Doe Greg Riley Economy Auto Body Inc, City of Peoria Police Officer Sgt Lawrence (Auto Division).

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). The 8th Amendment to the U.S Constitution made applicable to the States by the 14th Amendment to the U.S Constitutions Secured the right to be Free from Cruel and Unusual Punishment.

(c). the Actions of Defendants Police Officers, City of Peoria, County of Peoria, Peoria County State Attorney Office, City of Peoria Policy Makers, Amtrak, City of Jacksonville FL Policy makers, Duval County FL, Sheriffs, Deputy Sheriffs, CEO, Chairman, International Management Company, Duval County FL Correctional Guard, Naphcare Inc LPN. Naphcare Inc Policy makers, Greg Riley, Economy Auto body Inc, City of Jacksonville Fl/Duval

Deputy Sheriffs, CEO, Chairman, International Management Company, Duval County FL Correctional Guard, Naphcare Inc LPN. Naphcare Inc Policy makers, Greg Riley, Economy Auto body Inc, City of Jacksonville Fl/Duval County FL Sherriff T.K Waters, City of Jacksonville FL Mayor Donna Deegan City, denied (Tortured) Plaintiff Adequate Quality Medical Care Services, by Intentionally injecting Plaintiff with a substance that has caused Plaintiff body Foot an Leg Excruciating pain, even after Plaintiff gave the Defendants Notice that the Fake TB Shot was Unnecessary and unwanted since Plaintiff took a TB shot on 7/4/20, and by Intentionally Destroying Plaintiff Sick Call slips, then denying Plaintiff care, services, from a doctor or specialist. these Defendants Deliberately Indifference, was Intentionally, Maliciously, Willfully and Wanton in bad faith without Exigent Circumstances, without Probable Cause and no Legal Reason exist but to Cause Plaintiff harm and block his access to the Federal Court.

(d). The Elementary principles established the Governments' obligation to provide Adequate Medical Care for those who it is Punishing by Incarceration, an Inmate must rely on Prison Guards, Court Security, County Authorities, Doctors, LPN, RPN, Dentist, Contracts, Policies, to treat their medical needs when Authorities Intentionally fail to do so. Those needs will not be met such Intentionally failure, actually produce physical torture this is true whether the indifference is manifested by prison doctors, LPN, RPN, in their response to the prisoner need, or by Correctional guards, intentionally denying or delaying access to medical care.

(e). Deliberate indifference to serious medical needs by prisoners constitutes the unnecessary and wanton infliction of pain. The 8th Amendment embodies broad and idealistic concepts of dignity, civilized, standards, humanity, and decency.

(f). all named Defendants were acting in concert and under Color of State Law Contracts, Policies, Customs, Practices, when they Intentionally denied (Tortured) Plaintiff request for Adequate Quality Medical Care Services, by Intentionally injecting Plaintiff with a substance that has caused Plaintiff body Leg, Foot, Excruciating pain, even after Plaintiff gave the Defendants Notice that the Fake TB Shot was Unnecessary and unwanted since Plaintiff took a TB shot on 7/4/20 in Jacksonville FL, and by Intentionally, Willfully and Wanton, Destroyed Plaintiff Sick Call slips, then denied Plaintiff care, services, from a doctor or specialist.

(g). the Misconduct of Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL, Sheriff, Deputy Sheriffs, Tampa Bay FL, Naphcare Inc, International Management Company LLC, was objectively, subjectively, unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith Maliciously and with a knowing disregard for Plaintiff's clearly established constitutional rights.

(h). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, Contract, Deliberately Indifference, directly and proximately caused Plaintiff to suffer and Continue to suffer unnecessary and wanton infliction of pain Irrefutable harm, injury and violations of my Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(i). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

**1.** Compensatory damage in an amount of 10 Million Dollars**.**

**2.** Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 20 Million Dollars a Piece.

**3.** Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals**.**

4. . Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.
5. Pre- and post-judgment interest as permitted by law; and
6. Such other relief, including Universal injunctive relief injunction restraining and enjoining the conduct, Contract, Customs, Polices, Agreement Pursuant to 126.107 Jacksonville Ordinance Code Administrative Award Bid No.POA-70624-23, 7/19/23 Chapter 126 of the Jacksonville, Florida Ordinance Code) (Ord. 2023-20-E, § 3). Ordinances, future Conduct, that Occurred in paragraphs 1 through 279 its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, Naphacare Inc, City of Jacksonville FL, Duval County FL, Amtrak, Greg Riley, International Management LLC, from Committing the Conduct that Occurred in Paragraphs 1 through 279.
7. an stop the Defendants from implementing Jacksonville Agreement with Naphcare Inc.
8. Such other relief, a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution, and caused Plaintiff Physical, an Emotional harm, an a Declaratory Judgment declaring that Agreement Pursuant to 126.107 Jacksonville Ordinance Code Administrative Award Bid No.POA-70624-23, (Chapter 126 of the Jacksonville, Florida Ordinance Code) (Ord. 2023-20-E, § 3) Unconstitutional on its face an how it applied to Poor Minorities and in Violation of the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution.

**Count 10 Unreasonable Seizure under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution as well as under 42 U.S.C 1983 1985 1986**

Against City of Tampa Bay FL, City of Tampa Officer A. Valentine# 927, City of Peoria, County of Peoria, County of Peoria State Attorney Hoos, City of Jacksonville FL, Duval County FL, Amtrak, Naphcare Inc, International Management Company LLC

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). The 4th Amendment to the U.S Constitution, as applied to the States through the 14th Amendment secures the right to be free from Unreasonable Searches and Seizures of their Property.

(c). the Actions of Defendants Police Officers, City of Peoria, County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL Sheriff Deputy Sheriffs in falsely detaining, Seizing, Plaintiff without reasonable suspicion, or probable cause, exigent circumstances, violated Plaintiff's Amendment rights under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and pursuant to 42 U.S.C. § 1983 1985, 1986.

(d). the Misconduct of Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL, Sheriff, Deputy Sheriffs, Tampa Bay FL, Naphcare Inc, International Management Company LLC, was objectively, subjectively, unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith Maliciously and with a knowing disregard for Plaintiff's clearly established constitutional rights.

(e)The aforesaid misconduct of Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, County of Peoria, Amtrak, Greg Riley, State Attorney Office, City of Jacksonville FL, Duval County FL, Sheriff, Deputy Sheriffs, Tampa Bay FL, Naphcare Inc, International Management Company LLC, directly and proximately resulted in the unjust and wrongful detention, Seizure, of Plaintiff.

(f). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, FL State Statues, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above

(g). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

**1.** Compensatory damage in an amount of 7 Million Dollars.

**2.** Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 6 Million Dollars a Piece.

**3.** Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals.

**4.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law;

**5.** Pre- and post-judgment interest as permitted by law; and

**6.** Such other relief, including Universal injunctive relief, specifically issue a temporary, permanent, Universal injunction enjoining and restraining the City of Peoria, County of Peoria, Greg Riley, Amtrak, International Management Company LLC City of Jacksonville FL, State of FL, Duval County FL, City of Jacksonville FL/Duval County FL Sheriff's, Deputy Sheriff's. Naphcare Inc, City of Tam Bay FL its agents, employees, representatives, third party, or any other person acting in concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, Greg Riley, Amtrak, International Management Company LLC, City of Jacksonville FL, State of FL, Duval County FL, City of Jacksonville FL/Duval County FL Sheriff's, Deputy Sheriff's Naphcare Inc, from Committing the Conduct that occurred in paragraph 1 through 279.

**7.** Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and caused Plaintiff Physical an Emotional harm.

**Count 11 Civil Conspiracy- Failure to Act- Intervene under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution as well as under 42 U.S.C 1983 1985 1986**

Against all Named an Unnamed Defendants

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). as Described more fully in the proceeding paragraphs, the Defendants acting in concert directly and Indirectly with Known and Unknown Co-Conspirators, Conspired by Concerted action to accomplish an unlawful purpose by unlawful means.

(c) in furtherance of the Conspiracy, the Defendants Committed over acts and were otherwise willful participation in Joint Activity including but not Limited to the False Arrest, Seizure, Detention, Due Process Violations, Equal Protection Violations, Failure to Intervene, Failure to act, Medical Malpractice, Torture, Cruel and Unusual Punishment, Freedom of Expression Violations, Freedom of Speech Violations, Intentional Infliction of Emotional and Physical distress upon the Plaintiff.

(d). the Misconduct of Defendants Police Officers, City of Peoria, City of Peoria Policy Makers, County of Peoria, Amtrak, Greg Riley, Peoria County State Attorney Office, Peoria County Court Security, Peoria County Adult Probation Department, City of Jacksonville FL, Duval County FL, Sheriff, Deputy Sheriffs, International Management Company LLC, City of Tampa Bay FL, Naphcare Inc, was Objectively, Subjectively, unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith and with a knowing disregard for Plaintiff's clearly established constitutional rights.

(e). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, Contracts, FL State Statues, IL State Statues, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(f). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

1. Compensatory damage in an amount of 10 Million Dollars.
2. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 20 Million Dollars a Piece.
3. Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals.
4. . Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.
5. Pre- and post-judgment interest as permitted by law; and
6. Such other relief, Universal injunctive relief, Specifically Universal injunction restraining and enjoining the conduct, Future Conduct, Contract, Customs Polices, Agreement Pursuant to 126.107 Jacksonville Ordinance Code Administrative Award Bid No.POA-70624-23, 7/19/23 Chapter 126 of the Jacksonville, Florida Ordinance Code) (Ord. 2023-20-E, § 3). Ordinances, future Conduct,
7. that Occurred in paragraphs 1 through 279 its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, Naphacare Inc, City of Jacksonville FL, Duval County FL, Amtrak, Greg Riley, International Management LLC, City of Tampa Bay FL from Committing the Conduct and future Conduct that Occurred in Paragraphs 1 through 279.
8. Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and caused Plaintiff Physical an Emotional harm.

**Count 12 Monell Policy Claims under 42 U.S.C 1983, 1985, 1986 as well as under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution**

Against Peoria County, City of Peoria, Amtrak, International Management Company LLC, City of Jacksonville FL, Duval County FL, City of Tampa Bay FL, Greg Riley, Economy Auto Body Inc, Naphcare Inc

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). the Individuals Defendants action deprived Plaintiff of his Constitutional Rights and were all undertaken under to the Policy, Practices, Customs, Contracts, of Peoria County, City of Peoria, Amtrak, International Management City of Jackson FL, Duval County FL, City of Tampa Bay FL, Naphcare Inc

(c). in establishing its procedures, Defendants Peoria County, City of Peoria, Amtrak, International Management Company LLC, City of Jacksonville FL, Duval County FL, City of Tampa Bay FL, Naphcare Inc, Greg Riley has a duty under the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution to refrain from enforcing or continuing in effect policies and procedures that creates a substantial likelihood that person such as Plaintiff, would be subjected to by the Defendants.

(d). Likewise, Defendants Against Peoria County, City of Peoria, Amtrak, International Management Company LLC, City of Jacksonville FL, Duval County FL, City of Tampa Bay FL, Greg Riley, Economy Auto Body Inc, Naphcare Inc, has a duty to refrain from enforcing and continuing in effect policies Custom Practices Contracts, and procedures that cause persons, such as Plaintiff, to be treated with reckless indifference by its agents, servants, and employees. At all times material to this complaint the defendants Peoria County, City of Peoria, Amtrak, International Management Company LLC,

City of Jacksonville FL, Duval County FL, City of Tampa Bay FL, Greg Riley, Economy Auto Body Inc, Naphcare Inc its Police, sheriffs, Conductor, Court Security, Chief of Police, Policy Makers, Tow Truck Driver, Garage, State Attorney, Assistant State Attorney, Correctional Guards, LPN, RPN Doctors, dentist, Mayor, CEO, Chairman, had interrelated defacto Policies, Practices, Customs, Contracts, that were the moving force of the Misconduct described in this Complaint.

(e). the Named Defendants misconduct was undertaken pursuant to more than one interrelated defacto policies, practices, customs, contracts, of the named Defendants Amtrak, County of Peoria, City of Peoria, International Management Company LLC, City of Jacksonville FL, Duval County FL, Economy Auto Body Inc, City of Tampa Bay FL, NaphCare Inc are guilty of the following wrongfully acts:

(1). Failing to property hire, train, supervise Peoria County State Attorney Adult Probation, City of Peoria Policy Makers, Peoria Police Officers, Amtrak Conductors, Amtrak Policy Makers, International Management Company LLC Security Guards Policy Makers, City of Jacksonville FL, Duval County FL Sheriffs, Correctional Guards, City of Tampa Bay FL Policy Makers, Tampa Bay Police Officers, Greg Riley, Tow Truck Drivers, Tow Truck Garage, Economy Auto Body Inc, Naphcare Inc, LPN, RPN, Doctors, Dentist, Policy Makers.

(2). Failing to Property train and supervise the Defendants with regard to Arrest, Search, and Seizure, Detention, Fees, due process, equal protection, Administrated Shots, Adequate Medical Service and Care, freedom of speech adhering to binding U.S Supreme Court Precedent.

(3). Refusing to supervise, reprimand, discipline, investigate, transfer, monitor, counsel, or otherwise controls its employees, agents, third parties directly and indirectly who engage in misconduct contrary to the laws, rules, binding U.S Precedent, regulations, thus condoning it; thereby leading the named Defendants to believe their actions will never be scrutinized and in that way directly encouraging future abuses such as those affecting Plaintiff the Named Specifically

the Defendants accused of violating citizens Constitutional rights can be confident that no one will adequately investigate those accusations, and the Defendants refuse to recommend discipline even when their Employees, agents indirect directly has engaged in violating citizens constitutional rights;

(4). Falling to restrain, control the named defendants who engage in violating citizens constitutional rights;

(5). Falling to established appropriate polices and procedure to address and correct the repeated violations of citizens' Constitutional right by its Employees, agents third Party directly indirectly.

(6). Inadequately failing to independently and adequately investigate complaints or allegations of violations of citizens constitutional rights and of other types of harm of misconduct by its employees' agents directly and indirectly against civilians to protect fellow Employees, Agents from disciplinary, criminal, and civil actions in violations of civilian rights and privileges.

(7). Covering up the criminal, wrongful activities, of its Employees, Agents, indirectly and directly by falsely reporting, falsely investigation, and being dishonest in violation of the rights privileges of civilians including Plaintiff

(8). As a matter of Policy and Practice customs, the Named Defendants Employees an its agents facilitates the very type of misconduct at issue here by falling to protect civilians from reckless indifference of its agents, servants, employees.

(9). the Misconduct of Defendants, Amtrak, County of Peoria, City of Peoria, International Management Company LLC, City of Jacksonville FL, Duval County FL, Economy Auto Body Inc, City of Tampa Bay FL was Objectively Subjectively unreasonable and was undertaken intentionally, with malice, willfully and wanton, in bad faith and with a knowing disregard for Plaintiff's clearly established constitutional rights

(10). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, Contracts, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

(f). wherefore Plaintiff Pray that a Judgement entered against Defendants for:

1. Compensatory damage in an amount of 10 Million Dollars**.**
2. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct 20 Million Dollars a Piece.
3. Costs of suit; Service of Process, Filling Fees, any fees incurred from the filing of the suit, Service of process, to trial including any and all Appeals**.**
4. **.** Reasonable fees pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, federal court's inherent power, Federal Rule of Civil Procedure 37 and as otherwise authorized by statute or law.
5. Pre- and post-judgment interest as permitted by law; and
6. Such other relief, including Universal injunctive relief injunction restraining and enjoining the conduct, future Conduct that Occurred in paragraphs 1 through 279 its agents, employees, representatives, third party or any other person acting in active concert directly or indirectly with or on behalf of the City of Peoria, County of Peoria, Amtrak, International Management Company LLC, City of Jacksonville FL, Duval County FL, Naphcare Inc, City of Tampa Bay FL, Greg Riley, Economy Auto Body Inc, from Committing the Conduct that Occurred in Paragraphs 1 through 279.
7. Such other relief, and a declaratory judgment that Defendants conspired to and violated Plaintiff right to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S Constitution and caused Plaintiff Physical an Emotional harm, a Declaration Judgment declaring Nationwide all Involuntary Detention regardless of its Label are in Violation of the 4th 5th 13th 14th Amendment to the U.S Constitution, if it is Conducted without Probable Cause, an exigent circumstance.

**Count 13 State Law Claim Willfully and wanted Conduct**

Against all Named and Unnamed Defendants

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). at all times relevant to this Complaint the Defendants, had a duty to refrain from willfully and wanton conduct in connection with this case.

(c). the State of IL has Defined Willful and Wanted as (745 ILCS 10/1-210) "Willful and wanton conduct" as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act.

(d). notwithstanding defendant's duty, the defendants acted willfully and wanton through a course of conduct that showed an utter indifference to or conscious disregard of Plaintiff clearly establish rights.

(e). As a result, Defendants' misconduct, Ordinances, Municipals Codes, Conduct, Policies, Customs, Practices, Contracts, directly and proximately caused Plaintiff to suffer and Continue to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, irrefutable harm to my rights as set forth more fully above.

**Count 14 Indemnification**

Against City of Peoria, County of Peoria, Amtrak, Greg Riley, Economy Auto Body Inc, International Management, City of Jacksonville FL, Duval County FL, Tampa Bay FL, NaphCare Inc.

(a). Plaintiff re-alleges and incorporate by Reference the facts of each of the forgoing paragraphs 1 through 279 like it fully stated here see F.R.C.P 10 (c):

(b). Pursuant to Section 10/9-109 of the Illinois Local Government and Government Employees Tort Immunity Act, public entities are required to pay any tort judgment for compensatory damages against an Employee acting within the scope of his or her Employment See 745 ILC 10/9/-102.

(c). the Defendants Police Officers, City Policy Makers, Peoria County State Attorney, Court Security, Adult Probation Department were employees of the Defendants City of Peoria, County of Peoria's who acted within the scope of their employment in committing the misconduct described herein.

(d). Therefore, Defendants Peoria County and City of Peoria, are liable as employers for all resulting damages an award of Fees.

(e). Pursuant to section Florida Statutes Title X 768.73 Punitive damages; limitation**.** LV, Torts § 768.28. Waiver of sovereign immunity in tort actions; recovery limits; 768.78 Alternative methods of payment of damage awards. civil liability for damages caused during a riot; limitation on attorney fees; statute of limitations; exclusions; indemnification; risk management programs Public entities are required to pay any tort judgement for compensatory damages against its Employee acting within the scope of his, her employment.

(f). the Defendants Police Officer, Sheriffs, Corrections Guards, Policy Makers, Mayor, were employees of the Defendants City of Jacksonville FL, Duval County FL, City of Tampa Bay FL who acted within the scope of their employment in committing the misconduct described herein.

(g). Therefore, Defendants City of Jacksonville FL, Duval County FL, Tampa Bay FL are liable as Employers for all resulting damages an award of fees.

(h). Pursuant to 49 U.S.C 28103 Limitations on rail passenger transportation liability Amtrak are required to pay any tort Judgement for Compensatory damages, Punitive Damages Against an employee actin within the scope of his or her employment 49 U.S.C. 28103.

(i). the Defendants, Policy Makers, Conductors, were employees of the Defendants Amtrak who acted within the scope of their employment in committing the misconduct and harm described herein.

(j). Therefore, Defendants Amtrak, are liable as employers for all resulting damages an award.

Plaintiff Alfonzo Hill Pro se, herby Demands a Trial by Jury Pursuant to Federal Rules of Civil procedure 38 (b) on all issues so Triable.

Nemo tantam potentiam habere debet" (No one should have so much power.'')

Respectfully Submitted by Veritas et Justitia

/s/Alfonzo Hill Pro se

The Voice of the Heroes

4542 S Drexel Chicago IL 60653

773-616-2996

Date Filed 8/6/26

Magna Charter (to no one we will sell, to no one we will refuse, Delay Rights, or Justice, no Free Person Shall be Imprisoned, or Disseised, or Outlawed, or Exiled, or Anywise Destroyed, I am asking the Members of their Bar to Honor their Oath to the U.S Constitution, and to the Magna Charta our system is Broken and it's up to Us to Help Fix it. Everyone took an Oath to Uphold the Constitution from all (threats) Domestic or otherwise I am Challenge everyone to Uphold their Oath and Administered Justice Fairly no matter the Race, Creed, Gender, Nationality, or Social Status in the community we have to be Different and Change things for the Better of All people, this Closing is not to Anger anyone it is to help us Understand each other and to help us change the way we view each other).