E-FILED
Wednesday, 12 August, 2026  11:12:24 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

ALFONZO D. HILL,
    Plaintiff,

v.                                              Case No. 4:26-cv-04184-JEH-RLH

NAPHCARE INC., et al.,
    Defendants.

## Order

Now before the Court is Plaintiff Alfonzo D. Hill's "Original Complaint" (D. 11), his "Objection and Response to District Court Denial of Plaintiff Motion to Become an E-Filer ECF 5, 8" (D. 13), his "Motion for Good Cause Extension to File Service on the Defendants" (D. 14), and his "Motion to Substitute the Plaintiff [sic] Prior Email Address in [sic] Pursuant to The 1st 4th 5th 6th 7th 8th 13th 14th Amendment [sic] to the U.S. Constitution" (D. 17).[1]  For the reasons set forth below, the Plaintiff's Complaint is DISMISSED WITH PREJUDICE, and the Plaintiff's remaining Motions are rendered MOOT.

## I

On July 29, 2026, Plaintiff Alfonzo D. Hill filed an "Original Complaint" (D. 1), a second "Original Complaint" (D. 2), a third "Original Complaint" (D. 3), a Motion for Leave to Proceed *in forma pauperis* (D. 4), and a Motion for Leave to Become an Electronic Filer (D. 5).  On July 31, 2026, the Court denied the Plaintiff's Motion for Leave to Proceed IFP as the Motion was a blank form, and the Court directed the Plaintiff to pay the full $ 405 filing fee or a renewed, actually filled in

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

petition to proceed IFP.  7/31/2026 Text Order (D. 7).  That same day, the Court denied the Plaintiff's Motion for Leave to Become an Electronic Filer, explaining he was previously granted permission to become an e-filer in this Court, but that permission was ultimately terminated due to his continued filing of successive, duplicative, non-sensical filings.  7/31/2026 Text Order (D. 8) (citing *Hill v. City of Peoria*, No. 1:25-cv-01063-JEH-RLH (C.D. Ill. filed Feb. 14, 2025)).  The Court further explained that because the Plaintiff continued to file documents to such a degree in a now-closed case, he would not be granted leave to again become an e-filer in this case. *Id*.  Later on July 31, 2026, the Plaintiff filed a Motion to Strike his Complaint and Amended Complaint (D. 9), a Motion to Strike his Complaint, Amended Complaint, and Second Amended Complaint (D. 10), and yet another "Original Complaint," docketed as his Third Amended Complaint (D. 11).  On August 1, 2026, the Plaintiff filed his "Objection and Response to District Court Denial of Plaintiff Motion to Become an E-Filer ECF 5, 8" (D. 13).  On August 2, 2026, the Plaintiff filed his "Motion for Good Cause Extension to File Service on the Defendants" (D. 14).  That same day, the Plaintiff filed Requests for Waiver of Service (D. 16) as to several Defendants, and on August 3, 2026, the Court entered a Text Order (D. 12) mooting the Plaintiff's first Motion to Strike and granting his second one only to the extent the Plaintiff's Third Amended Complaint (D. 11) became the controlling complaint.  The Court explained that because the Plaintiff had neither paid the filing fee nor submitted an application to proceed IFP, he was not permitted to file any further amended complaints while the filing fee remained unpaid or a completed application to proceed IFP remained absent from the docket.

On August 3, 2026, the Plaintiff filed Exhibits (D. 15) in support of his Third Amended Complaint.  On August 5, 2026, the Plaintiff filed his "Motion to Substitute the Plaintiff [sic] Prior Email Address in [sic] Pursuant to The 1st 4th

2

5th 6th 7th 8th 13th 14th Amendment [sic] to the U.S. Constitution" (D. 17).  On August 7, 2026, the Plaintiff filed a "Notice:  Preservation of Evidence Letter" (D. 19) and a second "Notice:  Preservation of Evidence Letter" (D. 20).

On August 10, 2026, the Plaintiff paid the $405 filing fee along with a "Notice Filing of the Defendants [sic] Body Cameras Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S. Constitution as well as 28 U.S.C. 1983, 28 U.S.C. 1985, 28 U.S.C. 1986" (D. 18), a USB drive containing the exhibits regarding his Notice (D. 18), and yet another "Original Complaint" docketed as his Fourth Amended Complaint (D. 21).[2]

While the Plaintiff, an individual not a stranger to litigating in this Court[3] (as the Court already observed in this case several days ago), filed subsequent amended complaints without technically complying with Federal Rule of Civil Procedure 15(a)(2), the Court did permit him leave to file his fourth "Original Complaint," docketed as his Third Amended Complaint (D. 11).  The Court screens that complaint.  The Court will *not* screen the Fourth Amended Complaint which, as illustrated by the procedural history in this case since July 29, 2026, is certainly an improper, unpermitted filing.

Plaintiff Hill's Third Amended Complaint (D. 11) lists 61 Defendants, is 106 pages long, and contains links to the Peoria, Illinois Municipal Code, Peoria Journal Star newspaper, the Illinois Department of Transportation, the City of Peoria and Peoria County's Joint Commission on Racial Justice & Equity 2022 Annual Report, federal cases, WCBU NPR network, one of his previous, closed

---

[2] The docket numbers are out of date sequence.

[3] *See Hill v. Peoria County*, No. 1:24-cv-01118-MMM-RLH (filed on March 13, 2024 and judgment entered on June 24, 2025 after Hill filed multiple deficient amended complaints and had shown a pattern of dilatory conduct by failing to comply with the court's orders); *and Hill v. City of Peoria*, No. 1:25-cv-01063-JEH-RLH (filed on February 14, 2025, judgment entered on October 24, 2025 after Hill failed to file an amended complaint, notice of appeal filed on October 29, 2025, and nearly 100 filings made by Hill since October 2025).

cases, and an ABC 7 News story, among many other links.  He lumps together Defendants located in Peoria, Illinois, Jacksonville, Florida, and Tampa Bay, Florida.  The Defendants include police officers in Peoria, Illinois, Jacksonville, Florida, and Tampa Bay, Florida; the CEO of Naphcare Inc.; Amtrak; the U.S. Transportation Secretary; individuals at International Management Company LLC; City of Peoria councilmen; City of Peoria employees; Peoria County State's Attorney employees; probation officers; Florida county sheriff officers, the owner of Economy Auto Body Inc.; and the City of Jacksonville, Florida's mayor.

## II

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)).  The Court finds it appropriate to screen the Plaintiff's Third Amended Complaint given the Court's unceasing obligation to ensure the "just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.  Moreover, "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.  This is so even when the plaintiff has paid all fees for filing and service . . .". *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).  A court shall dismiss a case at any time if:  1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

## A

The Plaintiff's Third Amended Complaint suffers from several defects.  First, it does not comply with Federal Rule of Civil Procedure 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and it does not comply with Rule 8(d)(1) which provides,

"Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), (d)(1). Second, it includes implausible, and therefore improper, joinder of parties. *See, e.g., UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("Unrelated claims against different defendants belong in different suits.") (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Third, it includes allegations of discrete occurrences in 2023 and early 2024 such that that statute of limitations poses a problem for at least some of the Plaintiff's claims. *Sroga v. Rendered Servs. Inc.*, No. 19-cv-2299, 2020 WL 5110386, at * (N.D. Ill. Aug. 31, 2020) (explaining that "federal courts hearing claims under § 1983 and § 1985 adopt the forum state's statute of limitations for personal injury claims[]" and in Illinois, that is two years) (citing *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998) and *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008)). Fourth, many of the named Defendants and many of the allegations here bear a striking resemblance to the Plaintiff's allegations in his complaint filed in his now closed case, *Hill v. City of Peoria*, No. 1:25-cv-01063-JEH-RLH (C.D. Ill. filed Feb. 14, 2025). There, the Plaintiff was granted leave to amend his complaint after the Court granted the defendants' motion to dismiss due to the Plaintiff's failure to comply with Rule 8(a). That case was ultimately dismissed without prejudice because the Plaintiff did not file an amended complaint by the deadline provided for him to do so. His appeal in that case remains pending. The Third Amended Complaint in this case complies even less with Rule 8 than did Plaintiff Hill's complaint in Case No. 25-1063. Finally, the facts of the Plaintiff's Third Amended Complaint are so far-fetched as to be frivolous. *Felton v. City of Chi.*, 827 F.3d 632, 635 (7th Cir. 2016) (stating that "frivolous" means "lacking an arguable basis either in law or fact[]" and allegations are frivolous where clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Indeed, the Plaintiff

5

alleges a sweeping conspiracy between Illinois court officials, Peoria, Illinois city officials, City of Jacksonville, Florida officials, and Amtrak employees, among others. He alleges he was intentionally, illegally injected with a substance that caused him excruciating pain. He alleges he boarded a train in Chicago, Illinois and Defendants including Peoria County, the City of Peoria, and Greg Riley had co-conspirators, Defendant Amtrak workers, go under disguise on the Amtrak train in order to harass and oppress the Plaintiff.

In every instance the Plaintiff has appeared in the U.S. District Court for the Central District of Illinois, the Court has quite clearly held the Plaintiff to less stringent standards given his *pro se* status although it has simultaneously recognized, via its orders and text orders in each case, that a *pro se* party is not entirely excused from compliance with federal and local procedural rules. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (providing that *pro se* litigants are not excused from compliance with procedural rules).

The procedural histories of Case No. 25-1063, Case No. 24-cv-01118, and this case reveal that the Plaintiff insists on failing to disregard procedural rules and the Court's orders. The Plaintiff makes plain that he has no interest in following the Court's orders and believes he may do as he wishes, without limitation, given his *pro se* status coupled with his constitutional right of access to the courts. Such behavior will not be tolerated. Thus, given the orders entered in those cases that very clearly explained how the Plaintiff's complaints fell short, that very clearly directed the Plaintiff to conform his amended pleadings or otherwise risk dismissal, and that very clearly warned him of the consequences of failure to comply with rules of procedure, the Court will not grant the Plaintiff an opportunity to amend his Third Amended Complaint; any amendment would be

futile in light of the Court's finding of frivolousness.  *See Florance v. Barnett*, No. 23-1453, 2023 WL 7017085, at *3 (7th Cir. Oct. 25, 2023) ("The problems we have described are matters of law and cannot be remedied with new or augmented factual allegations.").  In other words, it is certain from the face of the Third Amended Complaint that any amendment would be otherwise unwarranted. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

**B**

Given the foregoing, the Plaintiff's pending Motions (D. 13, 14, & 17) are moot.  In any event, a cursory review of those Motions reveals that the Plaintiff simply disagrees, without more, with the Court's enforcement of the applicable procedural rules and its own orders.

**III**

For the reasons set forth above, Plaintiff Alfonzo D. Hill's "Original Complaint," his Third Amended Complaint (D. 11), is DISMISSED WITH PREJUDICE as frivolous.  Accordingly, the Plaintiff's "Objection and Response to District Court Denial of Plaintiff Motion to Become an E-Filer ECF 5, 8" (D. 13), his "Motion for Good Cause Extension to File Service on the Defendants" (D. 14), and his "Motion to Substitute the Plaintiff [sic] Prior Email Address in [sic] Pursuant to The 1st 4th 5th 6th 7th 8th 13th 14th Amendment [sic] to the U.S. Constitution" (D. 17) are MOOT.  The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on August 12, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE