E-FILED
Thursday, 17 September, 2026 03:50:34 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

ALFONZO HILL,
Plaintiff,

v.

NAPHCARE INC., et al.,
Defendants.

Case No. 4:26-cv-04184-JEH-RLH

**Order**

Now before the Court are Plaintiff Alfonzo Hill's "Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff [sic] Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C. 1983, 1985, 1986 as well as 18 U.S.C. 242, 241 245(b)(2), 18 U.S.C. 1589, 1590, 18 U.S.C. 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 25), "Amended Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C [sic] 1983, 1985, 1986 as well as 18 U.S.C [sic] 242, 241 245(b)(2), 18 U.S.C [sic] 1589, 1590, 18 U.S.C [sic] 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 26), "Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff [sic] Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C. 1983, 1985, 1986 as well as 18 U.S.C [sic] 242, 241

245(b)(2), 18 U.S.C [sic] 1589, 1590, 18 U.S.C [sic] 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 27), and "Affidavit Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C [sic] 1983, 1985, 1986 as well as 18 U.S.C [sic[ 242, 241 245(b)(2), 18 U.S.C [sic] 1589, 1590, 18 U.S.C [sic] 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 28).[1] For the reasons set forth below, the Plaintiff's four Motions are DENIED.

**I**

On August 12, 2026, the Court entered an Order (D. 23) dismissing the Plaintiff's "Original Complaint," his Third Amended Complaint (D. 11) with prejudice as frivolous. The Court also determined subsequently filed Motions (D. 13, 14 & 17) were accordingly moot. The Court considered the Plaintiff's 61-named defendant Third Amended Complaint which was 106 pages in length, identified defendants located in Peoria, Illinois, Jacksonville, Florida, and Tampa Bay, Florida, and included as defendants the CEO of Naphcare Inc., Amtrak, the U.S. Transportation Secretary, City of Peoria councilmen, and Florida county sheriff officers, among others. The Court observed the Third Amended Complaint suffered from several defects, identified the defects, and explained the Third Amended Complaint's facts were so far-fetched as to be frivolous.

The Court noted that in every instance the Plaintiff has appeared in the U.S. District Court for the Central District of Illinois, the Court has quite clearly held the Plaintiff to less stringent standards given his *pro se* status and has simultaneously recognized that a *pro se* party is not entirely excused from compliance with federal and local procedural rules. The Court considered the

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

procedural histories of the Plaintiff's previously filed Central District of Illinois cases together with this one and observed the Plaintiff insists on failing to disregard procedural rules and the Court's orders. The Court warned, "Such behavior will not be tolerated." 8/12/2026 Order (D. 23 at ECF p. 6). The Court ultimately found it was certain from the face of the Third Amended Complaint that any amendment would be otherwise unwarranted. The Court directed the Clerk to enter judgment and close the case. Judgment (D. 24) was entered on August 12, 2026. Thereafter, between August 13, 2026 and August 16, 2026, the Plaintiff filed the instant four Motions and a "Notice: Preservation of Evidence Letter" (D. 29).

**II**

The Plaintiff's instant four Motions include the same motion filed twice (a day apart) and all together total 496 pages, inclusive of attachments. At this stage of the case, after judgment has been entered, Federal Rules of Civil Procedure 59 and 60 permit alteration or amendment of judgment and relief from judgment, respectively. Though none of the Motions were brought pursuant to such authority, and even if the Court were to construe the Motions as ones brought pursuant to either Rule 59 or 60, the Plaintiff is not entitled to such relief. To the extent the Plaintiff's Motions are simply requesting the relief indicated by their titles – the substitution of the assigned judges – the Plaintiff is not entitled to that relief either.

**A**

Federal Rule of Civil Procedure 59 governs the "[a]ltering or [a]mending [of] a judgment." FED. R. CIV. P. 59. "[A] Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). If that standard is successfully

established, then Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Moreover, "[A] motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment". *LB Credit Corp.*, 49 F.3d at 1267 (citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995)). Similarly, "Rule 59 is not a vehicle for rearguing previously rejected motions" or "rehash[ing] old arguments," *Oto*, 224 F.3d at 606, nor is it a "vehicle for a party to undo its own procedural failures[.]" *Moro*, 91 F.3d at 876.

Here, none of the Plaintiff's four Motions establishes, clearly or otherwise, a manifest error of law or fact or presents newly discovered evidence. To put it simply, the Plaintiff's Motions are more of the same from him: an insistence on telling the Court he states viable claims and the Court has gotten it wrong in finding the Plaintiff did not comply with Federal Rule of Civil Procedure 8. With regard to the Court's finding of frivolousness, the Plaintiff's arguments reveal nothing more than that he is disappointed with the Court's finding. The Plaintiff's reliance on the USB drive he submitted to the Court on August 10, 2026 does not render the Court's frivolousness finding erroneous. To the contrary, the USB drive contains video and telephone recordings of a variety of circumstances, dates, individuals, topics of conversation, etcetera that only underscore the Court's August 12, 2026 finding that the Plaintiff failed to include allegations that were simple and concise and the Court's finding that the Plaintiff's alleged facts are so

far-fetched as to be frivolous. To the extent the Plaintiff committed a procedural failure by not complying with Rule 8(a)(2) or (d)(1) in his Third Amended Complaint, his four instant Motions cannot and do not remedy that failure.

Finally, for what it is worth, the Plaintiff filed a complaint, strikingly similar to those filed in this case, in the U.S. District Court for the Middle District of Florida on August 27, 2026. *Hill v. Naphcare, U.S., Inc.*, No. 8:26-cv-02516-KKM-AEP (M.D. Fla.). In that case, the district judge found the complaint's allegations were conclusory and vague, the complaint did not ever connect the few non-conclusory factual allegations and photographs to any particular cause of action, the complaint's 106 pages lacked sufficient specificity to discern which allegations of fact were intended to support which claims for relief, and the multitude of defects impermissibly prevented the complaint from giving the defendants adequate notice of the claims against them and the grounds upon which reach claim rested. *See Hill v. Naphcare, U.S., Inc.*, No. 8:26-cv-02516-KKM-AEP (M.D. Fla.) 8/31/2026 Endorsed Order (D. 7). The complaint was dismissed without prejudice, and Hill was warned that failure to amend the complaint or to submit another shotgun pleading would result in dismissal of the action without prejudice without further notice. *Id.* The Florida district court also informed Hill that he must ensure the amended complaint conform with the court's formatting requirements as set forth in its Local Rule 1.08. *Id.* In other words, a court in an entirely different federal district found Plaintiff Hill's complaint lacking for many of the same reasons this Court found his Third Amended Complaint lacking in this case.

The Plaintiff's four Motions, construed as Rule 59(e) motions, are denied.[2]

---

[2] The Court notes (and corrects) its earlier error in stating in the August 12, 2026 Order that the Plaintiff's appeal in Case No. 25-1063 remains pending. The appeal in that case was dismissed for lack of jurisdiction by the Seventh Circuit Court of Appeals on June 25, 2026. *Hill v. City of Peoria*, No. 26-1987 (7th Cir.) 7/17/2026 Mandate (D. 15). The appeal in Case No. 25-1063 did *not* serve as a basis for the Court's dismissal of the Plaintiff's Third Amended Complaint in *this* case.

**B**

Federal Rule of Civil Procedure 60(b) governs the Plaintiff's Motion to Reopen the Case. It provides, in relevant part, that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "The decision whether to grant or deny relief [under Rule 60(b)] is within the sound discretion of the district judge." *Helm v. Resol. Tr. Corp.*, 84 F.3d 874, 877 (7th Cir. 1996).

Here, under the facts presented, the Court does not find that the Plaintiff is entitled to relief under Rule 60(b). It appears the reason the Plaintiff says relief from judgment is justified in this case is that he complied with Rule 8 and his claims are not frivolous. His mere disagreement with the Court's findings, the basis for which are detailed in the Court's August 12, 2026 Order, is not enough for the Court to exercise its discretion by granting relief under Rule 60(b). The addition of even more exhibits for the Court to sift through does not persuade the Court that it incorrectly found the Plaintiff's Third Amended Complaint failed to comply with Rule 8. *See Dickens v. Ill.*, 753 F. App'x 390, 392 (7th Cir. 2018) (unpublished opinion) ("[T]he district court was not required to sift through her many exhibits to tease out a valid claim.") (citing *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010)).

The Plaintiff's four Motions, construed as Rule 60(b) motions, are denied.

**C**

In his four Motions, the Plaintiff argues there is an appearance of impropriety as to U.S. District Judges Michael M. Mihm (the presiding judge in Hill's 2024 case in the U.S. District Court for the Central District of Illinois) and Jonathan E. Hawley (the presiding judge in this and Hill's 2025 case in this court) and U.S. Magistrate Judges Jonathan E. Hawley (previously a magistrate judge assigned to Hill's 2024 case) and Ronald L. Hanna (the magistrate judge assigned to Hill's 2024 and 2025 cases and this case). The Plaintiff argues "this Case never should have been adjudicated by Individual who [sic] are potential witness [sic], it has been clear and well settled that one cannot adjudicate a case where they will be called as a witness." Pl.'s "Affidavit Motion" (D. 28 at ECF p. 7). He also argues this Court has not adhered to binding precedent and has treated him with hostility instead of neutrality. The Plaintiff cites both 28 U.S.C. § 144 and 28 U.S.C. § 455 in support of his request for the judges' disqualification, but the former is not available to a *pro se* litigant such as Hill given the statute's requirement that a request for disqualification pursuant to Section 144 be accompanied by a certificate of good faith from "counsel of record." *Cohee v. McDade*, 472 F. Supp. 2d 1082, 1083-84 (S.D. Ill. 2006).

The Plaintiff's request for disqualification pursuant to 28 U.S.C. § 455 fails. 28 U.S.C. § 455 provides, in relevant part, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Here, Plaintiff Hill is obviously simply unhappy with the Court's rulings in this case. Moreover, it is telling that not one, but three separate judges (two in Illinois federal court and one in Florida

federal court, see below in Section III) have issued rulings requiring the Plaintiff to conform his pleadings to the Federal Rules as well as local rules and that two separate judges have warned the Plaintiff about failure to comply with court orders. In other words, the undersigned's impartiality cannot reasonably be questioned, and his Motions for disqualification are denied.

**III**

Finally, at this time, the Court finds it necessary to restrict further filing by Plaintiff Hill. "Courts have ample authority to curb abusive filing practices by imposing a range of restrictions." *Chapman v. Exec. Comm.*, 324 F. App'x 500, 502 (7th Cir. 2009) (unpublished opinion) (citing *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)). Indeed, "Frivolous filing behavior cannot be tolerated, and 'the judicial authority to curb it is ample.'" *Cable v. Greimann*, No. 1:26-cv-01433-JRO-KMB, 2026 WL 2049347, at *2 (S.D. Ind. July 15, 2026) (quoting *Mack*, 45 F.3d at 186). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).

As illustrated in this case and the Plaintiff's earlier cases, *Hill v. Peoria County*, No. 1:24-cv-01118-MMM-RLH and *Hill v. City of Peoria*, No. 1:25-cv-01063-JEH-RLH, he has continuously engaged in repetitious and frivolous filing, to say nothing of his continual failure to comply with Court orders. Moreover, as illustrated in this case and the Plaintiff's earlier cases, he has been warned about failing to cease repetitious filing and failing to follow court orders. In *Hill v. Peoria County*, filed March 13, 2024, Hill repetitively filed documents until the court, on June 25, 2024, directed he make no further filings on the docket with the exception of a motion for leave to amend the complaint, a motion for sanctions, and

responses to pending motions to dismiss. No. 1:24-cv-01118-MMM-RLH 6/25/2024 Text Order (Hawley, Mag. J.). Upon Plaintiff Hill filing unpermitted documents, the court entered a text order on July 17, 2024 striking those documents and warning that if Hill continued to file exhibits to pending motions after he received the Court's text order warning him against doing so, he would be subject to sanctions. *Id*. at 7/17/2024 Text Order (Hawley, Mag. J.). On February 19, 2025, the court struck several documents Hill filed upon pointing out that neither the court nor opposing counsel were responsible for organizing his pleadings to try to understand his claims, and Hill should not file all records he had in support of his claims with the complaint. *Id*. at 2/19/2025 Text Order (Mihm, Dist. J.). The court also pointed out Hill's pleadings, filings, and motions had unnecessarily drained far too many of the court's limited resources, already addressed that issue with Hill and issued a Federal Rule of Civil Procedure 11 warning, and again warned Hill he may be subject to Rule 11 sanctions, including fines or even dismissal of the case. *Id*. On June 24, 2025, the court granted the defendants' motion to strike and motion for sanctions and dismissed the case upon Hill filing two more amended complaints, both of which failed to comport with the Federal Rules. *Id*. at 6/24/2025 Text Order (Mihm, Dist. J.). The court explained Hill had filed multiple deficient amended complaints, and he had shown a pattern of dilatory conduct by failing to comply with the court's orders. *Id*.

In *Hill v. City of Peoria*, filed February 14, 2025, the court struck Hill's complaint in that case for failure to comply with Civil Local Rule 5.1 and was warned failure to file an amended complaint would result in dismissal of the case without prejudice. No. 1:25-cv-01063-JEH-RLH 3/24/2025 Text Order (Hawley, Dist. J.). Hill was warned on July 16, 2025 that further filings which failed to comply with Civil Local Rule 5.1 would be stricken, and a later-filed document

was indeed stricken for that reason. *Id*. at 7/16/2025 Text Order (Hawley, Dist. J.); 7/28/2025 Text Order (Hawley, Dist. J.). On July 28, 2025, Hill was warned that further failure to comply with the court's orders and Local Rules may result in dismissal of the case without prejudice. *Id*. at 7/28/2025 Text Order (Hawley, Dist. J.). On September 16, 2025, the court took judicial notice of the fact Hill was previously sanctioned in his 2024 case, and the court warned Hill may be sanctioned, including dismissal of his case, if he engaged in further conduct as the defendants alleged in their motion for sanctions or that was contrary to the court's previous orders in his 2025 case. *Id*. at 9/16/2025 Text Order (Hawley, Dist. J.). On November 14, 2025, the court noted a motion Hill filed again failed to comply with Civil Local Rule 5.1, and the court noted Hill appeared to have filed duplicate and repeat documents and warned that further abuse of the e-filing access may result in the court withdrawing the privilege. *Id*. at 11/14/2025 Text Order (Hawley, Dist. J.). Hill proceeded to make multiple filings, and so, on December 1, 2025, the court noted its earlier warning about abuse of e-filing access, pointed out Hill nevertheless continued to file successive, duplicative, and non-sensical filings, and because of the pattern of problematic e-filing, the court terminated Hill's e-filing access. *Id*. at 12/1/2025 Text Order (Hawley, Dist. J.). The court directed any further filings from Hill had to be submitted conventionally and warned Hill that further abuse may result in the Court directing the Clerk to return his mailings. *Id*. The court denied Hill's later request to lift the bar on his e-filing privileges as he had not demonstrated the court's reason for imposition of that bar no longer applied. *Id*. at (D. 88) (Hanna, Mag. J.). Hill continued to excessively file documents, even after he was reminded the case was closed and that any further filings should be submitted to the Seventh Circuit. He filed an exhibit in that case as recently as July 30, 2026. *Id*. at (D. 144).

This case is no different from Plaintiff Hill's others insofar as repetitious filing is concerned. The Plaintiff filed his original complaint, an amended complaint, and a second amended complaint all on July 29, 2026. The Court, in denying the Plaintiff's request for leave to become an e-filer, noted on July 31, 2026 that Hill continued his prolific filing in his 2025 case such that he would not be granted leave to again become an e-filer in this case. (D. 8). Plaintiff Hill proceeded to file two motions to strike and his Third Amended Complaint, all on July 31, 2026. He filed two Notices regarding preservation of evidence on August 7, 2026, and a fourth amended complaint on August 10, 2026. He filed his first of the four instant Motions on August 13, 2026, two more on August 14, 2026, and his fourth and final one on August 15, 2026. He filed a Notice regarding preservation of evidence on August 16, 2026.

Accordingly, Plaintiff Hill is barred from filing any further papers in this case. He is warned that if he disregards this Order and the Court's previous warnings, the Court will impose further sanctions which may include a more restrictive filing bar.

**IV**

For the reasons set forth above, Plaintiff Alfonzo Hill's "Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff [sic] Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C. 1983, 1985, 1986 as well as 18 U.S.C. 242, 241 245(b)(2), 18 U.S.C. 1589, 1590, 18 U.S.C. 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 25), "Amended Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C [sic] 1983,

1985, 1986 as well as 18 U.S.C [sic] 242, 241 245(b)(2), 18 U.S.C [sic] 1589, 1590, 18 U.S.C [sic] 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 26), "Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff [sic] Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C. 1983, 1985, 1986 as well as 18 U.S.C [sic] 242, 241 245(b)(2), 18 U.S.C [sic] 1589, 1590, 18 U.S.C [sic] 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 27), and "Affidavit Motion to Substitute Both Honorable Judges with Cause an [sic] Plaintiff Objection an [sic] Response to Text Order ECF 23, 24 in [sic] Pursuant to the 1st 4th 5th 6th 7th 8th 13th 14th Amendment to the U.S [sic] Constitution also Pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144 42 U.S.C [sic] 1983, 1985, 1986 as well as 18 U.S.C [sic[ 242, 241 245(b)(2), 18 U.S.C [sic] 1589, 1590, 18 U.S.C [sic] 1581, 1584, 1592, 1593, 1593A, 18 U.S.C [sic] 1594(b)(c)" (D. 28), each alternatively construed as Rule 59(e) and Rule 60(b) motions, are all DENIED. Those Motions, to the extent they seek the judges' disqualification are all DENIED. Further, the Clerk shall return unfiled any document that Plaintiff Hill attempts to file under this case number except for an appeal and any papers related to such an appeal.

*It is so ordered.*

Entered on September 17, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE